

FILED by ___ D.C.
INTAKE
JAN 1 7 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

**07-20136
CIV-SEITZ**

McALILEY

**WALTER INTERNATIONAL
PRODUCTIONS, INC.**, a Florida Corporation,
**WATERVISION, INC.**, a Florida Corporation,
**WALTERVISION PRODUCTIONS, INC.**, a
Florida Corporation, **WALTER MERCADO
RADIO PRODUCTIONS, INC.**, a Florida
Corporation, **BART ENTERPRISES
INTERNATIONAL, LTD.**, a Bahamas
Corporation,  and **WALTER MERCADO
ENTERPRISES CORP.**, a Florida
Corporation

      Plaintiffs,

v.

**WALTER MERCADO SALINAS**, a natural
person, and **ASTROMUNDO, INC.**, a Puerto
Rico Corporation

      Defendants.

## COMPLAINT

Plaintiffs, Walter International Productions, Inc. ("International Productions"),

Watervision, Inc. ("Watervision"), WalterVision Productions, Inc. ("WalterVision"),

Walter Mercado Radio Productions, Inc. ("Radio Productions"), Bart Enterprises

International, Ltd. ("Bart Enterprises" or "Bart") and Walter Mercado Enterprises Corp.

("Walter Enterprises") (collectively, "Plaintiffs"), sue the Defendants, Walter Mercado

Salinas ("Mercado") and Astromundo, Inc. ("Astromundo") (collectively, the

"Defendants"), and state as follows:

## PRELIMINARY STATEMENT

1.      This action arises from a breach of contract and tortious interference with contract by the Defendants.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, because it involves a dispute between citizens of different states with an amount in controversy exceeding $75,000.  Upon information and belief, the actual damages to Plaintiffs are estimated to be in excess of $1,000,000 and are increasing exponentially and on a duly basis.

3.      Venue is proper in this Court because most of the acts underlying this Complaint occurred within this judicial district.

4.      All conditions precedent to bringing this action, if any, have occurred or have been excused or waived.

5.      Plaintiffs have been required to retain undersigned counsel to enforce their rights through this action, and are obligated to pay their counsel a reasonable fee for those services.

## IDENTITY OF THE PARTIES

6.      Plaintiff, Bart Enterprises is a Bahamian corporation with its principal place of business in Nassau, Bahamas.

7.      Plaintiff, International Productions is a Florida corporation with its principal place of business in Miami, Florida.

8.      Plaintiff, Watervision is a Florida corporation with its principal place of business in Miami, Florida.

2

9.      Plaintiff, WalterVision is a Florida corporation with its principal place of business in Miami, Florida.

10.     Plaintiff, Radio Productions is a Florida corporation with its principal place of business in Miami, Florida.

11.     Plaintiff, Walter Enterprises is a Florida corporation with its principal place of business in Miami, Florida.

12.     Defendant, Mercado is a natural person residing in San Juan, Puerto Rico. Mercado travels to Florida for business on a regular basis.

13.     Defendant, Astromundo is a Puerto Rico corporation with its principal place of business in San Juan, Puerto Rico.

## CONTRACTS

### Agreement Between Bart Enterprises and Mercado

14.     On August 4, 1995, Bart Enterprises entered into an agreement with Mercado (the "Agreement"), effective as of June 7, 1995.  (A true and correct copy of the contract is attached hereto as Exhibit "A").  The Agreement was executed by Guillermo Bakula ("Mr. Bakula") -  president of Bart Enterprises - and Mercado.

15.     Pursuant to the Agreement, Mercado granted "to Bart the exclusive right and license … to develop, produce, distribute and copyright in its own name new materials, in any language, relating to Mercado's psychic and astrological services of whatever nature whatsoever, including but not limited to print, audiotext, audiovisual and radio programming, computer software, merchandise and advertising and promotion in connection therewith …, through the Territory by any and all means and in any and all media…" (Exh. "A," Section 1(b))

3

16.    Moreover, Mercado "irrevocably assign[ed] to Bart ... all rights, title and interest in and to the Mark, together with the part of the goodwill of Mercado's business connected with and symbolized by said Mark, for use in connection with the Pre-existing Materials and the New Materials, if any." (Exh. "A," Section 2 (b))

17.    Mercado also granted "to Bart the right and license ... to use Mercado's performance, name, signature, photographs, voice, picture, likeness, or other indicia of his identity (collectively 'Name and Likeness') in connection with the Preexisting Materials and New Materials by any means and in any and all ... ." (Exh. "A," Section 3(b))

18.    Mercado "agree[d] to provide additional psychic and astrological services to Bart in connection with the creation of the New Materials during the Additional Services Period... Such Additional Services shall include but not limited to creating audiotext recordings for pay per call services, appearing in long form commercials ('Infomercials'), creating print, radio and television advertising and making personal appearances. ..." (Exh. "A," Section 6 (b)(i))

19.    Mercado admitted that the "services to be performed by Mercado and the rights granted [pursuant to the Agreement] are special, unique, extraordinary and impossible of replacement, giving them a particular value, the loss of which cannot reasonably or adequately be compensated in damages in an action at law and that Mercado's failure or refusal to perform his obligations hereunder would cause irreparable harm or damage.  Therefore, should Mercado fail or refuse to perform such obligations, Bart shall be entitled in addition to any of its other rights and remedies Bart may have, to seek injunctive or other equitable relief." (Exh. "A," Section 15)

4

20.     Mercado agreed to "attend and participate in all rehearsals, filming or taping and photography sessions required and will render his services [pursuant to the Agreement] in accordance with the scripts or other materials Bart shall furnish to Mercado for such purposes. Mercado agrees to render Bart's services in a competent and artistic manner to the best of his ability, and that all Mercado's services will be subject to Bart's approval, direction and reasonable control at all times. Mercado will promptly comply with whatever reasonable instructions, suggestions, and recommendations Bart may give Mercado in connection with the rendition of such services." (Exh. "A," Section 18)

21.     The Agreement further stated that it "… shall not be assignable by Mercado without the prior written consent of Bart. Bart has full and unrestricted right to assign this Agreement…" (Exh. "A," Section 20 (e))

22.     From June 1995 through the beginning of November 2006, Mercado performed his obligations and complied with all the requirements pursuant to the Agreement without interruption.

23.     In mid November 2006, however, Mercado began to breach the Agreement.

### Assignment by Bart Enterprises to International Productions

24.     On February 8, 2002, pursuant to paragraph 20(e) of the Agreement, Bart Enterprises lawfully assigned the rights set forth below to International Productions ("International Productions Assignment"). (A true and correct copy of the International Productions Assignment is attached hereto as Exhibit "B.") (See Exh. "A" paragraph 20(e) and ¶ 21 above)

5

25.     Mercado had knowledge of the International Productions Assignment and, in fact, received payments from International Productions.

26.     Pursuant to the International Productions Assignment, International Productions' rights include, but are not limited to: "(1) the exploitation of the following business(es) utilizing Walter Mercado's name, likeness and image in the United States: (i) televised daily horoscope segments on Univision and its affiliates, including Univision Puerto Rico; (ii) internet website; (2) the exploitation of the following business(es) utilizing Walter Mercado's name, likeness and image in Central America: (i) newspaper publication of horoscope content; (ii) IVR (integrated voice response) daily pre-recorded horoscope services."  (Exh. "B")

### Assignment by Bart Enterprises to Watervision

27.     On March 1, 2004, pursuant to paragraph 20(e) of the Agreement, Bart Enterprises lawfully assigned the rights set forth below to Watervision ("Watervision Assignment").  (A true and correct copy of the Watervision Assignment is attached hereto as Exhibit "C.")  (See Exh. "A" paragraph 20(e) and ¶ 21 above)

28.     Mercado had knowledge of the Watervision Assignment and, in fact, received payments from Watervision.

29.     Pursuant to the Watervision Assignment, Watervision's rights include, but are not limited to: "the exploitation of any and all business utilizing Walter Mercado's name, likeness and image in Central America, including, but not limited to: (i) Psychic 900 pay-per-call service; (ii) SMS (Short Messaging Service), which may include horoscopes, lucky numbers, chat, etc.; (iii) ring tones, logos and wallpapers for mobile devices; (iv) internet websites; (v) lottery and sweepstakes; (vi) DVDs; (vii) Club

6

Membership Packages; (viii) prepaid Calling Cards; (ix) Televised daily horoscopes segments; (x) Audio horoscope transmission via radio; [and] (xi) Magazine publication of horoscope content, excluding newspapers." (Exh. "C")

### Assignment by Bart Enterprises to Waltervision

30.     On March 4, 2004, pursuant to paragraph 20(e) of the Agreement, Bart Enterprises lawfully assigned the rights set forth below to Waltervision ("Waltervision Assignment"). (A true and correct copy of the Waltervision Assignment is attached hereto as Exhibit "D.") (See Exh. "A" paragraph 20(e) and ¶ 21 above)

31.     Mercado had knowledge of the Waltervision Assignment and, in fact, received payments from Waltervision.

32.     Pursuant to the Waltervision Assignment, Waltervision's rights include, but are not limited to: "the exploitation of the following business(es) utilizing Walter Mercado's name, likeness and image in the United States, both in the Hispanic and Anglo markets: (i) SMS (short messaging service), which may include horoscopes, lucky numbers, chat, etc; (ii) prepaid calling cards; (iii) lottery and sweepstakes; (iv) Club membership packages; (v) magazine publication of horoscope content; (vi) representing products in a capacity of spokesperson (products to be previously approved, in writing, by Bart)." (Exh. "D")

### Assignment by Bart Enterprises to Radio Productions

33.     On October 14, 2004, pursuant to paragraph 20(e) of the Agreement, Bart Enterprises lawfully assigned the rights set forth below to Radio Productions ("Radio Productions Assignment"). (A true and correct copy of the Radio Productions

7

Assignment is attached hereto as Exhibit "E.")  (See Exh. "A" paragraph 20(e) and ¶ 21 above)

34.    Mercado had knowledge of the Radio Productions Assignment and, in fact, received payments from Radio Productions.

35.    Pursuant to the Radio Productions Assignment, Radio Productions' rights include, but are not limited to the "transmission of audio horoscopes via radio in the United States." (Exh. "E")

### Assignment by Bart Enterprises to Walter Enterprises

36.    On May 4, 2005, pursuant to paragraph 20(e) of the Agreement, Bart Enterprises lawfully assigned the rights set forth below to Walter Enterprises ("Walter Enterprises Assignment").   (A true and correct copy of the Walter Enterprises Assignment is attached hereto as Exhibit "F.")  (See Exh. "A" paragraph 20(e) and ¶ 21 above)

37.    Mercado had knowledge of the Walter Enterprises Assignment and, in fact, received payments from Walter Enterprises.

38.    Pursuant to the Walter Enterprises Assignment, Walter Enterprises' rights include, but are not limited to "the exploitation of the following business(es) utilizing Walter Mercado's name, likeness and image in the United States: (i) Development, production and marketing of DVD's containing Mercado content." (Exh. "F")

### ADDITIONAL FACTS COMMON TO ALL COUNTS

39.    On November 17 and November 18, 2006, Defendant Astromundo registered all the trademarks - owned by Bart Enterprises - in its name.

8

40.     On November 18, 2006, Mercado by a unilateral power of attorney attempted to revoke all the powers granted to Mr. Bakula. (A true and correct copy of the attempted revocation is attached hereto as Exhibit "G"). He sent said letter to Mr. Bakula via certified mail on November 22, 2006 and Mr. Bakula received it on November 27, 2006.

41.     On November 22, 2006, Astromundo sent a letter to Mr. Bakula attempting to terminate the business relationship between Mercado and the Plaintiffs. (A true and correct copy of the attempted revocation is attached hereto as Exhibit "H")

42.     On November 28, 2006, Mercado sent a letter to Watervision's client - Televisa S.A. de C.V. - soliciting copies of any contracts or documents executed by Televisa which involve Mercado's participation. (A true and correct copy of the letter is attached hereto as Exhibit "I"). Televisa S.A. de C.V. ("Televisa") is a Mexican corporation with its principal place of business in Mexico City, Mexico.

