UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20136-CIV-SEITZ/McALILEY

WALTER INTERNATIONAL
PRODUCTIONS, INC., WALTERVISION,
INC., WALTERVISION PRODUCTIONS,
INC., WALTER MERCADO RADIO
PRODUCTIONS, INC., BART
ENTERPRISES INTERNATIONAL, LTD.,
and WALTER MERCADO ENTERPRISES
CORP.,

      Plaintiffs,
v.

WALTER MERCADO SALINAS, and
ASTROMUNDO, INC.,

      Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS COMPLAINT OR IN THE ALTERNATIVE TO TRANSFER VENUE AND MEMORANDUM OF LAW IN SUPPORT**

DEFENDANTS, Walter Mercado Salinas ("Mercado") and Astromundo, Inc. ("Astromundo") (hereinafter collectively referred to as the "Defendants"), by and through the undersigned counsel, and without submitting to this Court's jurisdiction or venue, respectfully file Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3). In support of this Motion, Defendants state:

**I.    INTRODUCTION**

1.    On January 17, 2007, Plaintiffs filed a Complaint against the Defendants for alleged breach of contract and/or tortious interference with an agreement between Plaintiff Bart Enterprises International, Ltd. ("Bart Enterprises") and Mercado dated June 7, 1995 (the

"Agreement"). *See* Complaint at ¶¶ 14, 23; 57- 107. A copy of the purported Agreement is attached to the Complaint as Exhibit A.[1]

2.   As stated in the Complaint, the primary parties to the Agreement are: (a) Bart Enterprises, a Bahamian corporation with its principal place of business in Nassau, Bahamas; and (b) Mercado, a citizen of the United States, residing in San Juan, Puerto Rico. *See* Complaint at ¶¶ 6, 12.

3.   The Agreement – which defines the applicable "Territory" as "the universe" and the applicable "Term" as "in perpetuity," and which forever gives Bart Enterprises all rights to be Mercado's agent and all rights, interests and title over Mercado's name, artistic persona and production, as a psychic and astrologer, and which solely gives Bart Enterprises the right to assign all rights and titles acquired to any other corporation – is an uneven, one-sided, extensive, overreaching and unenforceable agreement under Puerto Rican law. *See* Agreement at ¶20(d) (mandating that the Agreement is to be governed by and construed in accordance with the laws of Puerto Rico).

4.   Plaintiffs ignore the fact that the Agreement, which was executed in San Juan, Puerto Rico, contains a provision in which Bart Enterprises agreed with Mercado that "**[t]his Agreement shall be deemed to have been made in Puerto Rico, and shall be governed by and construed in accordance with the laws of Puerto Rico and the parties hereto submit to the jurisdiction of the courts of Puerto Rico.**" *See* Agreement, attached to the Complaint as Exhibit A, ¶ 20(d).

---

[1] Although not challenging the existence of the Agreement, Defendants reserve the right to challenge the validity, admissibility, and authenticity of the copy of the Agreement attached as Exhibit A to the Complaint, since the copy provided does not contain Mercado's initials and due to the fact that there are several other different traits and differences perceived.

5.     Defendants are both based in Puerto Rico – Mercado is a resident of Puerto Rico and Astromundo is a corporation duly organized under the laws of Puerto Rico. Plaintiffs' omission to point out the forum selection clause, even though the Agreement is cited in almost every page of the Complaint, is of particular relevance given the fact that Plaintiffs argue that jurisdiction is proper in this Court due to the diversity of the parties, yet the Plaintiffs ignore the critical forum selection clause clearly set forth in the Agreement.

6.     Since Bart Enterprises, as a party to a contract, could have "bargain[ed] in advance to select the forum in which their disputes w[ould] be adjudicated," as a matter of federal law and particularly in the Southern District of Florida, this case should be dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3), since the parties <u>specifically agreed to and chose Puerto Rico</u> as the proper forum (venue) for actions such as this and chose the laws of Puerto Rico to govern. *MS/ Bremen v. Zapata Off-Shore, Inc.*, 407 US 1, 12-14; 32 L.Ed.2d 513 (1972).

