UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-20136 CIV SEITZ/McALILEY

**WALTER INTERNATIONAL PRODUCTIONS, INC.**, a Florida Corporation, **WATERVISION, INC.**, a Florida Corporation, **WALTERVISION PRODUCTIONS, INC.**, a Florida Corporation, **WALTER MERCADO RADIO PRODUCTIONS, INC.**, a Florida Corporation, **BART ENTERPRISES INTERNATIONAL, LTD.**, a Bahamas Corporation, and **WALTER MERCADO ENTERPRISES CORP.**, a Florida Corporation,

Plaintiffs/Counter-Defendants,

v.

**WALTER MERCADO SALINAS**, a natural person, and **ASTROMUNDO, INC.**, a Puerto Rico Corporation,

Defendants.

## PLAINTIFFS/COUNTER-DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIM

Plaintiffs/Counter-Defendants, Walter International Productions, Inc. ("Walter International"), Watervision, Inc. ("Watervision"), WalterVision Productions, Inc. ("WalterVision"), Walter Mercado Radio Productions, Inc. ("Radio Productions"), Bart Enterprises International, Ltd. ("Bart Enterprises" or "Bart") and Walter Mercado Enterprises Corp. ("Walter Enterprises") (collectively, "Plaintiffs" or "Counter-Defendants"), by and through undersigned counsel, submit their Answer and Affirmative Defenses to Defendants', Walter Mercado Salinas ("Mercado") and Astromundo, Inc. ("Astromundo") (collectively, the "Defendants" or "Counter-Plaintiffs") Counterclaim and state:

### I.   NATURE OF THE ACTION

1.   Plaintiffs/Counter-Defendants admit that this purports to be an action for damages for breach of contract, breach of fiduciary duty, declaratory relief and equitable remedies brought under applicable federal, common federal and state law. Plaintiffs/Counter-Defendants deny that Defendants/Counter-Plaintiffs have valid causes of action for breach of contract, breach of fiduciary duty, declaratory relief and equitable remedies brought under applicable federal, common federal and state law. Plaintiffs/Counter-Defendants deny the remaining allegations within paragraph no. 1 of the Counterclaim.

2.   Plaintiffs/Counter-Defendants admit that Defendants/Counter-Plaintiffs, Mercado and Astromundo, are both residents of Puerto Rico and affirmatively state that Mercado travels frequently to Miami. Plaintiffs/Counter-Defendants deny the remaining allegations within paragraph no. 2 of the Counterclaim.

3.   Plaintiffs/Counter-Defendants admit that Defendants/Counter-Plaintiffs purport to have brought this action against Plaintiffs/Counter-Defendants for compensation for damages and/or sufferings, loss of profits and default, temporary, preliminary and/or permanent injunction. Plaintiffs/Counter-Defendants deny that Defendants/Counter-Plaintiffs are entitled to the relief requested and deny the remaining allegations contained within paragraph no. 3 of the Counterclaim.

### II.   JURISDICTION AND VENUE

4.   Plaintiffs/Counter-Defendants admit the allegations contained within paragraph no. 4 of the Counterclaim.

5.   Plaintiffs/Counter-Defendants admit that the matter in controversy purports to involve federal questions arising under the Constitution, as well as copyright and trademark laws

2

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

of the United States; Constitution of the United States, Art. 1, Sect. 8; Federal Copyright Act of 1976, as amended, 17 U.S.C.A. §§ 101, *et. seq.*, and Trademark Laws of the United States, 15 U.S.C.A. §§ 1051 *et. seq.* Plaintiffs/Counter-Defendants deny that Defendants/Counter-Plaintiffs have valid causes of action under the aforementioned laws. Plaintiffs/Counter-Defendants deny the remaining allegations contained within paragraph no. 5 of the Counterclaim.

### III.  PARTIES

6. Plaintiffs/Counter-Defendants admit that Walter Mercado is a well known individual, artist, media and entertainment public figure and affirmatively state that their efforts in large part created these factors. Plaintiffs/Counter-Defendants deny the remaining allegations contained within paragraph no. 6 of the Counterclaim.

7. Plaintiffs/Counter-Defendants lack sufficient knowledge to admit or deny that Defendant/Counter-Plaintiff Astromundo is a corporation duly organized and existing under the laws of the Commonwealth of Puerto Rico with its principal place of business in San Juan, Puerto Rico. Plaintiffs/Counter-Defendants deny the remaining allegations contained within paragraph no. 7 of the Counterclaim.