43.     On November 29, 2006, Mercado sent a letter to Televisa advising it that Mercado had ceased all business relations with Mr. Bakula and any and all of his enterprises. Specifically, Mercado informed Televisa that he had officially rescinded Mr. Bakula's power of attorney privileges and that he had no rights or title to any of the following: "(i) [Mercado's] name and any associated trademarks; (ii) [Mercado's] likeness; (iii) [Mercado's] images and photographs; (iv) [Mercado's] video or audio works and presentations and any associated copyrights; (iv) [Mercado's] astrological scripts and text(s), including those claimed to be written by [Mercado] or on [Mercado's] behalf; (v) books written or co-written by [Mercado] or on [Mercado's] behalf; (vi) CDs or DVDs published and/or distributed bearing [Mercado] or [Mercado's] likeness; (vii)

9

websites bearing [Mercado] or [Mercado's] likeness; (viii) text messaging and cell phone streaming services bearing [Mercado] or [Mercado's] likeness or [Mercado's] astrological text, including those claimed to be written by [Mercado] or on [Mercado's] behalf; (viii) any other uses of [Mercado's] name and any of the above for the purposes of transaction business with Mr. Bakula or any of his business enterprises." (A true and correct copy of the letter is attached hereto as Exhibit "J").

44.    Further, Mercado informed Televisa that he had retained a new and exclusive agent. (See Exh. "J")

45.    On information and belief, in late November, 2006, Mercado contacted International Productions' client - Univision - soliciting copies of any contracts or documents executed by Univision which involve Mercado's participation and informing Univision that International Productions does not have the right to contract with Univision regarding Mercado's name, image and likeness.

46.    On November 29, 2006, Mercado did not appear in Miami for the taping of the televised horoscope segments to be aired on Univision, Univision Puerto Rico, and Televisa.

47.    On or about November 29, 2006, Mercado delivered material taped by someone other than Bart Enterprises to be aired on Univision, Univision Puerto Rico, and Televisa.

48.    On November 29, 2006, Mercado failed to appear in Miami for the taping of commercials for 900 business in Mexico, the US SMS business, the US Club Memberships, and the US prepaid calling cards.

10

49.     Since December 6, 2006, Mercado has failed to deliver the audio horoscopes for use with the Club Membership Packages, Radio dissemination, SMS messaging transcription, and the Guatemala IVR horoscope service.

50.     In or about December 2006, Jorge Concepcion, former shareholder and director of some of Bakula's corporations, and Mercado contacted Rodrigo Montenegro ("Montenegro"), the managing director of Naranya in Colombia.   Montenegro had distributed Mercado's programs in Colombia from 1997 through 2000.  Bakula had been negotiating with Montenegro a new contract to continue to distribute the programs there. Concepcion and Mercado contacted Montenegro and solicited information regarding his dealings with Bakula.  As a result, Bakula's business relationship with Montenegro has been damaged.

51.     Further, Mercado directly contacted *People en Español* and submitted his ad for the February 2007 issues.   The ad promotes a competing SMS horoscope messaging service.  (A true and correct copy of the ad is attached hereto as Exhibit "K").

52.     Mercado also failed to deliver in Florida the content for *People en Español* due on or before December 7, 2006 for the March 2007 issue of the magazine.

53.     Mercado failed to deliver in Florida the audio predictions for 2007 for radio dissemination.

54.     Mercado failed to deliver in Florida the written 2007 predictions for magazine and website publication.

55.     On January 1, 2007, Mercado contacted Abraham Askenazi ("Askenazi"). Askenazi is the President of Megamedia, the service bureau that handles the 1-900 pay per calls in Mexico. Mercado informed Askenazi that he was no longer represented by

11

Bakula because Bakula was not paying him.  Mercado asked Askenazi to send any and all funds directly to Mercado.

56.     Mercado, by his actions and inactions, has breached and continues to breach his contractual obligations to Plaintiffs.

## COUNT I
### Breach of the Agreement between Bart Enterprises and Mercado

57.     Plaintiffs reallege and reincorporate as if fully set forth herein the allegations contained in paragraphs 1 through 56, above.

58.     Pursuant to Section 1 (b) of the Agreement, Mercado granted to Bart Enterprises the exclusive right and license to develop, produce, distribute and copyright in its own name materials, in any language, relating to Mercado's psychic and astrological services.  (Exh. "A," Section 1 (b))  Mercado breached the Agreement by engaging in the conduct described in paragraphs 39 through 56 above, including, without limitations, by: (1) registering the trademarks in Astromundo's name; (2) attempting to revoke Bart's power of attorney privileges; and (3)  attempting to assign all the rights granted to Bart Enterprises to a new and independent agent.

59.     Pursuant to Section 2 (b) of the Agreement, Mercado assigned to Bart Enterprises all rights, title and interest in and to the Mark.  (Exh. "A," Section 2 (b)) Mercado breached the Agreement by engaging in the conduct described in paragraphs 39 through 56 above, including, without limitations, by: (1) registering the trademarks in Astromundo's name; (2) attempting to revoke Bart's power of attorney privileges; and (3) attempting to assign all the rights granted to Bart Enterprises to a new and independent agent.

12

60.     Pursuant Section 3(b) of the Agreement, Mercado assigned to Bart Enterprises the right and license to use Mercado's Name and Likeness by any means and in any and all media.  (Exh. "A," Section 3(b))  Mercado breached the Agreement by engaging in the conduct described in paragraphs 39 through 56 above, including, without limitations, by: (1) registering the trademarks in Astromundo's name; (2) attempting to revoke Bart's power of attorney privileges; and (3)  attempting to assign all the rights granted to Bart Enterprises to a new and independent agent.

61.     Pursuant to Section 6 (b)(i) of the Agreement, Mercado agreed to provide psychic and astrological services to Bart including creating audiotext recordings for pay per call services, appearing in long form commercials, creating print, radio and television advertising and making personal appearances.  (Exh. "A," Section 6 (b)(i))  Mercado breached the Agreement by engaging in the conduct described in paragraphs 39 through 56 above, including, without limitations, by:

a.     failing to appear for the tapings of the televised horoscope and commercials on November 29, 2006;

b.     failing  to deliver the audio horoscopes since December 6, 2006;

c.     failing to deliver the content for *People en Español* due on or before December 7, 2006 for the March 2007 issue of the magazine;

d.     failing to deliver the audio predictions for 2007 for radio dissemination; and

e.     failing to deliver the written 2007 predictions for magazine and website publication.

13

62.    Pursuant to Section 11 (b) of the Agreement, Mercado agreed to take such steps as Bart reasonably requests to cooperate with any necessary legal action in case any third party uses or threatens to use Mercado's name, signature, photograph, voice, picture, likeness, or other indicia of his identity or the name, signature, photograph, voice, picture, likeness. (Exh. "A," Section 11 (b))  Mercado breached the Agreement by engaging in the conduct described in paragraphs 39 through 56 above, including, without limitations, by: (1) allowing a third party to use his name; (2) retaining a new and independent agent to act on his behalf; and (3) failing to take reasonable steps requested by Bart to cure the breach.

63.    Pursuant to Section 18 of the Agreement, Mercado agreed to "attend and participate in all rehearsals, filming or taping and photography sessions required and will render his services [provided for in the Agreement] in accordance with the scripts or other materials Bart shall furnish to Mercado for such purposes.  Mercado agrees to render Bart's services in a competent and artistic manner to the best of his ability, and that all Mercado's services will be subject to Bart's approval, direction and reasonable control at all times.  Mercado will promptly comply with whatever reasonable instructions, suggestions, and recommendations Bart may give Mercado in connection with the rendition of such services."  (Exh. "A," Section 18)  Mercado breached the Agreement by engaging in the conduct described in paragraphs 39 through 56 above, including, without limitations, by:

        a.    failing to appear for the taping of the televised horoscope and commercials on November 29, 2006;

        b.    failing to deliver the audio horoscopes since December 6, 2006;

14

    c.    failing to deliver the audio predictions for 2007 for radio dissemination; and

    d.    failing to comply with Bart's instructions and recommendations in connection with the rendition of the services listed in paragraph 56 (a) - (c).

64.    As a direct and proximate result of Mercado's breach of contract, Plaintiffs have suffered and continue to suffer injury and substantial monetary damages for which they are entitled to be compensated.

## COUNT II
## Action for Tortious Interference with Contract Against Mercado

65.    Plaintiffs reallege and reincorporate as if fully set forth herein the allegations contained in paragraphs 1 through 56, above.

66.    Defendant, Mercado has tortiously interfered with Watervision's contractual relationship with Televisa by, among other things:

    a.    contacting Televisa and informing it that Mr. Bakula no longer represents Mercado;

    b.    contacting Televisa and informing it that Mr. Bakula had no rights or title to any of the following: (i) Mercado's name, any associated trademarks, likeness, images and photographs; (ii) video or audio works and presentations and any associated copyrights, astrological scripts and text(s); (iii) books written or co-written by Mercado or on Mercado's behalf; (iv) CDs or DVDs published and/or distributed bearing Mercado or Mercado's likeness; (v) websites bearing Mercado or Mercado's likeness; (vi) text

15

           messaging and cell phone streaming services bearing Mercado or Mercado's likeness or Mercado's astrological text, including those claimed to be written by Mercado or on Mercado's behalf;

    c.    soliciting confidential and proprietary information, including trade secrets; and

    d.    soliciting all contracts with Televisa involving Mercado's participation.

67.    The wrongful actions taken by Mercado as described above were intentional and taken with the knowledge that Mercado was bound by the Agreement and was breaching its obligations to Bart Enterprises under the Agreement.

68.    The wrongful actions taken by Mercado as described above were not privileged and were undertaken by improper means.

69.    As a result of Mercado's wrongful actions, Plaintiffs have suffered damages and will suffer irreparable injury if such wrongful actions are not enjoined.

70.    Plaintiffs will suffer irreparable injury if injunctive relief is not awarded by this Court, enjoining and prohibiting Mercado from continuing to contact Plaintiffs' clients: (1) to solicit privileged and confidential information; and (2) to inform them that Mr. Bakula no longer represents him and has no proprietary rights as to Mercado.

71.    There is no adequate remedy at law to protect fully the Plaintiffs' interests.

72.    Plaintiffs have a clear legal right to injunctive relief under Florida law.

73.    As a direct and proximate result of Mercado's breach of contract, Plaintiffs have suffered and continue to suffer injury and substantial monetary damages for which they are entitled to be compensated.

16

## COUNT III
### Action for Tortious Interference with Contract Against Mercado

74.     Plaintiffs reallege and reincorporate as if fully set forth herein the allegations contained in paragraphs 1 through 56, above.

75.     Defendant Mercado has tortiously interfered with International Productions' contractual relationship with Univision by, among other things:

   a.     contacting Univision and informing it that Mr. Bakula no longer represents Mercado;

   b.     contacting Univision and informing it that Mr. Bakula had no rights or title to any of Mercado's programming content, name, image and likeness;

   c.     soliciting confidential and proprietary information, including trade secrets; and

   d.     soliciting all contracts with Univision involving Mercado's participation.

76.     The wrongful actions taken by Mercado as described above were taken with knowledge that Mercado was bound by the Agreement and was breaching its obligations to Bart Enterprises under the Agreement.

77.     The wrongful actions taken by Mercado as described above were not privileged and were undertaken by improper means.

78.     As a result of Mercado's wrongful actions, Plaintiffs have suffered damages and will suffer irreparable injury if such wrongful actions are not enjoined.

79.     Plaintiffs will suffer irreparable injury if injunctive relief is not awarded by this Court, enjoining and prohibiting Mercado from continuing to contact Plaintiffs'

17

clients: (1) to solicit privileged and confidential information; and (2) to inform them that Mr. Bakula no longer represents him and has no proprietary rights as to Mercado.

80.   There is no adequate remedy at law to protect fully the Plaintiffs' interests.

81.   Plaintiffs have a clear legal right to injunctive relief under Florida law.

82.   As a direct and proximate result of Mercado's breach of contract, Plaintiffs have suffered and continue to suffer injury and substantial monetary damages for which they are entitled to be compensated.