7.     Thus, although there may be federal jurisdiction over the claim under 28 USC § 1332 since the Agreement was entered into between a citizen of a state (Puerto Rico) and a subject of a foreign state (Bahamas), the United States District Court, Southern District of Florida is not the proper arbiter to decide this matter, as it involves a claim of breach of a contract executed in Puerto Rico, and by which Puerto Rico was chosen as the proper forum and the law of choice by the parties.

8.     As discussed more fully below, the applicable law in this District is that "a forum selection clause should be enforced unless a strong showing is made that enforcement would be unreasonable and unjust or that the clause was invalid for such reasons as fraud or overreaching."

MIA#2586521.2

3

**CARLTON FIELDS, P.A.**
4000 International Place - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

*BP Products North America, Inc. v. Super Stop 79, Inc.*, 2006 WL 3533436 at *3 (S.D. Fla. December 7, 2006).

9. Moreover, it is well-settled law in the Eleventh Circuit that a motion to dismiss premised upon choice of forum and/or choice of law is properly brought under Fed.R.Civ.P. 12(b)(3). *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998).

10. Accordingly, for these reasons, Defendants respectfully pray for the dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(3)).

## II.   STATEMENT OF UNCONTESTED FACTS

With respect to certain allegations contained in the Complaint, as to which no genuine issue exists (all based on the allegations or exhibits attached to the Complaint), dismissal under Fed.R.Civ.P. 12(b)(3) should be granted as a matter of federal law. The facts follow:

1. Plaintiff Bart Enterprises is a Bahamian corporation with its principal place of business in Nassau, Bahamas. *See* Complaint at ¶ 6.

2. Defendant Mercado is a natural person and a citizen of the United States, who resides in Puerto Rico. *See* Complaint at ¶ 12.

3. Defendant Astromundo is a corporation organized under the laws of Puerto Rico, with its principal place of business in Puerto Rico. *See* Complaint at ¶ 13.

4. On June 7, 1995, Bart Enterprises and Mercado entered into the Agreement.

5. Pursuant to the Agreement, the parties specifically and clearly agreed that "[t]his Agreement shall be deemed to have been made in Puerto Rico, and shall be governed by and construed in accordance with the laws of Puerto Rico and the parties hereto submit to the jurisdiction of the courts of Puerto Rico" (the "Forum Selection Clause"). *See* Agreement at ¶ 20(d).

6. As alleged in the Complaint, Bart Enterprises later assigned its rights under the Agreement to several related or affiliated corporations, who are also named as Plaintiffs in this matter. *See* Complaint.

7. On January 17, 2006, Plaintiffs initiated this action against the Defendants for breach of contract and/or interference with the Agreement in the Southern District of Florida, despite the existence of the Forum Selection Clause in the Agreement.

### III. DISCUSSION OF LEGAL ISSUES

**A.  Legal Principles under Rule 12(b) Mandate Dismissal of this Action.**

Improper venue is a defense which "... shall be made before pleading if a further pleading is permitted." In fact, a motion made under Fed.R.Civ.P. 12(b) is directed to the jurisdictional requisites and/or sufficiency of the pleadings in which a Plaintiff rests its entitlement to relief. *See* 5(A) Wright & Miller, Federal Civil Procedure: Civil 2d, § 1347 (2000).

The primary purpose of Fed.R.Civ.P. 12(b) is "to promote the expeditious and simultaneous presentation of defenses and objections." *See* Wright & Miller, *supra*, at p. 183. In fact, except defenses mentioned in Rules 12(h)(2) or 12(h)(3), any defense or objection not raised by preliminary motion or in a responsive pleading is waived. Thus, the defense of improper venue must be interposed either by motion or in a responsive pleading or will be deemed waived by virtue of Rule 12(h)(1). Wright & Miller, supra, at p. 173.

No longer is a general or special appearance needed in order to present jurisdictional objections and still abstain from submitting to the jurisdiction or venue of the Court, since by express provision of Fed.R.Civ.P. 12(b) "... no defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." According to Wright & Miller, "the emphasis no longer is on the nature of the appearance... but rather upon the precise character of the objection or defense interposed." Wright & Miller, supra, at p. 171.

In addition, jurisdictional defenses must be asserted promptly, at a preliminary motion or responsive pleading.