8. Plaintiffs/Counter-Defendants deny that Bart Enterprises is a dissolved corporation. Plaintiffs/Counter-Defendants admit the remaining allegations contained within paragraph no. 8 of the Counterclaim.

9. Plaintiffs/Counter-Defendants admit that Walter International Productions, Inc., Watervision, Inc., Waltervision Productions, Inc., Walter Mercado Radio Productions, Inc., and Walter Mercado Enterprises Corp. are and were, at all times relevant to the Counterclaim, corporations organized and existing under the laws of the state of Florida, with their principal

3

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

place of business in Miami, Florida and that they are the assignees of certain rights under the agreement between the parties. Plaintiffs/Counter-Defendants deny the remaining allegations contained within paragraph no. 9 of the Counterclaim.

## IV.   STATEMENT OF CLAIM

10. Plaintiffs/Counter-Defendants admit that Mercado is now a well known individual, artist, media and entertainment public figure and affirmatively state that it is their efforts that in large part led to this result. Plaintiffs/Counter-Defendants deny the remaining allegations contained within paragraph no. 10 of the Counterclaim.

11. Plaintiffs/Counter-Defendants admit that Mercado's attributes, appearances, publications and/or counseling services are valued by the public as a psychic and astrologer and affirmatively state that much of that value has been created by Plaintiffs/Counter-Defendants. Plaintiffs/Counter-Defendants deny the remaining allegations contained within paragraph no. 11 of the Counterclaim.

12. Plaintiffs/Counter-Defendants lack sufficient knowledge to admit or deny the allegations contained within paragraph no. 12 of the Counterclaim.

13. Plaintiffs/Counter-Defendants admit that on August 4, 1995, Defendant/Counter-Plaintiff Mercado entered into an agreement which, among other things, allowed Bart Enterprises to produce and distribute entertainment programming featuring and promoting Mercado's artistic abilities as a psychic and astrologer. Plaintiffs/Counter-Defendants admit that the Agreement dated August 4, 1995 is attached to the Complaint. Plaintiffs/Counter-Defendants deny the remaining allegations contained within paragraph no. 13 of the Counterclaim.

4

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

14. Plaintiffs/Counter-Defendants admit that Defendants/Counter-Plaintiffs purport to have selectively quoted sections 4 and 5 of Exhibit A and state that the document speaks for itself. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 14 of the Counterclaim to the extent that they are inconsistent therewith. Plaintiffs/Counter-Defendants deny the remaining allegations contained within paragraph no. 14 of the Counterclaim.

15. Plaintiffs/Counter-Defendants admit that Defendants/Counter-Plaintiffs purport to have selectively quoted section 1(a) of Exhibit A and state that the document speaks for itself. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 15 of the Counterclaim to the extent that they are inconsistent therewith. Plaintiffs/Counter-Defendants deny the remaining allegations contained within paragraph no. 15 of the Counterclaim.

16. Plaintiffs/Counter-Defendants admit that Defendants/Counter-Plaintiffs purport to have selectively quoted section 1(a) of Exhibit A and state that the document speaks for itself. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 16 of the Counterclaim to the extent that they are inconsistent therewith. Plaintiffs/Counter-Defendants deny the remaining allegations contained within paragraph no. 16 of the Counterclaim.

17. Plaintiffs/Counter-Defendants admit that Defendants/Counter-Plaintiffs purport to have selectively quoted section 1(b) of Exhibit A and state that the document speaks for itself. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 17 of the Counterclaim to the extent that they are inconsistent therewith. Plaintiffs/Counter-Defendants deny the remaining allegations contained within paragraph no. 17 of the Counterclaim.

18. Plaintiffs/Counter-Defendants admit that Defendants/Counter-Plaintiffs purport to have selectively quoted sections 3(a) - 3(c) of Exhibit A and state that the document speaks for

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

itself. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 18 of the Counterclaim to the extent that they are inconsistent therewith. Plaintiffs/Counter-Defendants deny the remaining allegations contained within paragraph no. 18 of the Counterclaim.

19.     Plaintiffs/Counter-Defendants admit that Defendants/Counter-Plaintiffs purport to have selectively quoted section 7 of Exhibit A and state that the document speaks for itself. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 19 of the Counterclaim to the extent that they are inconsistent therewith. Plaintiffs/Counter-Defendants deny the remaining allegations contained within paragraph no. 19 of the Counterclaim.