**COUNT IV**
**Breach of the Agreement Assigned by Bart Enterprises to International Productions**

83.   Plaintiffs reallege and reincorporate as if fully set forth herein the allegations contained in paragraphs 1 through 56, above.

84.   Bart Enterprises lawfully assigned the rights in the Agreement to International Productions.  (¶¶ 24-25 above)

85.   The assigned rights include, but are not limited to, the right to:  (1) televised daily horoscope segments on Univision's Primer Impacto, and its affiliate Univision Puerto Rico; (2) internet website in the US; (3) Horoscopes published in magazines in Guatemala & Mexico; and (4) IVR daily horoscope service in Guatemala.  (¶ 26 above)

86.   Mercado breached the International Productions Assignment by, among other things:

 a.   failing to appear in Miami for the taping of the televised horoscope segments and/or deliver the material taped by someone other than Bart Enterprises to be aired on Univision, Univision Puerto Rico, and Televisa on November 29, 2006;

18

b.    failing to deliver the audio horoscopes for the Guatemala IVR horoscope service since December 6, 2006; and

c.    failing to deliver the written 2007 predictions for magazine and website publication.

87.    As a direct and proximate result of Mercado's breach of contract, Plaintiffs have suffered and continue to suffer injury and substantial monetary damages for which they are entitled to be compensated.

<div align="center">

**COUNT V**
**Breach of the Agreement Assigned by Bart Enterprises to Watervision**

</div>

88.    Plaintiffs reallege and reincorporate as if fully set forth herein the allegations contained in paragraphs 1 through 56, above.

89.    Bart Enterprises lawfully assigned the rights in the Agreement to Watervision. (¶¶ 27-28 above)

90.    The rights include, but are not limited to, the right to: (1) 900 pay-per-call psychic business in Central America; (2) Short Messaging Service ("SMS") on mobile phones in Central America; (3) internet website in Central America; (4) lottery and sweepstakes in Central America; (4) DVD (distributed by Universal) in Mexico; (5) ringtones logo and wallpapers for mobile devices in Central America; (6) WM Club membership packages in Central America; and (7) televised daily horoscope segments on Televisa Network in Mexico. (¶ 29 above)

91.    Mercado breached the Watervision Assignment by, among other things:

a.    failing to appear in Miami for the taping of commercials for 900 business in Mexico, the US SMS business, the US Club

<div align="center">19</div>

Memberships, and the US prepaid calling cards on November 29, 2006;

b.    failing to deliver the audio horoscopes for use with the Club Membership Packages, and SMS messaging transcription since December 6, 2006; and

c.    failing to deliver the written 2007 predictions for magazine and website publication.

92.    As a direct and proximate result of Mercado's breach of contract, Plaintiffs have suffered and continue to suffer injury and substantial monetary damages for which they are entitled to be compensated.

<div align="center">

**COUNT VI**
**Breach of the Agreement Assigned by Bart Enterprises to Waltervision**

</div>

93.    Plaintiffs reallege and reincorporate as if fully set forth herein the allegations contained in paragraphs 1 through 56, above.

94.    Bart Enterprises lawfully assigned the rights in the Agreement to Waltervision Assignment. (¶¶ 30-31 above)

95.    The assigned rights include, but are not limited to, the right to: (1) SMS mobile devices (including daily horoscopes, chat) in the US - both the Hispanic and Anglo markets; (2) WM Club membership packages in the US, Hispanic and Anglo; (3) prepaid calling cards in the US; (4) lottery and sweepstakes in the US; and (5) to have Mercado be the spokesperson for Oleo-Med natural products (Phar-Med products) both Hispanic and Anglo markets. (¶ 32 above)

<div align="center">20</div>

96.    Mercado breached the Waltervision Assignment by failing to appear in Miami for the taping of commercials for 900 business in Mexico, the US SMS business, the US Club Memberships, and the US prepaid calling cards on November 29, 2006.

97.    As a direct and proximate result of Mercado's breach of contract, Plaintiffs have suffered and continue to suffer injury and substantial monetary damages for which they are entitled to be compensated.

## COUNT VII
## Breach of the Agreement Assigned by Bart Enterprises to Radio Productions

98.    Plaintiffs reallege and reincorporate as if fully set forth herein the allegations contained in paragraphs 1 through 56, above.

99.    Bart Enterprises lawfully assigned the rights in the Agreement to Radio Productions.  (¶¶ 33-34 above)

100.    The assigned rights include, but are not limited to, the right to radio dissemination of Walter Mercado's audio daily horoscopes in the US. (¶ 35 above)

101.    Mercado breached the Radio Productions Assignment by, among other things:

      a.    failing  to deliver the audio horoscopes for radio dissemination since December 6, 2006; and

      b.    failing to deliver the audio predictions for 2007 for radio dissemination.

102.    As a direct and proximate result of Mercado's breach of contract, Plaintiffs have suffered and continue to suffer injury and substantial monetary damages for which they are entitled to be compensated.

21

## COUNT VIII
## Breach of the Agreement Assigned by Bart Enterprises to Walter Enterprises

103.    Plaintiffs reallege and reincorporate as if fully set forth herein the allegations contained in paragraphs 1 through 56, above.

104.    Bart Enterprises lawfully assigned the rights in the Agreement to Water Enterprises.  (¶¶ 36-37 above)

105.    The assigned rights include the right to Mercado's DVD's in the US.  (¶ 38 above)

106.    Mercado breached the Walter Enterprises Assignment by attempting to rescind his contract with Bart in effect preventing Walter Enterprises from continuing to sell and promote Mercado's DVD's in the US.

107.    As a direct and proximate result of Mercado's breach of contract, Plaintiffs have suffered and continue to suffer injury and substantial monetary damages for which they are entitled to be compensated.

WHEREFORE, Plaintiffs demand judgment against Mercado for compensatory damages, together with attorneys fees, and further request that the Court award injunctive relief enjoining and prohibiting Mercado from continuing to: (a) contact third parties and inform them that Mr. Bakula no longer represents Mercado; (b) contact third parties and inform them that Mr. Bakula had no rights or title to any of Mercado's programming content, name, image and likeness; (c) solicit confidential and proprietary information, including trade secrets; and (d) solicit any contracts with third parties involving

22

Mercado's participation.  Plaintiffs further request that the Court award costs, interest and all other and further relief this Court deems just and proper.

DATED: January 17, 2007.

<div style="margin-left: 40%;">

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
*Attorneys for Plaintiffs*
1221 Brickell Avenue
Miami, Florida 33131
Telephone:  (305) 579-0500
Facsimile: (305) 579-0717


By: _____
     MARLENE K. SILVERMAN
     Florida Bar No. 226947
     E-mail: silvermanm@gtlaw.com
     JESSICA CARVALHO MORRIS
     Florida Bar No. 672548
     E-mail: morrisj@gtlaw.com

</div>

23

# EXHIBIT "A"

## AGREEMENT

THIS AGREEMENT, effective as of the 7 day of June, 1995, is by and
between Bart Enterprises International, Ltd., an International Business
Company organized and existing under the laws of the Commonwealth of the
Bahamas (hereinafter referred to as "Bart") and Walter Mercado, an
individual residing at San Juan, Puerto Rico (hereinafter referred to as
"Mercado.")

### W I T N E S S E T H

WHEREAS, Mercado is a well-known psychic and astrologer who provides
psychic and astrological counseling to the public; and

WHEREAS, Bart is in the business of producing and distributing
entertainment programming, including but not limited to audiovisual, print
and audiotext materials; and

WHEREAS, Bart has made provisions to obtain ownership rights to
previously produced entertainment programming featuring Mercado performing
and promoting his psychic and astrological services; and

WHEREAS, Bart and Mercado desire to confirm Bart's ownership rights
in and to the results and proceeds of Mercado's past services, and in and
to the common law trademark/service mark "Walter Mercado" in connection
with the Preexisting Materials as more fully defined below; and

WHEREAS, Bart desires to produce and distribute Additional Materials,
as more duly defined hereunder, featuring and promoting Mercado's psychic
and astrological abilities; and

WHEREAS, Mercado desires to grant Bart the right to produce and
distribute Additional Materials, and the right to use Mercado's name and

likeness and to own Mercado's common law trademark/service mark "Walter
Mercado" in connection therewith:

NOW, THEREFORE, in consideration of Ten ($10.00) Dollars, receipt of
which is hereby acknowledged, and other valuable consideration including
the mutual promises hereinafter set forth, the parties hereto agree as
follows:

1.   Grant of Rights.

(a)   Preexisting Materials.

Mercado hereby irrevocably assigns to Bart throughout the
Territory during the Term, all right, title and interest, including all
copyrights in and to all Preexisting Materials as hereinafter defined,
which Mercado heretofore created or originated for Jamie Shoop & Associates
Inc., ("Shoop"), and all prior results thereof, in connection with
Mercado's astrological and psychic activities, including but not limited to
those materials listed on Schedule A attached hereto and made a part hereof
("Preexisting Materials"). Such assignment includes but is not limited to
the right to exploit and distribute the Preexisting Materials in any
language and in any and all media now known or hereafter developed,
including but not limited to theatrical; non-theatrical; television,
including but not limited to free, satellite, pay-per-view and cable
transmission; home videotape, videodisc and other home video or
audio/visual devices; print, including but not limited to books,
newspapers, magazines and reprints thereof, direct mail, and point of
purchase; electronic publishing; CD-ROMs and the "Internet," the right to

2

merchandises and the right to utilize the Preexisting Materials in all advertising, promotion and publicity created in connection therewith. If the assignment contained in this provision is inconsistent with any previous contract between the parties, this instant Agreement will govern and control.

      (b)   <u>New Materials</u>.

Mercado hereby grants to Bart the exclusive right and license during the Term and throughout the Territory to develop, produce, distribute and copyright in its own name new materials, in any language, relating to Mercado's psychic and astrological services of whatever nature whatsoever, including but not limited to print, audiotext, audiovisual and radio programming, computer software, merchandise and advertising and promotion in connection therewith ("New Materials"), throughout the Territory by any and all means and in any and all media now known or hereinafter devised, including but not limited to theatrical; non-theatrical; television, including but not limited to free, satellite, pay-per-view and cable transmission; home videotape, videodisc and other home video or audio/visual devices; print, including but not limited to books, newspapers, magazines and reprints thereof, direct mail, and point of purchase; electronic publishing; CD-ROMs and the "Internet."

## 2.   <u>"Walter Mercado" Mark</u>.

     (a)   The parties acknowledge that the mark "Walter Mercado" has been used and associated with the Preexisting Materials (the "Mark"). As a result, the Mark has attained the status of a common law trademark and service mark.

3

(b)    Mercado hereby irrevocably assigns to Bart throughout the
Territory during the Term, all right, title and interest  in and to the
Mark, together with that part of the goodwill of Mercado's business
connected with and symbolized by said Mark, for use in connection with the
Pre-existing Materials and the New Materials, if any.  Such assignment
includes but is not limited to the right to use the Mark in connection with
Preexisting Materials and the New Materials in any and all media now known
or hereafter developed, including but not limited to theatrical; non-
theatrical; television, including but not limited to free, satellite, pay-
per-view and cable transmission; home videotape, videodisc and other home
video or audio/visual devices; print, including but not limited to
newspapers, magazines and reprints thereof, direct mail, and point of
purchase; electronic publishing; and CD-ROMs and the "Internet", the right
to merchandise and the right to utilize the Mark in all advertising,
promotion and publicity created in connection therewith.

(c)    Without limiting the breadth of the rights granted in
this paragraph, Bart shall have all rights in the Mark which are afforded
to owners of trademarks and service marks, including but not limited to the
right to seek and obtain trademark protection and/or registration of the
Mark in its name, and the right to enforce or defend Bart's rights against
third parties.  Mercado shall cooperate fully with Bart in Bart's exercise
of any of the rights granted hereunder.

3.    Name and Likeness.

(a)    The parties acknowledge that Mercado's Name and Likeness (as
defined below) has been used in connection with the production and
exploitation of the Preexisting Materials, and Bart intends to use
Mercado's Name and Likeness in connection with the New Materials.