In sum, the seven defenses permitted to be asserted prior to service of a responsive pleading, involve preliminary matters and issues that should be adjudicated at an initial stage. It has been said:

> Thus, the rationale underlying the recognition of these seven exceptions to the basic policy of the federal rules against dilatory or preliminary motions is that motions on the grounds enumerated in Rule 12(b) are likely to produce an overall saving in time and avoidance of delay, thereby benefiting both the parties and the courts.

Wright & Miller, supra, § 1349, p. 191.

Thus, Defendants now move for dismissal under Fed.R.Civ.P. 12(b)(3) since venue is not proper in this Court.

B.  **The Complaint Should Be Dismissed For Improper Venue Due to the Forum Selection Clause in the Agreement.**

Plaintiffs' reliance on the Agreement that contains the Forum Selection Clause supports Defendants' position that the suit was brought in an improper venue. In fact, by bringing suit in the Southern District of Florida for breach of contract and other claims, Plaintiffs ignore a material provision of the very Agreement upon which they predicate this action.

The Supreme Court has expressly held that forum selection clauses, such as the one present in the Agreement, "are prima facie valid" and should be enforced. *Carnival Cruise Lines, Inc. v. Shute*, 111 S.Ct. 1522, 1525, 1529 (1991) (implicitly approving dismissal of action as means for enforcing forum selection clause); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). The applicable law in this district is that "a forum selection clause should be enforced unless a strong showing is made that enforcement would be unreasonable and unjust or that the clause was invalid for such reasons as fraud or overreaching."

*BP Products North America, Inc. v. Super Stop 79, Inc.*, 2006 WL 3533436 at *3 (S.D.Fla. Dec. 7, 2006); *see also Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998) (holding that a motion to dismiss premised upon choice of forum and/or choice of law is properly brought under Fed.R.Civ.P. 12 (b)(3)).

The Eleventh Circuit's position on this matter was clearly established in *Lipcon v. Underwriters at Lloyd's, London*, and supports the dismissal of the Complaint for improper venue. In *Lipcon*, the Court dealt with a forum selection and a choice of law clause in an international agreement. It ruled that forum selection clauses and choice-of-law clauses are presumptively valid, but this presumption may be overcome by a clear showing that the clauses are unreasonable and unenforceable. *See Lipcon*, 148 F.3d at 1295. Such clauses will only be found unreasonable and unenforceable when (1) their formation was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of its day in court because of the inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of such provisions would contravene a strong public policy. *Id.* at 1296 (citing *Bremen*, 407 U.S. at 15-18).

Here, assuming Plaintiffs' claim for breach of contract is premised on the validity and enforceability of the Agreement, Plaintiffs cannot claim that the agreed-upon choice of forum was the result of fraud or overreaching. Moreover, Plaintiffs cannot argue that they would be deprived of their day in court because the United States District Court in the District of Puerto Rico should adjudicate this dispute as agreed to by the parties. Finally, Plaintiffs cannot argue that the Forum Selection Clause contravenes strong public policy. The interests of justice would be best served by requiring Bart Enterprises to litigate its dispute in the bargained-for forum and

dismissing this action due to its failure to file in the previously agreed upon and mandatory venue.

The Agreement at issue here is incorporated by reference into the Complaint and contains the Forum Selection Clause mandating the parties to submit to the jurisdiction of the courts of Puerto Rico. *See* Agreement at ¶20(d). Plaintiffs instead filed this action in the Southern District of Florida in direct contravention of the mandatory forum selection clause.

Plaintiffs must, however, honor its bargain, and this action should, therefore, be dismissed. *See Lipcon*, 148 F.3d at 1299 (stating that a party to agreement with forum selection clause "must 'honor [their] bargains'" and action was, thus, dismissed for violation of forum selection and choice of law clauses). It is well-established in the Eleventh Circuit that a motion to dismiss for improper venue based on the filing of an action in violation of a forum selection clause is properly brought and should be granted under the authority of Fed.R.Civ.P. 12(b)(3). *Id.* at 1299 (affirming dismissal of action based on choice of law and choice of forum provisions). Accordingly, dismissal of this action is proper.

This motion to dismiss may also be granted upon the authority of 28 U.S.C. § 1406, which provides in relevant part:

> (a) The district court of a district in which is filed a case laying venue <u>in the wrong division or district shall dismiss</u>, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. (Emphasis added).