20.     Plaintiffs/Counter-Defendants admit that Defendants/Counter-Plaintiffs purport to have selectively quoted a portion of Exhibit A and state that the document speaks for itself. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 20 of the Counterclaim to the extent that they are inconsistent therewith. Plaintiffs/Counter-Defendants deny the remaining allegations contained within paragraph no. 20 of the Counterclaim.

21.     Plaintiffs/Counter-Defendants admit that Defendants/Counter-Plaintiffs purport to have selectively quoted a portion of Exhibit A and state that the document speaks for itself. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 21 of the Counterclaim to the extent that they are inconsistent therewith. Plaintiffs/Counter-Defendants deny the remaining allegations contained within paragraph no. 21 of the Counterclaim.

22.     Plaintiffs/Counter-Defendants admit that Defendants/Counter-Plaintiffs purport to have selectively quoted a portion of Exhibit A and state that the document speaks for itself. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 22 of the

Counterclaim to the extent that they are inconsistent therewith. Plaintiffs/Counter-Defendants deny the remaining allegations contained within paragraph no. 22 of the Counterclaim.

23.  Plaintiffs/Counter-Defendants admit that Defendants/Counter-Plaintiffs purport to have selectively quoted section 6(c) of Exhibit A and state that the document speaks for itself. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 23 of the Counterclaim to the extent that they are inconsistent therewith. Plaintiffs/Counter-Defendants deny the remaining allegations contained within paragraph no. 23 of the Counterclaim.

24.  Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 24 of the Counterclaim.

25.  Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 25 of the Counterclaim.

26.  Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 26 of the Counterclaim.

27.  Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 27 of the Counterclaim.

28.  Plaintiffs/Counter-Defendants lack sufficient knowledge to admit or deny the allegations contained within paragraph no. 28 of the Counterclaim.

29.  Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 29 of the Counterclaim.

30.  Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 30 of the Counterclaim.

31.  Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 31 of the Counterclaim.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

32. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 32 of the Counterclaim.

33. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 33 of the Counterclaim.

34. Plaintiffs/Counter-Defendants lack sufficient knowledge to admit or deny the allegations contained within paragraph no. 34 of the Counterclaim.

35. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 35 of the Counterclaim.

36. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 36 of the Counterclaim.

37. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 37 of the Counterclaim.

38. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 38 of the Counterclaim.

39. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 39 of the Counterclaim.

40. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 40 of the Counterclaim.

41. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 41 of the Counterclaim.

42. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 42 of the Counterclaim.

Greenberg Traurig, P.A.  |  Attorneys at Law  |  1221 Brickell Avenue  |  Miami, FL 33131  |  Tel 305.579.0500  |  Fax 305.579.0717  |  www.gtlaw.com

43. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 43 of the Counterclaim.

44. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 44 of the Counterclaim.

45. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 45 of the Counterclaim.

**COUNT I**
**BREACH OF CONTRACT**
**BART ENTERPRISES**

46. Plaintiffs/Counter-Defendants adopt, re-allege and restate the answers to the allegations contained within paragraphs nos. 1-45.

47. Plaintiffs/Counter-Defendants admit Counter-Plaintiffs purport to have quoted section 6(c) of Exhibit A and state that the document speaks for itself. Plaintiffs/Counter-Defendants deny any implication that either Bart Enterprises breached the Agreement or that Counter-Plaintiffs are entitled to recover additional compensation based on section 6(c) of the Agreement and deny the remaining allegations contained within paragraph 47 of the Counterclaim.

48. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 48 of the Counterclaim.

49. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 49 of the Counterclaim as they are nothing more than legal conclusions.

50. Plaintiffs/Counter-Defendants admit Counter-Plaintiffs purport to have quoted paragraph 12(a)(ii) of Exhibit A and state that the document speaks for itself. Plaintiffs/Counter-

9

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

Defendants deny the remaining allegations contained within paragraph no. 50 of the Counterclaim.

51. Plaintiffs/Counter-Defendants admit Counter-Plaintiffs purport to have quoted paragraph 17 of Exhibit A and state that the document speaks for itself. Plaintiffs/Counter-Defendants deny any implication that Counter-Plaintiffs were prevented from inspecting the accounting books based on paragraph 17 and deny the remaining allegations contained within paragraph 51 of the Counterclaim.

52. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 52 of the Counterclaim.

53. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 53 of the Counterclaim.

54. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 54 of the Counterclaim.

## COUNT II
## BREACH OF CONTRACT
## WALTER INTERNATIONAL, WATERVISION, WALTERVISION, RADIO PRODUCTIONS, AND WALTER ENTERPRISES

55. Plaintiffs/Counter-Defendants adopt, re-allege and restate the answers to the allegations contained within paragraphs nos. 1-45.

56. Plaintiffs/Counter-Defendants admit the allegations contained within paragraph no. 56 of the Counterclaim.

57. Plaintiffs/Counter-Defendants admit the allegations contained within paragraph no. 57 of the Counterclaim.

58. Plaintiffs/Counter-Defendants admit that Counter-Plaintiffs purport to have quoted section 6(c) of Exhibit A and state that the document speaks for itself. Plaintiffs/Counter-

10

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

Defendants deny the remaining allegations contained within paragraph no. 58 of the Counterclaim.

59. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 59 of the Counterclaim as they are nothing more than legal conclusions.

60. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 60 of the Counterclaim.

61. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 61 of the Counterclaim.

62. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 62 of the Counterclaim.

## COUNT III
## DECLARATORY JUDGMENT
## BART ENTERPRISES

63. Plaintiffs/Counter-Defendants adopt, re-allege and restate the answers to the allegations contained within paragraphs nos. 1-45.

64. Plaintiffs/Counter-Defendants admit that a justiciable controversy exists between the parties, but deny that Defendants/Counter-Plaintiffs interpretation of the agreement at issue is legally or factually correct. Plaintiffs/Counter-Defendants deny the remaining allegations contained within paragraph no. 64 of the Counterclaim.

65. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 65 of the Counterclaim.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

## COUNT IV
## BREACH OF THE FIDUCIARY DUTY
## BART ENTERPRISES

66. Plaintiffs/Counter-Defendants adopt, re-allege and restate the answers to the allegations contained within paragraphs nos. 1-45.

67. Plaintiffs/Counter-Defendants state that the agreement between the parties attached to the Complaint speaks for itself. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 67 of the Counterclaim to the extent that they are inconsistent therewith.

68. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 68 of the Counterclaim as they are nothing more than legal conclusions.

69. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 69 of the Counterclaim.

70. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 70 of the Counterclaim.

71. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 71 of the Counterclaim.

## COUNT V
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
## BART ENTERPRISES

72. Plaintiffs/Counter-Defendants adopt, re-allege and restate the answers to the allegations contained within paragraphs nos. 1-45.

73. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 73 of the Counterclaim.

Greenberg Traurig, P.A.  |  Attorneys at Law  |  1221 Brickell Avenue  |  Miami, FL 33131  |  Tel 305.579.0500  |  Fax 305.579.0717  |  www.gtlaw.com

74. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 74 of the Counterclaim.

75. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 75 of the Counterclaim.

## COUNT VI
## INJUNCTIVE RELIEF
### WALTER INTERNATIONAL, WATERVISION, WALTERVISION, RADIO PRODUCTIONS, BART ENTERPRISES and WALTER ENTERPRISES

76. Plaintiffs/Counter-Defendants adopt, re-allege and restate the answers to the allegations contained within paragraphs nos. 1-45.

77. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 77 of the Counterclaim.

78. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 78 of the Counterclaim.

79. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 79 of the Counterclaim.

80. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 80 of the Counterclaim.

81. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 81 of the Counterclaim.

82. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 82 of the Counterclaim.

83. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 83 of the Counterclaim.

Greenberg Traurig, P.A.  |  Attorneys at Law  |  1221 Brickell Avenue  |  Miami, FL 33131  |  Tel 305.579.0500  |  Fax 305.579.0717  |  www.gtlaw.com

## COUNT VII
## VIOLATION OF COPYRIGHT AND TRADEMARK LAWS
### WALTER INTERNATIONAL, WATERVISION, WALTERVISION, RADIO PRODUCTIONS, BART ENTERPRISES, and WALTER ENTERPRISES

84. Plaintiffs/Counter-Defendants adopt, re-allege and restate the answers to the allegations contained within paragraphs nos. 1-45.

85. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 85 of the Counterclaim.

86. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 86 of the Counterclaim.

87. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 87 of the Counterclaim.

88. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 88 of the Counterclaim.

89. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 89 of the Counterclaim.

## COUNT VIII
## UNJUST ENRICHMENT
### WALTER INTERNATIONAL, WATERVISION, WALTERVISION, RADIO PRODUCTIONS, BART ENTERPRISES, and WALTER ENTERPRISES

90. Plaintiffs/Counter-Defendants adopt, re-allege and restate the answers to the allegations contained within paragraphs nos. 1-45.

91. Plaintiffs/Counter-Defendants state that the agreement between the parties attached to the Complaint speaks for itself. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 91 of the Counterclaim to the extent that they are inconsistent therewith.

Greenberg Traurig, P.A.  |  Attorneys at Law  |  1221 Brickell Avenue  |  Miami, FL 33131  |  Tel 305.579.0500  |  Fax 305.579.0717  |  www.gtlaw.com

92.     Plaintiffs/Counter-Defendants state that the agreement between the parties attached to the Complaint speaks for itself. Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 92 of the Counterclaim to the extent that they are inconsistent therewith.

93.     Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 93 of the Counterclaim.

94.     Plaintiffs/Counter-Defendants affirmatively state that they accepted the benefits and burdens of the agreement between the parties and acted, at all times, in accordance with its terms. Plaintiffs/Counter-Defendants deny the remaining allegations contained within paragraph no. 94 of the Counterclaim.

95.     Plaintiffs/Counter-Defendants deny the allegations contained within paragraph no. 95 of the Counterclaim.

WHEREFORE, Plaintiffs/Counter-Defendants and Counter-Defendants, Walter International Productions, Inc., Watervision, Inc., WalterVision Productions, Inc., Walter Mercado Radio Productions, Inc., Bart Enterprises International, Ltd. and Walter Mercado Enterprises Corp., respectfully request that this Court deny the relief sought by Defendants, Walter Mercado Salinas ("Mercado") and Astromundo, Inc., in their Counterclaim.

## AFFIRMATIVE DEFENSES

Plaintiffs/Counter-Defendants assert the following affirmative defenses without assuming the burden of proof where such burden is otherwise on Defendants/Counter-Plaintiffs. Plaintiffs/Counter-Defendants reserve the right to amend their affirmative defenses, including without limitation, any defenses based upon information to be learned through discovery.

Greenberg Traurig, P.A.  |  Attorneys at Law  |  1221 Brickell Avenue  |  Miami, FL 33131  |  Tel 305.579.0500  |  Fax 305.579.0717  |  www.gtlaw.com

1. Defendants/Counter-Plaintiffs have waived their rights, if any, to assert any and all of their claims against Plaintiffs/Counter-Defendants by signing the contract, performing under the contract for almost 12 years and by accepting substantial financial compensation from Plaintiffs/Counter-Defendants, without raising any of the claims asserted in the counterclaim.

2. Defendants'/Counter-Plaintiffs' claims are barred by the doctrine of unclean hands.

3. Defendants/Counter-Plaintiffs are barred and estopped from pursuing their claims against Bart Enterprises by signing the contract, through their course of conduct for a period of almost 12 years and because they repudiated the contract by failing to meet the requirements fully stated therein.

4. Defendants/Counter-Plaintiffs are barred and estopped from alleging that the contract is invalid under the doctrine enouncing that no person can go against his/her own acts.

5. Defendants/Counter-Plaintiffs are barred and estopped from arguing that the contract was validly terminated because they failed to comply with conditions precedent.

6. Defendants/Counter-Plaintiffs failed to mitigate their damages by, among other things, having waited almost 12 years to assert the claims included in the counterclaim.

7. Defendants/Counter-Plaintiffs assumed the risk by signing the contract after receiving legal advice from counsel and by continuing to perform under the contract for a period of almost 12 years.

8. The claims asserted by the Defendants/Counter-Plaintiffs are totally or partially precluded by prescription, caducity and/or the statute of limitations.

9. Defendants/Counter-Plaintiffs are barred by the doctrine of laches, for having waited close to 12 years before asserting the claims included in the counterclaim.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

10. Defendants/Counter-Plaintiffs are barred by the doctrine of exceptio non adimpleti contractus. By failing to comply with the obligations under the contract, Defendants/Counter-Plaintiffs are precluded from bringing forth a claim for breach of contract.

11. Defendants/Counter-Plaintiffs failed to comply with a condition precedent to asserting a claim for violation of moral rights. Specifically, Defendants/Counter-Plaintiffs failed to register the works for which they purportedly have rights under Puerto Rico law.