4

(b)   Mercado hereby grants to Bart the right and license during the Term and throughout the Territory to use Mercado's performance, name, signature, photographs, voice, picture, likeness, or other indicia of his identity (collectively "Name and Likeness") in connection with the Preexisting Materials and the New Materials by any

means and in any and all media now known or hereafter devised, subject, however, to Mercado's right to prior approve any such use, such approval not to be unreasonably withheld.  If such approval is not communicated to Bart within forty-eight (48) hours of Mercado's receipt of the materials, such right of approval shall be deemed waived.

4.    <u>Territory</u>.

The territory shall be the universe (the "Territory").

5.    <u>Term</u>.

The term of this Agreement shall be in perpetuity (the "Term"), subject to the provisions of paragraph 12 hereinafter.

6.    <u>Mercado's Services</u>.

 (a)   <u>Prior Agreements</u>.

The parties acknowledge that certain agreements and more specifically that Agreement, dated July 26, 1994, heretofore entered into between Mercado and Shoop, and which is currently in full force and effect, relating to astrological and psychic services Mercado shall provide to Shoop in connection with the creation of Preexisting and New Materials (collectively referred to as "Prior Services Agreements") are hereby deemed, upon execution of this agreement, canceled and terminated by

5

Mercado and Shoop, and therefore null and void and of no further force and effect. An acknowledgment and agreement of Mercado and Shoop that the said Prior Services Agreements are hereby terminated, as aforesaid, is evidenced by execution of this Agreement as hereinafter provided by their respective signatures on this Agreement. It is further understood that Shoop has retained no interest, of any nature whatsoever, in this Agreement and that Shoop has divested itself of any rights in the Preexisting Materials, aforesaid. It is agreed, however, that with respect to any compensation which may be due to Mercado pursuant to the said July 26, 1994 Agreement shall be paid up to the date of termination thereof.

      (b)   <u>Additional Services Agreements</u>

        (i)   Mercado agrees to provide additional psychic and astrological services to Bart in connection with the creation of the New Materials during the Additional Services Period, as defined hereunder. Such Additional Services shall

include but not be limited to creating audiotext recordings for pay per call services, appearing in long form commercials ("Infomercials"), creating print, radio and television advertising and making personal appearances. The dates on which such services shall be rendered shall be mutually agreed to by the parties.

        (ii)   Mercado shall provide Additional Services for a period of ten (10) years from the date hereof (the "Additional Services Period"). The Additional Services Period shall be automatically extended for additional two (2) year periods at the option of Bart, unless Bart notifies Mercado otherwise no less than thirty (30) days prior to the expiration of the then current Additional Services Period.

6

(iii)   The parties agree that any and all New Materials or parts thereof created or supplied by Mercado shall be deemed works made for hire as such term is defined pursuant to the United States Copyright Law, International Copyright Law, or relevant jurisdiction copyright law, whichever the case may be, as amended from time to time.  In the event that any of the results of Mercado's services are not copyrightable subject matter, or for any reason are deemed not to be works made for hire, then and in such event, by execution of this agreement, Mercado hereby assigns all right, title and interest in and to the results of his services to Bart and agrees to execute all further documents required to evidence such assignment.

(c)   Compensation.

Bart agrees to pay to Mercado, in consideration of all services rendered by Mercado and the use of the results thereof and all rights granted by Mercado to Bart, the following compensation:

(i)   A fee of Twelve Thousand Five Hundred ($12,500) Dollars per month for each the continental United States and for Puerto Rico (collectively the "United States/Puerto Rico") for an aggregate total of Twenty-five Thousand ($25,000) Dollars a month;

(ii)   Five Thousand ($5,000) Dollars per month for costumes;

(iii)   A total of Two Thousand ($2,000) Dollars for up to 25 three minute segments per month; and

(iv)   An additional fee of up to an additional Twenty-five Thousand ($25,000) Dollars per month for each additional country (other than the United States/Puerto Rico), in which gross income earned by Bart from such other country is at least equal to the gross income earned by Bart from the United States in that month, so long as the gross income

7

earned by Bart from the United States is a minimum of Two Million $2,000,000) Dollars. In the event the gross income earned by Bart from the activities conducted as above described in any country outside of the United States/Puerto Rico is less than that gross income earned in the United States for the period, Mercado's compensation for such country shall be paid on a pro-rata basis. All payments to Mercado hereunder shall be due on or before the 15th day of the month following the month in which such gross revenues are earned.

(v)    Further, in addition to the foregoing, Mercado and Bart contemplate additional compensation for services and use of Mercado's name and likeness in connection with non-psychic related activities. With respect to all necessary services which will be rendered by Walter in connection therewith, Walter shall be entitled to compensation therefor, of one-third (1/3) of the gross revenues generated therefrom. It is understood, however, that Walter shall be in no way hereunder prohibited or restricted, for his personal benefit, from conducting his present business endeavors consisting of radio, newspaper, magazines and personal consultation related to psychic activities.

7.    No Obligation.

Nothing contained in this Agreement shall be construed to obligate in any way Bart to produce and/or distribute Preexisting Materials or New Materials.  Bart shall determine in its sole and absolute discretion whether or not to exploit the rights granted hereunder.

8



8.     <u>Reversion</u>.

Notwithstanding anything contained herein to the contrary, in the event Bart ceases to exploit all of the Preexisting Materials or New Materials, if any, for a period of twelve (12) months or longer, the rights granted in paragraph 2 and 3 hereunder shall automatically revert back to Mercado.

9.     <u>Representations and Warranties</u>.

(a)     Mercado represents and warrants that:

(i)     He has the full right to enter into and fully perform this Agreement in accordance with its terms.

(ii)     All Preexisting or New Materials or parts thereof created or supplied by Mercado are or shall be original to him.

(iii)     The execution, delivery and performance of this Agreement and any Preexisting or New Materials created or supplied by Mercado shall not infringe upon the rights, including but not limited to, the rights of privacy or publicity and copyright or trademark or any other personal rights of any third party of violate the provisions of any agreement to which Mercado is a party.

9

(iv)    Throughout the Term hereof Mercado shall not, other than on behalf of Bart, directly or indirectly, participate in or authorize or permit his name, signature, photograph, voice, picture, likeness, or other indicia of his identity to be exploited in any manner, in connection with any commercial, advertisement, promotion, merchandising, publicity, endorsement, or other commercial exploitation, for any product, service, company, individual or entity whatsoever that may compete with any of the Preexisting of New Materials.

(v)    Throughout the Term hereof Mercado shall not, other than on behalf of Bart, directly or indirectly, participate in or authorize or permit the Mark to be exploited in any manner, in connection with any commercial, advertisement, promotion, merchandising, publicity, endorsement, or other commercial exploitation, for any product, service, company, individual or entity whatsoever that may compete with any of the Preexisting or New Materials.

(vi)    None of the Preexisting Materials or New Materials or parts thereof are or shall be in the public domain.

(b)    Bart represents and warrants that:

(i)    Bart has the full right to enter into and fully perform this Agreement in accordance with its terms.

(ii)    All Materials and any parts thereof created or supplied by Bart shall be original to it.

10

(iii)   The execution, delivery and performance of this Agreement
and the Materials supplied by Bart shall not infringe
upon the rights, including but not limited to, the rights
of privacy or publicity, and copyright or trademark or any
other personal rights of any third party or violate the
provisions of any agreement to which it is a party.

10.   Indemnification.

(a)   The parties shall defend, indemnify and hold harmless each
other from third parties against any and all claims, actions, liabilities,
costs and expenses, including court costs and reasonable attorneys' fees
resulting from the breach by either party of any of their respective
warranties, representations or agreements made herein.

(b)   The party claiming right of indemnification ("Indemnitee")
shall promptly notify the party from which indemnification is sought
("Indemnitor"), of any claim against the Indemnitee which might give rise
to a claim against the Indemnitor under this Agreement, stating the nature
and basis of the claim and, if known, the amount thereof.  If a legal
action or proceeding is brought against the Indemnitee with respect to
which the Indemnitor may have liability under this Agreement, Indemnitor
shall have the right, without prejudice, to the Indemnitee's rights under
this Agreement, at the sole expense of the Indemnitor, to be represented by
counsel of Indemnitor's own choosing (with whom counsel for the Indemnitee
shall confer in connection with the defense of any such action or
proceeding) and, to the extent that it shall wish, to assume the defense

11

thereof with counsel approved by the Indemnitee, which approval will not be
unreasonably withheld.  After notice from the Indemnitor to the Indemnitee
of the Indemnitor's election to assume the defense, the Indemnitor shall
not be liable to the Indemnitee for any fees of other counsel or any other
expenses incurred by the Indemnitee, except where such expenses are
incurred at the request of the Indemnitor in connection with the defense of
any action or proceeding. The Indemnitee shall make available to the
Indemnitor and Indemnitor's counsel all materials relating to such action
or proceeding and the parties shall cooperate with each other in defending
against such action.  The Indemnitee shall not make any settlement of any
claims which might give rise to liability of the Indemnitor without the
Indemnitor's prior written consent, which consent shall not be unreasonably
withheld.


11.   **Affirmative Covenants.**

     (a)   Mercado and Bart each agree that at no time, during the Term
hereof, shall either party disparage the other or any of its products,
services, business associates, directors, officers, employees or
representatives or his association with them.

     (b)   If at any time during the Term any third party uses or
threatens to use, in any manner, Mercado's name, signature, photograph,
voice, picture, likeness, or other indicia of his identity or the name,
signature, photograph, voice, picture, likeness, or other indicia of
identity of a party other than Mercado in a manner which is likely to be
confused with or taken to be that of Mercado and such use would, if it had

12

been authorized by Mercado, constitute a violation of this paragraph, then at Bart's request, Mercado shall take such steps as Bart reasonably requests to cooperate with any legal action deemed necessary by Bart.

12.   Termination.

   (a)   Right to Terminate.

      (i)   Bart shall have the right to terminate this Agreement immediately (A) in the event of a material breach by Mercado which remains uncured for a period of ten (10) days following written notice thereof; (B) if judicial proceedings are filed or institute against Mercado, which Bart reasonably believes may impact upon the reputation or integrity of Mercado, or have an impact upon Mercado's ability to perform its duties hereunder.

      (ii)   Mercado shall have the right to terminate this Agreement immediately (A) in the event of a material breach by Bart which remains uncured for a period of ten (10) days following written notice thereof; (B) if judicial proceedings are filed or instituted against Bart, which Mercado reasonably believes may impact upon the reputation or integrity of Bart, or have an impact upon Bart's ability to perform its duties hereunder.

      (iii)   Notwithstanding anything herein to the contrary, if Bart fails to make any of the above mentioned payments, in paragraph 6(c), within sixty (60) days from the due date, then Mercado shall have the option to declare this contract null and void and all payments already made on the part of Bart shall be retained by Mercado, provided Mercado gives

13

Bart written notice at least fifteen (15) days prior to such date of termination and Bart fails to cure the non-payment within such time period or otherwise can justify its failure to make any such payments.

    (b)   Effect of Termination.

        (i)   In the event this Agreement is terminated, Bart shall have the right to sell-off any and all remaining Preexisting and New Materials for a period of six (6) months after the termination date, subject, however, to making the payments set forth in the respective underlying agreements for the remaining Preexisting and New Materials.

        (ii)   In the event this Agreement is terminated by either party for reasons other than non-payment of compensation to Walter as a material breach by Bart, and Mercado provides similar activities, employment, engagements and services in connection with his psychic and astrological services, Bart shall be entitled to receive ten (10%) percent of all gross Monies and other Consideration, as such term is defined hereunder for three (3) years following termination of this Agreement. Gross Monies and other Consideration shall mean any and all sums received by or credited to the account of Mercado resulting from the use of Mercado's psychic and astrological services and the results and proceeds thereof after termination of this Agreement including but not limited to, salaries, earnings, fees, royalties, residuals, repeat and rerun fees, gifts, bonuses, shares of profit, shares of stock, partnership interests, forgiveness of indebtedness, percentages and the total amount paid for any package, television or radio program, motion picture, print or other entertainment packages and any of which are earned or received directly or indirectly by Mercado or Mercado's heirs, executors, administrators or assigns, or by any other person, firm or corporation on Mercado's behalf.