It is beyond dispute, and is apparent from the face of the Complaint, that (1) the parties reached an Agreement; (2) the Agreement included a choice of forum and choice-of-law clause; (3) both Defendants are residents of Puerto Rico; and (4) notwithstanding said facts, Plaintiffs improperly filed their Complaint in the United States Court for the District of Florida.

MIA#2586521.2

8

**CARLTON FIELDS, P.A.**
4000 International Place · 100 Southeast Second Street · Miami · Florida  33131-9101 · 305.530.0050

Based on the foregoing, dismissal of the Complaint is proper and mandated under Federal Rule of Civil Procedure 12(b)(3).

### C.  In the alternative, this action should be transferred to the United States District Court in Puerto Rico

Should this Court choose not to dismiss the Complaint based on Plaintiffs' filing of this action in a venue contrary to that mandated in the Agreement, the Forum Selection Clause should be enforced and this action should be transferred to the more appropriate federal district court. *See e.g., Goodman v. Hill-Rom Co., Inc.*, 1996 WL 685840 (M.D. Fla. 1996) (transferring matter because of mandatory forum selection clause). The Court's power to order a change of venue arises under 28 U.S.C. §§ 1404 and 1406. *See, e.g., Burger King Corp. v. Stroehmann Bakeries, Inc.*, 821 F. Supp. 1476 (N.D. Ga. 1992).

The federal venue statute provides, in relevant part:

> For the convenience of parties and witnesses, in the interest of justice, <u>a district court may transfer any civil action</u> to any other district or division where it might have been brought.

28 U.S.C. § 1404(a) (emphasis added).

Not only have the parties agreed that Puerto Rico is the proper venue and that "the parties hereto submit to the jurisdiction of the courts of Puerto Rico," there is a reasonable basis for this because Puerto Rico has an interest in the outcome of this Agreement since Defendants are both based in Puerto Rico. Accordingly, should this Court decide that dismissal pursuant to Fed.R.Civ.P. 12(b)(3) is not appropriate, this action should instead be transferred to the more appropriate forum of Puerto Rico. *See, e.g., In re: Fireman's Fund Insurance Companies*, 588 F.2d 93, 94 (5th Cir. 1979) ("Taking [contract's venue selection] provision into account as well as the fact that [contractor's] place of business was located there, the district court held that the transfer was proper under 28 U.S.C.A. § 1404(a).").

## IV.   CONCLUSION

This motion is neither part of a dilatory tactic, nor is it intended to cause undue burden or delay. The defense raised in this motion, of improper venue, cannot be obviated in the context of a case brought for breach under the same contract which they are trying to obviate or evade.

The burden imposed upon Defendants has been clearly met, with the same pleadings and attachments presented by Plaintiffs, and warrants dismissal under Fed.R.Civ.P. 12(b)(3) or 12(b)(6).

**WHEREFORE**, Defendants Walter Mercado Salinas and Astromundo, Inc. respectfully request this Honorable Court dismiss the Complaint filed in this matter for lack of venue, under Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, transfer this action to the more appropriate U.S. District Court in Puerto Rico.

MIA#2586521.2

10

**CARLTON FIELDS, P.A.**
4000 International Place - 100 Southeast Second Street - Miami - Florida 33131-9101 - 305.530.0050

CASE NO. 07-20136-CIV-SEITZ/McALILEY

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFIED** that on the 12th day of February, 2007, I electronically filed the foregoing Defendants' Motion To Dismiss Complaint and Memorandum Of Law with the Clerk of the Court by using the CM/ECF System which will send a Notice of Electronic Filing to the following:

**Marlene K. Silverman, Esq.**
**Jessica Carvalho Morris, Esq.**
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, Florida 33131.
*Counsel for Plaintiffs*

Respectfully submitted,

CARLTON FIELDS, P.A.
*Counsel for Defendants*
4000 International Place
100 S.E. Second Street
Miami, Florida 33131-9101
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
Email: crosenberg@carltonfields.com

By: _____
CHARLES M. ROSENBERG
Florida Bar No. 279064

Of Counsel

**BUFETE FIGUEROA ARUS**
PO Box 191964
San Juan, PR 00919-1964
Tel. (787) 722-7171
Fax 722-7174
ifa@coqui.net

By: _____ by Hel, Consent
ILSA Y. FIGUEROA ARUS
USDC NO. 206710