12. Defendants/Counter-Plaintiffs are barred and estopped from asserting any rights under trademark law insofar as Plaintiffs/Counter-Defendants have title over the trademarks/tradenames which are the subject of this litigation. In the alternative, Defendants/Counter-Plaintiffs granted a license to use the trademarks/tradenames expressly or by acquiescence, conduct, and/or equitable estoppel.

13. Defendants/Counter-Plaintiffs are not entitled to assert any rights under the Copyright Act insofar as Plaintiffs/Counter-Defendants have title over the works that are the subject of this litigation and/or the works were made-for-hire. In the alternative, Defendants/Counter-Plaintiffs granted an express or implied license to use the works subject to copyright protection.

14. Defendants/Counter-Plaintiffs have failed to state a cause of action upon which relief can be granted for breach of contract against Plaintiffs/Counter-Defendants Walter International, Watervision, Waltervision, Radio Productions, and Walter Enterprises.

15. Defendants/Counter-Plaintiffs are barred and estopped from pursuing a claim for breach of fiduciary duty against Bart Enterprises because the relationship between the parties was at arms length and because all relevant information was fully disclosed to Defendants/Counter-Plaintiffs and Bart Enterprises did not participate in self-dealing or obtain

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

any benefits that Defendants/Counter-Plaintiffs were entitled to. Payments to Defendants/Counter-Plaintiffs were made in accordance with the express terms of the contract.

16.     Bart Enterprises has always acted in good faith and is not guilty of wrongdoing. Bart Enterprises conducted itself at all times in accordance with the contract and the applicable standards and norms of this business. Bart Enterprises used good faith efforts to comply with the contract, which included paying Defendants/Counter-Plaintiffs according to the contract terms and providing Defendants/Counter-Plaintiffs with all information and other materials that Bart Enterprises deemed reasonable and appropriate.

17.     Defendants/Counter-Plaintiffs are barred and estopped from pursuing a claim for injunctive relief because irreparable harm does not exist where the potential loss is compensable by money damages.

18.     Defendants/Counter-Plaintiffs are barred and estopped from pursuing a claim for declaratory judgment.

19.     Defendants/Counter-Plaintiffs have waived their rights, if any, to assert their claim of violation of copyright and trademark laws against Plaintiffs/Counter-Defendants. Defendants/Counter-Plaintiffs voluntarily relinquished their alleged rights, which include but are not limited to, the use and promotion of Mercado's image, name, likeness and voice, by fully executing the contract with Bart Enterprises.

20.     Defendants/Counter-Plaintiffs are barred and estopped from pursuing a claim for unjust enrichment because Defendants/Counter-Plaintiffs had an express contract stating the terms and conditions upon which Defendants/Counter-Plaintiffs were to receive payments.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

21. Defendants/Counter-Plaintiffs are barred and estopped from pursuing a claim for unjust enrichment because Defendants/Counter-Plaintiffs derived a substantial benefit from all the money paid from 1995 until Defendants/Counter-Plaintiffs breached the contract.

22. Defendants/Counter-Plaintiffs are barred and estopped from pursuing any tort claims because the economic loss rule applies and/or because there is an express contract stating the terms and conditions of the parties' relationship.

23. Damages Defendants/Counter-Plaintiffs averred to have suffered are excessive and are tantamount to punitive damages which are not available under applicable law.

24. Defendants/Counter-Plaintiffs are barred from receiving compensatory damages because they have not restored Plaintiffs/Counter-Defendants to their original position. Because Defendants/Counter-Plaintiffs now claim that they have suffered irreparable and considerable damages over the past 12 years and that the agreement is void *ab initio*, they need to restore Plaintiffs/Counter-Defendants to the *status quo ante* and to refund all the money that was paid by Plaintiffs/Counter-Defendants.

25. Defendants/Counter-Plaintiffs have failed to mitigate any damages.

26. Defendants/Counter-Plaintiffs have failed to meet any and all of their obligations.

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
*Attorneys for Plaintiffs/Counter-Defendants*
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By: ___/s/ Marlene K. Silverman___
    MARLENE K. SILVERMAN
    Florida Bar No. 226947
    E-mail: silvermanm@gtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 27th, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              /s/ Marlene K. Silverman

*MIA 179674848v3 7/27/2007*

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com