14

If any corporation, partnership, trust, joint venture or other business entity in which Mercado has a direct or indirect interest shall receive any compensation for permitting or contracting for the use of Mercado's services, name, likeness or endorsement, then such compensation shall be deemed "Gross Monies" for the purposes of this agreement.

(iii)   Mercado shall maintain accurate books and records relating to Gross Monies and other Consideration, if any, for so long as Gross Monies and other Consideration continues to be earned.  Mercado shall furnish Bart on a monthly basis with detailed accounting setting forth all Gross Monies and Other Consideration received or credited to the account of Mercado during the previous month accompanied by payment of any and all monies due to Bart.  Bart and/or Bart's representative shall have the right upon reasonable request, during regular business hours, to inspect and make copies of such books and records.  In the event of a disparity in Mercado's favor of more than five (5%) percent, Mercado shall be responsible for paying Bart's actual costs and expenses associated with the audit and immediately remitting to Bart all monies due.

(iv)   Notwithstanding the foregoing, if Mercado enters into agreements with any third parties in connection with the exploitation of his psychic and/or astrological services, Mercado shall direct all such third parties to pay and account directly to Bart on the same basis as it pays and accounts to Mercado.

13.   <u>Remedies</u>.

Subject to the terms of this agreement, all grants granted or assigned by this agreement shall be irrevocable under all or any circumstances, and shall not be subject to rescission, termination or injunction.  In the case of breach of this agreement by Bart, Mercado's

15

sole remedy shall be limited to an action at law for damages. Neither party shall be liable for damages for breach of this Agreement unless the party in breach has been given reasonable notice and opportunity to adjust or correct the matter complained of, provided such breach is capable of being adjusted or corrected.

14.   Notices.

All notices to the parties hereby shall be deemed to have been duly given when sent by registered mail, return receipt requested, or cablegram or telex duly acknowledged, to such parties at the addresses herein below indicated for their principal office:

If to Bart:

Bart Enterprises International, Ltd.

c/o Lennox Paton Chambers

Claughton House

Charlotte Street

Nassau, Bahamas

If to Mercado:

Walter Mercado

c/ Jose Delgado Cadilla

Castro, Delgado, Cadilla & Ramos

Chase Building (Housing)

416 Ponce de Leon Avenue

Suite 615

San Juan, Puerto Rico   00918

or to such other address as the party to whom notice is to be given may have furnished to the other party in writing in accordance herewith.

16

15.   Services Unique.

The services to be performed by Mercado and the rights granted hereunder are special, unique, extraordinary and impossible of replacement, giving them a particular value, the loss of which cannot reasonably or adequately be compensated in damages in an action at law and that Mercado's failure or refusal to perform his obligations hereunder would cause irreparable harm or damage.  Therefore, should Mercado fail or refuse to perform such obligations, Bart shall be entitled in addition to any of its other rights and remedies Bart may have, to seek injunctive or other equitable relief.

16.   Hiring and Employment of Psychics.

The hiring of psychics who will answer calls shall be carried out by Bart, which will seek and follow Mercado's advice in the selection and screening of credentials and abilities of such psychics.  While Bart has discretion in the hiring and employment of said psychics, Bart shall not hire or keep under contract or employment any psychic whom Mercado deems unfit or unacceptable for the purposes described in this Agreement.

17.   Inspection of Accounting Books.

Mercado may appoint a certified public accountant to examine the books and records of Bart, but solely with reference to the subject matters of this Agreement.  Such examination may be made during normal business hours upon twenty (20) days written notice prior to Bart, but there shall be not more than one such examination during any calendar year.

17

18.   Professional Rendition of Services.

Mercado will attend and participate in all rehearsals, filming or taping and photography sessions required and will render his services hereunder in accordance with the scripts or other materials Bart shall furnish to Mercado for such purposes.  Mercado agrees to render Bart's services in a competent and artistic manner to the best of his ability, and that all Mercado's services will be subject to Bart's approval, direction and reasonable control at all times.  Mercado will promptly comply with whatever reasonable instructions, suggestions, and recommendations Bart may give Mercado in connection with the rendition of such services. Notwithstanding the foregoing, nothing contained in this paragraph shall be deemed to diminish Mercado rights of approval as otherwise provided in this Agreement.

19.   Life Insurance.

Mercado agrees that Bart may obtain, in its discretion and at its sole cost and expense, a life insurance policy on the life of Mercado in any amount up to and including Five Million ($5,000,000) Dollars which names Bart or anyone appointed by Bart as beneficiary.  Mercado agrees to execute any and all documents reasonably requested by Bart to give effect to this provision.

18

20.   <u>Miscellaneous</u>.

(a)   Any waiver by Bart or Mercado of a breach of any term or condition of this Agreement shall not be considered as a waiver of any subsequent breach of the same or any other condition hereof.

(b)   If any provision of this Agreement is declared void or unenforceable by any judicial or administrative authority, this shall not in and of itself nullify the remaining provisions of this Agreement.

(c)   This Agreement shall not be deemed to constitute the parties a partnership, joint venture, association or any type of combination.  This Agreement shall also not be deemed to constitute any party the agent of the other, or to authorize any party to incur any obligations on behalf of any other or to make on behalf of the other party any promises, warranties or representations.

(d)   This Agreement shall be deemed to have been made in Puerto Rico, and shall be governed by and construed in accordance with the laws of Puerto Rico and the parties hereto submit to the jurisdiction of the courts of Puerto Rico.

(e)   This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors, assigns, parents, subsidiaries or otherwise related or affiliated company(ies).  Notwithstanding the foregoing, this Agreement shall not be assignable by Mercado without the prior written consent of Bart.  Bart has the full and unrestricted right to assign this Agreement, provided Guillermo Bakula shall thereafter remain and act in a consultant or advisory capacity of Executive Producer hereunder.

19

(f)   The paragraph headings of this Agreement are for convenience only and shall not be deemed to affect in any way the meaning of the provisions to which they refer.

(g)   This Agreement represents the entire agreement of the parties, and all prior assertions, understandings, warranties and representations are merged herein. It is a final integrated agreement which includes all the terms, conditions, and representations between the parties, and the parties make no warranty, covenants or agreements, express or implied, except those expressly set forth herein.  This Agreement may be modified or amended only by a writing signed by all parties to this Agreement.

(h)   This agreement may be executed in counterparts, each of which shall constitute an original.

(i)   The effective date of this Agreement shall be June 7, 1995.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed in by their duly authorized officers effective as of the day and year first above written.

WITNESSES:

_____

_____

_____

_____

BART ENTERPRISES INTERNATIONAL, LTD.

By: _____
    Guillermo Bakula, President
    Dated: August   4    1995

_____
Walter Mercado
Dated: August _____, 1995

20

AGREED AND ACCEPTED AS TO PARAGRAPHS 1(a) and 6(a) ABOVE:

WITNESSES:

_____

_____

_____

_____

JAMIE SHOOP & ASSOCIATES, INC.

By: _____
Jamie Shoop, Vice President
Dated: August ___15___, 1995

_____
Walter Mercado
Dated: August ___4___, 1995

21

## Schedule "A"

"Preexisting Materials" include all previous materials which
Mercado created or originated, and all prior results and proceeds of
Mercado's services, all in connection with Mercado's astrological and
psychic activities, including but not limited to the following:

|  | NAME | TIME | |
|---|---|---|---|
| (1) | Maya | 60″ | |
| (2) | Triangle | 60″ | |
| (3) | Azul | 60″ | |
| (4) | Corazon | 30″ | |
| (5) | Corazon | 2′ | |
| (6) | Impresionado | 60″ | |
| (7) | Impresionado | 30″ | |
| (8) | Estrellas | 60″ | |
| (9) | Sol | 30″ | |
| (10) | Sol | 60″ | |
| (11) | Amanecer | 60″ | |
| (12) | Angelica | 60″ | |
| (13) | Angelica | 2′ | |
| (14) | Vida | 60″ | |
| (15) | Vida | 30″ | |
| (16) | Vida | 30″ | |
| (17) | Zodiac | 60″ | |
| (18) | Zodiac | 30″ | |
| (19) | Walter | 60″ | |
| (20) | Walter M. | 30″ | |
| (21) | Walter Mercado | 60″ | |
| (22) | South Beach | 60″ | |
| (23) | South Beach | 30″ | |
| (24) | Clouds | 60″ | |
| (25) | Walter (Mexico) | 60″ | |
| (26) | Walter (Mexico) | 30″ | |
| (27) | Walter (Mexico) | 10″ | |
| (28) | Ruins | 60″ | |
| (29) | Peluqueria (Mexico) | 30″ | |
| (30) | Peluqueria (Mexico) | 60″ | |
| (31) | Walter Predicts | 30″ | |
| (32) | Walter Predicts (Spanish) | 60″ | |
| (33) | Walter/PWN (English) | 60″ | |
| (34) | Walter Predicts | 60″ | |
| (35) | Gane Con Walter | 60″ | |
| (36) | Antiguedades | 60″ | |
| (37) | Antiguedades | 30″ | |
| (38) | Antiguedades | 1′ | |
| (39) | Antiguedades | 30″ | |
| (40) | Guardian Angels | 60″ | |
| (41) | Guardian Angels | 2′ | |
| (42) | Gane Con Walter (Revised) | 60″ | |
| (43) | New Angels | 1′ | |
| (44) | New Angels | 30″ | |
| (45) | Biblioteca | 60″ | |
| (46) | Biblioteca | 30″ | |
| (47) | Psiquico | 60″ | |
| (48) | Psiquico | 30″ | |
| (49) | Walter Linea Astrologica | 60″ | (Argentina) |
| (50) | Walter Linea Astrologica | 30″ | (Argentina) |

22

# EXHIBIT "B"

# ASSIGNMENT OF RIGHTS

Pursuant to paragraph 20 (e) of the agreement dated June 7, 1995 by and between **Bart Enterprises International, Ltd.**, ("**Bart**") and **Walter Mercado** ("**Mercado**"), wherein it states:

> *"This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors, assigns, parents, subsidiaries or otherwise related or affiliated company(ies). Notwithstanding the foregoing, this Agreement shall not be assignable by Mercado without the prior written consent of Bart. Bart has the full and unrestricted right to assign this Agreement, provided Guillermo Bakula shall thereafter remain and act in a consultant or advisory capacity of Executive Producer hereunder."*

**THEREFORE**, as of February 8, 2002, Bart hereby assigns the following rights to **WALTER INTERNATIONAL PRODUCTIONS, INC.**, ("**WIP**"):

(1) The exploitation of the following business(es) utilizing Walter Mercado's name, likeness and image in the United States:

    (i) Televised daily horoscope segments on Univision and its affiliates, including Univision Puerto Rico;

    (ii) Internet website;

(2) The exploitation of the following business(es) utilizing Walter Mercado's name, likeness and image in Central America:

    (i) Newspaper publication of horoscope content.

    (ii) IVR (integrated voice response) daily pre-recorded horoscope services.

Assignment executed on this __8__ day of __February__, 2002.

**Bart Enterprises International, Ltd.**

By: _____

Print Name: Guillermo Bakula

Title: President

Witnesses:

Print Name: DAVID M. STOLAR

Print Name: Marisela Carvajal

# EXHIBIT "C"

## ASSIGNMENT OF RIGHTS

Pursuant to paragraph 20 (e) of the agreement dated June 7, 1995 by and between **Bart Enterprises International, Ltd.**, ("**Bart**") and **Walter Mercado** ("**Mercado**"), wherein it states:

> *"This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors, assigns, parents, subsidiaries or otherwise related or affiliated company(ies). Notwithstanding the foregoing, this Agreement shall not be assignable by Mercado without the prior written consent of Bart. Bart has the full and unrestricted right to assign this Agreement, provided Guillermo Bakula shall thereafter remain and act in a consultant or advisory capacity of Executive Producer hereunder."*

**THEREFORE**, as of March 1, 2004, Bart hereby assigns the following rights to **WATERVISION, INC.**, ("**Watervision**"):

(1)   The exploitation of any and all business utilizing Walter Mercado's name, likeness and image in Central America, including, but not limited to:

(i)     Psychic 900 pay-per-call service;
(ii)    SMS (short messaging service), which may include horoscopes, lucky numbers, chat, etc.
(iii)   Ring tones, logos and wallpapers for mobile devices;
(iv)   Internet Websites;
(v)    Lottery and sweepstakes;
(vi)   DVDs;
(vii)  Club Membership Packages;
(viii) Prepaid Calling Cards
(ix)   Televised daily horoscopes segments;
(x)    Audio horoscope transmission via radio;
(xi)   Magazine publication of horoscope content, excluding newspapers.

Assignment executed on this ___1___ day of ___March___, 2004.

**Bart Enterprises International, Ltd.**

By: _____

Print Name: Guillermo Bakula

Title: Director

Witnesses:

_____

Print Name: _____

_____

Print Name: Marisela Carvajal

# EXHIBIT "D"

## ASSIGNMENT OF RIGHTS

Pursuant to paragraph 20 (e) of the agreement dated June 7, 1995 by and between **Bart Enterprises International, Ltd.**, ("**Bart**") and **Walter Mercado** ("**Mercado**"), wherein it states:

> *"This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors, assigns, parents, subsidiaries or otherwise related or affiliated company(ies). Notwithstanding the foregoing, this Agreement shall not be assignable by Mercado without the prior written consent of Bart. Bart has the full and unrestricted right to assign this Agreement, provided Guillermo Bakula shall thereafter remain and act in a consultant or advisory capacity of Executive Producer hereunder."*

**THEREFORE**, as of March 4, 2004, Bart hereby assigns the following rights to **WALTERVISION PRODUCTIONS, INC.**, ("**WalterVision**"):

(1) The exploitation of the following business(es) utilizing Walter Mercado's name, likeness and image in the United States, both in the Hispanic and Anglo markets:

  (i) SMS (short messaging service), which may include horoscopes, lucky numbers, chat, etc.
  (ii) Prepaid Calling Cards
  (iii) Lottery and sweepstakes;
  (iv) Club Membership Packages;
  (v) Magazine publication of horoscope content;
  (vi) Representing products in a capacity of spokesperson (products to be previously approved, in writing, by Bart)

Assignment executed on this ____4____ day of ____March____, 2004.

**Bart Enterprises International, Ltd.**

By: _____

Print Name: Guillermo Bakula

Title: Director

Witnesses:

Print Name: _____

Print Name: Marisela Carvajal

# EXHIBIT "E"

## ASSIGNMENT OF RIGHTS

Pursuant to paragraph 20 (e) of the agreement dated June 7, 1995 by and between **Bart Enterprises International, Ltd.**, ("**Bart**") and **Walter Mercado** ("**Mercado**"), wherein it states:

> *"This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors, assigns, parents, subsidiaries or otherwise related or affiliated company(ies). Notwithstanding the foregoing, this Agreement shall not be assignable by Mercado without the prior written consent of Bart. Bart has the full and unrestricted right to assign this Agreement, provided Guillermo Bakula shall thereafter remain and act in a consultant or advisory capacity of Executive Producer hereunder."*

**THEREFORE**, as of October 14, 2004, Bart hereby assigns the following rights to **WALTER MERCADO RADIO PRODUCTIONS, INC.**, ("**WMRP**"):

(1) Transmission of audio horoscopes via radio in the United States;

    (i) Horoscope transmission may be sold or bartered in exchange for advertising to be utilized for Mercado products or to be sold to third parties.

Assignment executed on this __14__ day of __October__, 2004.

**Bart Enterprises International, Ltd.**

By: _[signature]_

Print Name: Guillermo Bakula

Title: Director

Witnesses:

Print Name: _Jose M. Avilo_

Print Name: Marisela Carvajal

# EXHIBIT "F"

## ASSIGNMENT OF RIGHTS

Pursuant to paragraph 20 (e) of the agreement dated June 7, 1995 by and between **Bart Enterprises International, Ltd.,** ("**Bart**") and **Walter Mercado** ("**Mercado**"), wherein it states:

> *"This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors, assigns, parents, subsidiaries or otherwise related or affiliated company(ies). Notwithstanding the foregoing, this Agreement shall not be assignable by Mercado without the prior written consent of Bart. Bart has the full and unrestricted right to assign this Agreement, provided Guillermo Bakula shall thereafter remain and act in a consultant or advisory capacity of Executive Producer hereunder."*

**THEREFORE**, as of May 4, 2005, Bart hereby assigns the following rights to **WALTER MERCADO ENTERPRISES CORP., ("WME"):**

(1)   The exploitation of the following business(es) utilizing Walter Mercado's name, likeness and image in the United States:

  (i)   Development, production and marketing of DVD's containing Mercado content.

Assignment executed on this ___4___ day of ___MAY___, 2005.

**Bart Enterprises International, Ltd.**

By: _____

Print Name: __Guillermo Bakula__

Title: __Director__

Witnesses:

Print Name: __Jose M. Avila__

Print Name: __Marisela Carvajal__

# EXHIBIT "G"

----------ESCRITURA NUMERO CUARENTA Y CINCO--------

---------------REVOCACION DE PODER----------------

--En la ciudad de Bayamón, Puerto Rico, a los dieciocho días del mes de noviembre del año dos mil seis (2006).-------------------------------------

--------------------ANTE MI---------------------

--MARCELINO RUIZ CORUJO, Abogado y Notario Público de Puerto Rico, con residencia en la municipalidad de Toa Alta, y estudio abierto en la ciudad de Bayamón, Puerto Rico.---------------------------

--------------------COMPARECE--------------------

--DE UNA SOLA PARTE: DON WALTER MERCADO SALINAS también conocido como WALTER MERCADO, mayor de edad, soltero, propietario y vecino de San Juan, Puerto Rico.----------------------------------



--DOY FE de conocer personalmente al compareciente y por sus dichos y mi creencia la doy también de su edad, estado civil y vecindad. Me asegura tener, y a mi juicio tiene, la capacidad legal necesaria para este otorgamiento y en tal virtud libre y voluntariamente---------------------------------

---------------------EXPONE----------------------

--PRIMERO: Que por la Escritura Número Cuarenta y Tres (43), otorgada en la ciudad de San Juan, Puerto Rico, el día diez (10) de mayo del año dos mil cinco (2005), ante el notario público Augusto José Rosario Chaves, el compareciente confirió poder general a don Bill Bakula, con seguro social 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, mayor de edad, casado, propietario y residente de Miami, Florida, Estados Unidos de América.----------------------------------------

SEGUNDO: Que el compareciente desea revocar el

poder y dejar sin efecto el mismo.----------------

--**TERCERO**: En consecuencia de dicha revocación, el compareciente manifiesta que al autorizarse esta escritura notificará inmediatamente después a don Bill Bakula, para que se abstenga en lo sucesivo de hacer uso del poder revocado.---------------------

-----------**ACEPTACION Y ADVERTENCIAS**-----------

--El compareciente acepta esta escritura en--- todas sus partes por encontrarla redactada conforme a sus instrucciones.-----------------------------

--Yo, el Notario, en cumplimiento con lo dispuesto en la Ley, le hice las advertencias legales perti- nentes a este otorgamiento, en especial, que: Copia certificada de esta escritura se notificará al Tribunal Supremo de Puerto Rico para ser inscrito en dicha dependencia, y el mismo se notificará al apoderado inmediatamente se otorgue.--------------

--------------**LECTURA Y OTORGAMIENTO**------------

--Así lo dice y otorga el compareciente ante mí, el infrascrito Notario, luego de haber renunciado al derecho que le hice saber tenía para requerir la presencia de testigos instrumentales. Leída en alta voz esta escritura al compareciente por mí el Nota- rio, y también leída personalmente por el otor- gante, se ratifica en la misma y fija sus iniciales al margen izquierdo de todos y cada uno de los folios, y firma al final del último, ante mí, el Notario, que de todo lo que consigno en el presente documento DOY FE.---------------------------------

--DE TODO LO CONTENIDO en este instrumento público y de quedar adheridos y cancelados los corres----- pondientes sellos de Rentas Internas y el sello del Impuesto Notarial del Colegio de Abogados de Puerto Rico, Yo, el Notario, que firmo, rubrico, signo y

sello, REPITO LA FE.-------------------------------- .

--FIRMADO: WALTER MERCADO SALINAS-----------------------------------

-------------FIRMADO, SIGNADO, SELLADO Y RUBRICADO,-----------------
-------------MARCELINO RUIZ CORUJO, NOTARIO PUBLICO--------------

-ES COPIA SIMPLE---------------------------------------------------------------

# EXHIBIT "H"



# ASTROMUNDO, INC.

352 AVE. SAN CLAUDIO SUITE 215
SAN JUAN, PUERTO RICO 00926
787•748•2050 TELEFONO Y FAX

22 de noviembre de 2006

Sr. Bill Bakula
Miami, Florida

Estimado Sr. Bakula:

Efectivo el 22 de noviembre de 2006 damos por concluida la relación de negocios entre usted, sus empresas y el Sr. Walter Mercado y su empresa Astromundo, Inc.

En relación a la deuda que usted tiene con el Sr. Mercado y su empresa agradeceré sea satisfecha a la mayor brevedad posible.

Oportunamente estaremos comunicándonos para la realización de una auditoría de los negocios que usted efectuó con el nombre y la figura del Sr. Mercado durante los pasados cinco años.

Conforme a la determinación tomada, queda cancelada todo tipo de actividad en la que usted ha estado representando y/o utilizando el nombre y la figura del Sr. Walter Mercado.

Cordialmente,

Carmen Dolores Ruiz López
Asesora legal de Astromundo, Inc.

**Translation of letter dated November 22, 2006 from Astromundo, Inc. to Bill Bakula**

November 22, 2006

Mr. Bill Bakula
Miami, Florida

Dear Mr. Bakula:

Effective November 22, 2006 we consider the business relations between you, your companies and Mr. Walter Mercado and his company, Astromundo, Inc. to be terminated.

In regards to the balance that you have with Mr. Mercado and his company, I would appreciate that it be satisfied as soon as possible.

We will be contacting you soon in order to accomplish an audit of the businesses that you achieved with the name and image of Mr. Mercado during the last five years.

According to the determination taken, all activity in which you have been representing and/or utilizing the name and image of Mr. Walter Mercado are hereby cancelled.

Cordially,


Carmen Dolores Ruiz Lopez
Legal representative of Astromundo, Inc.

# EXHIBIT "I"



# ASTROMUNDO, INC.

352 AVE. SAN CLAUDIO SUITE 215
SAN JUAN, PUERTO RICO 00926
787•748•2050 TELEFONO Y FAX

28 de noviembre de 2006

TELEVISA, S. A. D. C. V.
México

Estimados señores de Televisa:

Por medio de esta carta queremos solicitarles nos envíen copia de cualquier contrato o documento que ustedes hayan firmado en donde esté envuelta mi participación. También les pido que se le envíe una copia de toda esta información al señor Anthony Hernández. Pueden enviarme la información solicitada a las siguientes direcciones:

Astromundo, Inc.
352 Ave. San Claudio
Suite 215
San Juan, Puerto Rico 00926

Fax: (787)748-2050

Sr. Anthony Hernández
8815 Convoy Windermere
#181
Orlando, Florida 32835

Fax: (407)876-1560
(407)386-7885

Muy agradecida por su atención y amabilidad.

Cordialmente,

Walter Mercado

Testimonio Núm. 9,971

...ado y suscrito ante mí por WALTER MORALES, mayor de edad, soltero,
...no de San Juan, Puerto Rico, a quien DOY FE de conocer personalmente.
...n Juan, Puerto Rico, a 29 de noviembre de 2006.

NOTARIO PÚBLICO

**Translation of letter dated November 28, 2006 to
Televisa from Walter Mercado, Astromundo Inc.**

November 28, 2006-12-06

Televisa, S.A. de C.V.
Mexico

Dear Sirs at Televisa:

By way of this letter, we would like to solicit copies of any contracts or documents that you executed which involves my participation. Also, I ask that you send a copy of all this information to Mr. Anthony Hernandez. You may send the solicited information to the following addresses:

> Astromundo, Inc.
> 352 Ave. San Claudio
> Suite 215
> San Juan, Puerto Rico 00926
> Fax: (787) 748-2050

> Mr. Anthony Hernandez
> 8815 Convoy Windermere
> #181
> Orlando, Florida 32835
> Fax:   (407) 876-1560
>            (407) 386-7885

I am very appreciative for your attention and kindness.

Cordially,

*Walter Mercado*

Testimony # 9971

Sworn and subscribed to before me by WALTER MORALES, of legal age, single, neighbor of San Juan, Puerto Rico, whom I swear to know personally. In San Juan, Puerto Rico, November 29, 2006.

*Signed by Notary Public*

# EXHIBIT "J"



# ASTROMUNDO, INC.

352 AVE. SAN CLAUDIO SUITE 215
SAN JUAN, PUERTO RICO 00926
787•748•2050 TELEFONO Y FAX

29 de noviembre de 2006

Mr. Luis Canseco
Televisa, S.A.D.C.V

Re: Walter Mercado

Dear Mr. Luis Canseco,

Please be advised that I, Walter Mercado, have ceased all business relations with my now
former agent, Bill Bakula, and any and all of his business enterprises. I have officially
rescinded Mr. Bakula's power of attorney privileges and he holds no official and
sanctioned trademarks bearing my name. Furthermore, Mr. Bakula has no rights or title
to any of the following in any way, shape or form: (i) my name and any associated
trademarks; (ii) my likeness; (iii) my images and photographs; (iv) my video or audio
works and presentations and any associated copyrights; (iv) my astrological scripts and
text(s), including those claimed to be written by me or on my behalf; (v) books written or
co-written by me or on my behalf; (vi) CDs or DVDs published and/or distributed
bearing me or my likeness; (vii) websites bearing me or my likeness; (viii) text
messaging and cell phone streaming services bearing me or my likeness or my
astrological text, including those claimed to be written by me or on my behalf; (viii) any
other uses of my name and any of the above for the purposes of transacting business with
Mr. Bakula or any of his business enterprises. This disengagement is immediate. To the
extent that your company may have an existing contract with Mr. Bakula, or any of his
business enterprises, regarding the above, take note that Mr. Bakula will no longer be
able to legally deliver such product to your company.

I have hired WM Management Co., LLC ("WMMC") as my new and exclusive agent and
any business related affairs for any and all forms of my name, likeness and products must
be handled exclusively through WMMC and their designated representatives from this
point forward. You can reach WMMC by calling Mr. Anthony M. Hernandez at (321)
246-2050.

I sincerely apologize in advance for any interruptions that my new business arrangements
may cause you and your company. I look forward to having you work closely with
WMMC to explore any and all opportunities in which we may work together for our
mutual benefits and satisfaction.

Sincerely,

Walter Mercado

Testimonio Núm. 9974

Jurado y suscrito ante mí por WALTER MERCADO, soltero, y vecino de San Juan,
PR, a quien conozco personalmente. En San Juan, a 29 de nov. de 2006.

# EXHIBIT "K"



Sofía Vergara y su hijo: fotos exclusivas

Edición de colección

# People ESPAÑOL

www.peopleenespanol.com

CON FOTOS
Y ENTREVISTAS DE TUS
ESTRELLAS FAVORITAS

Verónica Castro    Juanes

Luis Miguel    María Celeste

**Exclusiva**
JENNIFER
LÓPEZ
Regresa a
sus raíces

# LOS 100
## HISPANOS MÁS
## INFLUYENTES

**ADEMÁS**
Los Tigres del Norte
Ricky Martin
Gloria y Emilio Estefan
Juan Gabriel
Carolina Herrera
Lucero
y muchos más

$2.99US $3.99CAN $29.00MEX
02 >

0  72440 10229  3

**FEBRERO 2007**



# LOS QUE
→ **PERDURAN**

## ← Walter Mercado
■ Astrólogo

Hay quienes no comienzan su día ni salen de casa sin antes leer lo que les vaticina este puertorriqueño. "Siento que Dios me ha escogido para llevar un mensaje de esperanza", reflexiona Mercado a sus 74 años. Pero lo cierto es que el otrora actor y bailarín no se imaginó que se convertiría en el astrólogo de Latinoamérica. "Dicen que [existen] dos épocas, A.W. y D.W: antes de Walter y después de Walter", comenta. "Desde que [el mundo] me conoce, ha habido una revolución". Bueno, con tal que la suya no termine de forma funesta como otras revoluciones . "Ya tengo 280 años con mis últimas encarnaciones", confiesa. "Y seguiré reencarnando. Esa es la visión que tengo de mi futuro". Veremos a ver cómo regresa en la próxima vida.



### Gustavo Cisneros
■ Presidente,
Organización Cisneros
Este magnate venezolano de 60 años ha hecho su fortuna ($5,000 millones en el 2006, según la revista *Forbes*), en las telecomunicaciones en Venezuela (Venevisión) y Estados Unidos (Univision Communications Inc., Claxson Interactive Group Inc.). Y como si fuera poco, en sus momentos de ocio no es raro verlo de pesca con su amigo, el ex presidente George H.W. Bush.

# 100



### Gabriel García Márquez
■ Escritor

Con sus obras se empezó a hablar de realismo mágico. Su obra maestra, *Cien años de soledad* es uno de los libros más leídos del mundo, y con sólo 54 años ganó el premio Nobel de Literatura. A sus 78 años, no cabe duda de que el colombiano, parte del círculo de allegados al gobernante cubano Fidel Castro, es el fenómeno cultural sinónimo del *boom* literario latinoamericano.

### Sonia Manzano
■ Protagonista y libretista,
*Sesame Street* (Sesame Workshop)

Este programa fue el trampolín que catapultó a la fama a Manzano, mejor conocida como María, pionera indiscutible en la televisión infantil y una de las primeras hispanas en aparecer en la pantalla chica. "De niña veía televisión y era deprimente no ver a nadie que reflejara mi cultura", confiesa la puertorriqueña nacida en Nueva York, ganadora de 15 premios Emmy como escritora del programa. En cuanto a las opciones para niños en la televisión, Manzano critica la frivolidad actual. "Hay un vacío, les falta corazón". No es sorpresa que sean los niños su mayor inspiración. "Cuando ves niños jugando en las barriadas de sitios en pleno, crees que ellos inclinan la balanza hacia el lado positivo", dice la joven de 56 años.

foto exclusiva por Omar Cruz



# TUSIGNO*

## por Walter Mercado



**Símbolo:** El aguador
**Elemento:** Aire
**Piedra:** Ámbar
**Colores:** Violeta y azul eléctrico
**Símbolo mítico:** Urano
**Planeta Regente:** Urano
**Compatibilidades para este mes:**
Libra, Géminis, Sagitario y Aries
**Características positivas:**
Amigable, trabajadora y tolerante
**Características negativas:**
Arrogante, obsesiva y
manipuladora

## Acuario

*enero 20 → febrero 18*

En el mes del amor, tú resplandeces. La independencia personal y la capacidad para configurar tu vida según tus condiciones serán más fuertes que en el 2006. Hasta el día 18, avanzarás en tu profesión. Te impones por tu talento y originalidad. Mes extraordinariamente próspero, Urano trae dinero a tus manos en forma misteriosa. Notarás que el mundo cambia a tu favor. Tu salud será excelente y puedes fortalecerla aún más cuidando lo que comes y bebes, haciendo ejercicio y practicando yoga o meditación. Acaba un ciclo de doce años según la mística oriental. El día 18 empieza el año del jabalí o del cerdo, tu año de renacimiento a una nueva vida. **Tus números:** 3, 9, 18, 21.
♥ Enterrarás todo lo triste del pasado y te abrirás a un nuevo amanecer. Experimentarás todos los placeres de la carne y tendrás con quien compartirlos. Tu carisma, dulzura y espiritualidad serán tus armas para la conquista del amor. El día 14 será especial para ti y para tu pareja.

### Gloria Trevi
[ 15 de febrero ]

Gloria de México, gloria del arte y gloria para quienes en verdad la conocen. Criticada por algunos y adorada por miles. Personalidad fascinante, con mucho de Acuario y mucho de Piscis. Es individualista, rebelde y con un espíritu libre que quiere llevar un mensaje al mundo.

Su luna en Géminis la hace creativa, versátil y capaz de todo por amor. Como madre es ejemplar. Ya tiene aprendidas sus lecciones y ahora emerge con más fuego, más inspiración, en control de su vida y especialmente de su corazón. El 2007 será un año de mayores éxitos y logros.



### Piscis *febrero 19 → marzo 20*

Febrero es un mes místico en un año de enorme espiritualidad. Las experiencias extrasensoriales serán comunes y normales. Tu juicio financiero será acertado. Atraes fama y dinero a caudales. Todo cambio en tu mundo profesional será el inicio de un nuevo mundo en lo que a trabajo se refiere. Tu planeta del dinero te quiere ver feliz obteniendo todo lo que deseas. Tu salud estará mejor. Venus favorece tu apariencia e imagen. Todo lo astral te favorece en este, el mes del amor. **Tus números: 5, 9, 17, 21.**

♥ El amor te persigue y te encuentra. Tu pareja se desvive por complacerte. Será un mes fundamentalmente feliz. Tu relación se torna más intensa según pasan los días. Estarás en la cima del placer personal. Virgo y Cáncer te harán feliz.

### Aries *marzo 21 → abril 19*

Estarás valiente, agresiva, confiada y más segura de ti misma. Te valorarás más y ganarás más dinero como resultado. Te destacas y te premian. Tus amigos serán los puentes para alcanzar logros mayores. Le darás punto final a todo lo que comenzaste en el 2006. Será un periodo de comedia y felicidad ya que la tragedia terminó. Cultiva la paciencia y la diplomacia y no tendrás piedras en tu camino. Hazte un buen examen médico en este mes para asegurarte que todo está bien con tu salud. **Tus números: 5, 16, 20, 32.**

♥ Urano seguirá sacudiendo tu mundo sentimental. Se quedará a tu lado quien realmente te haga feliz. Controla tu carácter y no explotes por tonterías. Febrero es un mes de mucha sensualidad y erotismo. Nadie de tu pasado te conviene.

### Tauro *abril 20 → mayo 20*

El Sol en tu cumbre profesional te vaticina éxitos y reconocimientos. Tú representas la riqueza y esa misma riqueza se incrementará para ti en febrero. Vences pensamientos de limitación y pobreza. Según cambias tu forma de pensar y de actuar, tu mundo económico mejora dramáticamente. Plutón te abre puertas que estuvieron cerradas para ti. Caminarás por senderos no transitados anteriormente. Sal de tu testarudez y oye el consejo de quien más te quiere. **Tus números: 1, 6, 8, 13.**

♥ Muchos te cortejarán, pero tú sabrás quién te conviene. No es mes para bodas precipitadas, pero sí para tórridos romances. La luna llena del día 2 te llevará a un encuentro inolvidable. Con Venus en Piscis, un sueño de amor se realizará.

### Géminis *mayo 21 → junio 20*

Con todo lo astral a tu favor no tendrás de qué quejarte. Todo lo que pidas se te concederá. Podrás probar tu legendaria versatilidad al buscar empleo. Talentos ocultos que ignorabas poseer salen a la luz. El Sol te impulsa a viajar y a expandir tus horizontes. Todo lo legal estará de tu parte. No te compliques la vida opinando de política. Tu poder de sanación será ilimitado. No hay enfermedad que pueda afectarte si decretas diariamente salud, salud y más salud. **Tus números: 2, 21, 33, 42.**

♥ Júpiter, el gran benefactor, sigue iluminando tu sector de uniones y matrimonio. Te sientes más preparada para entregar de nuevo tu corazón a la persona indicada. Revolotea socialmente ya que tu príncipe azul te espera.

### Cáncer *junio 21 → julio 22*

Febrero te pide salir del encierro y lanzarte a vivir la vida a tu manera y bajo tus reglas. La salud y el trabajo estarán bajo los rayos poderosos del Sol. En tu carrera te reconocen tus quilates de profesional. Cultivarás tu belleza interior y exterior. Ocurrirán recuperaciones milagrosas. Con las fuertes lecciones de Saturno en tu sector económico, sabrás cuidar, valorar y multiplicar los ingresos. Desarrolla una segunda piel para que las críticas y los comentarios negativos no te afecten. **Tus números: 17, 19, 25, 32.**

♥ Tu planeta del amor estará en tu sector económico hasta el 4 de septiembre. Amor y dinero van de la mano. Un amor diferente y extraño sacude tu vida y tu corazón. En esta nueva relación, no hagas el papel de madre con tu pareja.

ILUSTRACIONES FELICISIMO POR PABLO

# TU SIGNO

**MENSAJE DEL MES** *Ha llegado tu mes del amor. Ponle alas a tu corazón porque en febrero el romance reina en tu vida*

## Leo *julio 23 → agosto 22*

Verás un enorme avance hacia tus metas. Revisa tus papeles y documentos y ponte al día pagando deudas. Te colmas de entusiasmo y de creatividad. Te atreves a todo y todo lo harás bien. Trabajarás más y con mayor dedicación, pero mayores serán las ganancias y los reconocimientos. Se sanan males del alma y del cuerpo. Tu mundo de amigos se enriquecerá con excelentes colaboradores. Ya la época de sacrificios inútiles e ilimitaciones finalmente acabó. **Tus números: 6, 9, 21, 33.**

♥ El Sol sale para ti en asuntos sentimentales. Un nuevo (o tal vez viejo) interés romántico alborotará tu vida. No te precipites a matrimonios o ataduras muy formales. Disfruta, pero sin complicaciones. Saca provecho de este mes del amor.

## Virgo *agosto 23 → septiembre 22*

Cuidado con la comunicación. Explica una y mil veces lo que quieres y cómo lo quieres. Mercurio estará retrógrado en Piscis a partir del día 14. La luna llena del 2 y la nueva del 17 acentúan la importancia de que te cuides física, mental y emocionalmente. Date valor y recupera tu autoestima. Saca tiempo para distraerte y cambiar de panorama. Las finanzas y los éxitos profesionales van de la mano. Reina la armonía familiar y se aclaran dudas y sospechas. **Tus números: 11, 13, 18, 25.**

♥ Tu vida amorosa se beneficiará con Marte en Capricornio. Este planeta estimula tu vida social y te hará reina de conquistas sentimentales. Un nuevo romance te sorprenderá este mes. Piscis y Cáncer pueden atrapar tu corazón.

## Libra *septiembre 23 → octubre 22*

Debes tener prudencia y cautela en decisiones familiares. Tu planeta de la familia continúa retrógrado. Tu salud estará bajo excelentes aspectos planetarios. Podrás embellecer tu apariencia física y tu popularidad personal no tendrá límites. Febrero será mes de prosperidad. Te caerá maná del cielo. El Sol, en elemento aire, te colma de creatividad. Sé implacable al hablar, no comentes nada negativo de otro ser humano. Lo que por meses esperaste, te llegará como un regalo divino. **Tus números: 3, 9, 12, 17.**

♥ Mes de enorme placer personal. Nadie podrá resistirse a tus encantos. Si estás ya casada o unida, tu relación se convertirá en una nueva luna de miel. El amor será más intenso y emotivo. La intimidad emocional será lo más importante.

## Escorpión *octubre 23 → noviembre 21*

Tu hogar y familia tendrán toda tu atención. Harás milagros para hacerlos felices. Tú serás la estrella que brillará en el corazón de todos ellos. Todo lo negativo que te afectó recientemente se torna a tu favor. Con la luna llena del día 2 en tu cumbre profesional, espera reconocimientos y ganancias extras. Marte te lleva a embellecer y remodelar tu hogar. Febrero es mes de éxitos financieros en un año donde reinan las ganancias y los logros profesionales. **Tus números: 1, 7, 14, 23.**

♥ Buscarás relaciones serias, perdurables y compatibles y yo sé que lo podrás lograr. Alguien de tu pasado desea regresar a tu lado, pero ya su cuarto de hora pasó. Está empezando un ciclo de estabilidad emocional y de encuentro con tu alma gemela.

## Sagitario *noviembre 22 → diciembre 21*

Marte te abandonó y se lleva la ira y el mal genio. Tu poder de persuasión será inimaginable. Serás la reina en el mundo de las comunicaciones. Ha llegado un período de cambiar las cosas a tu manera adaptarlo a todo lo que se va a presentar. Hermanos y amigos harán mucho por ti. Si buscas trabajo, tendrás éxito. El dinero se multiplica y te hará feliz. Visualiza, fija metas, afirma lo que deseas en este año y planta las semillas que germinarán para tu bien y el de los tuyos. **Tus números: 3, 12, 17, 24.**

♥ Da tiempo y espacio para que el amor crezca y florezca. Escoge tus palabras con cuidado ya que pueden surgir malentendidos entre tu pareja y tú. Con el Sol del día 18 y Venus en tu signo doméstico disfrutarás del amor como nunca antes.

## Capricornio *diciembre 22 → enero 19*

Vences males del alma y del cuerpo. La prosperidad continúa fuerte durante todo el mes. Sigue en pleno apogeo tu cumbre financiera. Todo viaje al extranjero te traerá suerte. Enfrenta toda situación que se presente con fe en ti misma y la vencerás. Tu familia necesita tu presencia. Aunque no te lo pidan, atiende a sus necesidades. Entre el 6 y el 9 de este mes se te presenta una excelente oportunidad profesional. Estudia toda oferta, pero reflexiona antes de comprometerte. **Tus números: 4, 12, 24, 36.**

♥ Aunque tu mansión del amor y del matrimonio luce vacía, tú no estarás sola ni abandonada. Un ser muy especial calentará tu corazón y tu cama. Sal de complejos y traumas del ayer y ábrete a esta relación con alma y corazón. Ama y déjate amar.



LAS PREDICCIONES DE

# WALTER MERCADO

## EN TU CELULAR

A partir de hoy, tus asuntos de trabajo, amor, y familia seran guiados por la palabra diaria de Walter Mercado a traves de tu celular.

SIGUE ESTAS INSTRUCCIONES PARA RECIBIR DIARIAMENTE LAS PREDIC-CIONES DEL MAESTRO DE LA ASTROLOGIA:

ENVIA LA PALABRA ASTRO1 <Y TU SIGNO DEL ZODIACO> EN UN MENSAJE DE TEXTO AL NUMERO

# 70777

## POR EJEMPLO: ASTRO1 LEO

EL SERVICIO DE HORÓSCOPOS O LAS PREDICCIONES DE WALTER MERCADO ("SERVICIO") CONLLEVA UN COSTO DE SUSCRIPCIÓN DE $9.99 AL MES, EL QUE SE COBRARÁ VÍA SU FACTURA MENSUAL O SE DEDUCIRÁ DEL PLAN DE PREPAGO. EL SERVICIO ESTÁ DIS-PONIBLE PARA USUARIOS MAYÓRES DE 16 AÑOS (CON EL CONSENTIMIENTO DE SUS PADRES O GUARDIANES LEGALES) Y SÓLO EN LOS ESTADOS UNIDOS, INCLUYENDO SUS TERRITORIOS Y POSESIONES. APLICARÁN ADEMÁS CARGOS REGULARES DE MENSAJE DE TEXTO DE SU PROVEEDOR Y PLAN DE SERVICIO CELULAR. EL SERVICIO DE MENSAJES DE TEXTO PUEDE NO ESTAR DISPONIBLE EN TODOS LOS LUGARES. PARA TERMINOS DE USO, CONDICIONES, O SERVICIO AL CLIENTE, ENVIE UN MENSAJE TEXTO CON LA PALABRA "HELP" AL 70777, O LLAME AL 866-376-9261, O VISITENOS EN WWW.TERACOMM.TV. PARA CANCELAR EL SERVICIO ENVÍE LA PALABRA STOP AL 70777.

**CIVIL COVER SHEET**

The JS-44 Civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initialing the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**1(a) PLAINTIFFS**

WALTER INTERNATIONAL PRODUCTIONS, INC., a Florida Corporation, WATERVISION, INC., a Florida Corporation, WALTERVISION PRODUCTIONS, INC., a Florida Corporation, WALTER MERCADO RADIO PRODUCTIONS, INC., a Florida Corporation, BART ENTERPRISES INTERNATIONAL, LTD., a Bahamas Corporation, a Florida Corporation, and WALTER MERCADO ENTERPRISES CORP., a Florida Corporation

**DEFENDANTS**    07 - 20136

WALTER MERCADO SALINAS, a natural person, and ASTROMUNDO, INC., a Puerto Rico Corporation

CIV - SEITZ
/ McALILEY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
State of Puerto Rico  (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, Florida 33131
(305) 579-0500
Marlene K. Silverman, Esq.
Jessica Carvalho Morris, Esq.

WALTER MERCADO SALINAS
352 Ave. San Claudio Suite 215
San Juan, Puerto Rico   00926-0417

ASTROMUNDO
352 Ave. San Claudio Suite 215
San Juan, Puerto Rico   00926-0417

FILED by ___ D.C.
INTAKE

JAN 17 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. – MIAMI

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II.  BASIS OF JURISDICTION | III.  CITIZENSHIP OF PRINCIPAL PARTIES | | | |
|---|---|---|---|---|
| (PLACE AN X ONE BOX ONLY) | (For Diversity Case Only) | PTF | DEF | (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) PTF DEF |

| | | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|
| ☐ 1. U.S. Government Plaintiff | ☐ 3. Federal Question (U.S. Government Not a Party) | Citizen of This State | ☒ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| ☐ 2. U.S. Government Defendant | ☒ 4. Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| | | Citizen or Subject of a Foreign County | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. §§ 1331 and 1338(a)    Patent Infringement

**IVa.  Undetermined** Days estimated (for both sides) to try entire case

**V.  NATURE OF SUIT**                    (PLACE AN X IN ONE BOX ONLY)

| A  CONTRACT | A  TORTS | | B  FORFEITURE PENALTY | A  BANKRUPTCY | A  OTHER STATUS |
|---|---|---|---|---|---|
| | PERSONAL INJURY | | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personnel Injury Product | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employer's Liability | Liability | ☐ 630 Liquor Laws | A  PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Main Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety-Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personnel Property Damage | ☐ 690 Other | B  SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | ☐ 861 HIA (1395(f)) | ☐ 875 Customer Challenge 12USC3410 |
| ☒ 190 Other Contract | | | | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | A  CIVIL RIGHTS | B  PRISONER PETITIONS | A  LABOR | ☐ 863 DIWC/DIWW 405(g)) | ☐ 892 Economic Stabilization Act |
| | ☐ All Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| A  REAL PROPERTY | ☐ 442 Employment | ☐ 530 General* | ☐ 720 Labor Management Relations B | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 730 Labor Management Reporting & Disclosure Act | A  FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure B | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease and Ejectment | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | ☐ 790 Other Labor Litigation | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | | ☐ 791 Employee Ret. Inc. Security Act B | | ☐ 890 Other Statutory Actions* * A or B |
| ☐ 245 Tort Product Liability | | | | | |
| ☐ 290 All Other Real Property | | | | | |

**VI.  ORIGIN**                    (PLACE AN X IN ONE BOX ONLY)

☒ 1. Original Proceeding    ☐ 2. Removed From State Court    ☐ 3. Remanded from Appellate Court    ☐ 4. Refiled    ☐ 5. Transferred from another district (Specify)    ☐ 6. Multidistrict Litigation    ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII.  REQUESTED IN COMPLAINT**    CHECK IF THIS IS A ☐ under F.R.C.P. 23    CLASS ACTION    DEMAND    Check YES only if demanded in complaint. ☐ Yes ☒ No

JURY DEMAND:

**VIII.  RELATED CASE(S) IF ANY**    (See Instructions):    JUDGE_____    DOCKET NUMBER_____

DATE  1/17/07    SIGNATURE OF ATTORNEY OF RECORD  _____

UNITED STATES DISTRICT COURT    FOR OFFICE USE ONLY:    RECEIPT NO. 953229    Amount: $350.00
Date Paid:_____    M/ifp:_____
01/17/07

1795059901