## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20136-CIV-SEITZ/O'SULLIVAN

WALTER INTERNATIONAL PRODUCTIONS,
INC., *et al.*,

      Plaintiffs,

v.

WALTER MERCADO SALINAS, *et al.*,

      Defendants.

_____

### ORDER DENYING IN PART AND GRANTING IN PART
### MOTIONS FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendants'/Counter-Plaintiffs' Motion for

Summary Judgment [DE-135] and Plaintiffs' Motion for Summary Judgment as to the

Counterclaim of Defendants [DE-137]. This matter arises out of a dispute between Defendant

Walter Mercado-Salinas ("Mercado"), a psychic and astrologer, and a corporation, Bart

Enterprises International Ltd. ("Bart"), and its assignees[1] that were to act as Mercado's agents

and marketers of Mercado's products.[2] Defendants' motion seeks summary judgment on all

counts of the Complaint, on Counts III and IV of the Counterclaim, and partial summary

judgment on Counts I and II of the Counterclaim. Plaintiffs' motion seeks summary judgment on

Counts I, II, III, VI, and VII of the Counterclaim. Because there is a genuine issue of material

---

[1]Some of the assignees are the Plaintiffs in this case and include Watervision, Inc., Walter
International Productions, Inc., Waltervision Productions, Inc., Walter Mercado Radio
Productions, Inc., and Walter Mercado Enterprises, Inc.

[2]Shortly after this case was filed, Defendants filed a case in the United Stated District
Court for the District of Puerto Rico against Plaintiffs. The claims in that case are the same as
some of the counterclaims raised by Defendants in this case. Accordingly, after the Puerto Rico
case was transferred to the United States District Court for the Southern District of Florida, the
cases were consolidated into this earlier filed action.

fact regarding the termination or breach of the main agreement between the parties and the effect of this agreement underlies all claims, the motions must be denied, except as to part of Count I and part of Count III of the Counterclaim.

Plaintiffs' Complaint is an eight count Complaint that seeks the following relief: Count I seeks relief for breach of contract by Bart against Mercado; Count II seeks relief for Tortious Interference with Contract by Watervision, Inc. ("Watervision") against Mercado; Count III seeks relief for Tortious Interference with Contract by Walter International Productions, Inc. ("Walter") against Mercado; Count IV seeks relief for breach of contract by Walter against Mercado; Count V seeks relief for breach of contract by Watervision against Mercado; Count VI seeks relief for breach of contract by Waltervision Productions, Inc. ("Waltervision") against Mercado; Count VII seeks relief for breach of contract by Walter Mercado Radio Productions, Inc. ("Radio Productions") against Mercado; and Count VIII seeks relief for breach of contract by Walter against Mercado.[3]

Defendants' Counterclaim contains eight counts for the following relief: Count I seeks relief against Plaintiff Bart for breach of contract; Count II seeks relief against Walter, Watervision,  Waltervision, Radio Productions, and Walter Mercado Enterprises Corp. ("WME") for breach of contract; Count III seeks declaratory judgment against Bart; Count IV seeks relief against Bart for breach of fiduciary duty; Count V seeks relief against Bart for breach of the covenant of good faith and fair dealing; Count VI[4] seeks injunctive relief against Walter,

---

[3]Although Plaintiffs sue both Mercado and Astromundo, Inc., not a single count of the Complaint alleges a cause of action against Astromundo, Inc.

[4]Apparently due to a scrivenor's error, the Counterclaim contains two counts labeled as "Count V."  The Court will refer to the second Count V as Count VI and will refer to all

Watervision, Waltervision, Radio Productions, Bart, and WME; Count VII seeks relief against

Walter, Watervision, Waltervision, Radio Productions, Bart, and WME for violation of the

copyright and trademark laws; and Count VIII seeks relief against Walter, Watervision,

Waltervision, Radio Productions, Bart, and WME for unjust enrichment.

## I.    FACTUAL BACKGROUND[5]

Mercado is a psychic and astrologer who entered into a contract with Bart (the

"Agreement") in August 1995.  (Complaint, Exhibit A.)[6]  Essentially, under the terms of the

Agreement, Bart would produce and distribute materials produced by Mercado.  More

specifically, under the terms of the Agreement, Mercado "irrevocably assign[ed] to Bart

throughout the Territory during the Term, all right, title and interest, including all copyrights in

and to all Preexisting Materials." (Agreement, ¶ 1(a).)  Mercado "grant[ed] to Bart the exclusive

right and license during the Term and throughout the Territory to develop, produce, distribute

and copyright in its own name new materials . . . relating to Mercado's psychic and astrological

services." (Agreement, ¶ 1(b).)  Mercado also "irrevocably assign[ed] to Bart throughout the

Territory during the Term, all right, title and interest in and to the Mark, together with that part of

the goodwill of Mercado's business connected with and symbolized by said Mark."  (Agreement,

¶ 2(b).)  The Agreement defines the "Mark" as "Walter Mercado," which the parties state has

---

subsequent counts as appropriate.

[5]The record in this case is voluminous.  Finding the relevant record evidence in this case, other than the written agreement between the parties, has been like looking for a needle in a haystack because the parties have done a poor job citing to the record.  Many of their citations are incorrect and some items cited do not seem to exist or to have been submitted to the Court.

[6]From hereon, record references to Exhibit A of the Complaint, which is the Agreement, shall be referenced as "Agreement."

3

attained the status of a common law trademark and service mark.  (Agreement, ¶ 2(a).)  The Agreement defines the "Territory" as "the universe" (Agreement, ¶ 4) and the "Term" as "in perpetuity . . . subject to the provisions of paragraph 12 herein" (Agreement, ¶ 5).

In addition to the above grants and assignments, under the Agreement, Mercado agreed "to provide additional psychic and astrological services to Bart . . . during the Additional Services Period." (Agreement, ¶ 6(b)(i).)  The "Additional Services Period" is defined as "a period of ten (10) years from the date hereof." (Agreement, ¶ 6(b)(ii).)  Under the Agreement, the Additional Services Period would automatically extend for additional two year periods at the option of Bart.  (Agreement, ¶ 6(b)(ii).)

The Agreement also contains a section dealing with termination.  (Agreement, ¶ 12.) Under the Agreement, both sides have the right to terminate.[7]  Mercado has the right to terminate in the event of a material breach by Bart that remains uncured for ten days following written notice.  (Agreement, ¶ 12(a)(ii).)  Mercado also has the right to declare the contract null and void if Bart fails to make payments due under the Agreement within sixty days of the due date of the payments and if Mercado gives written notice at least fifteen days prior to termination and Bart fails to cure the non-payment.  (Agreement, ¶ 12(a)(iii).)

The Agreement also sets out the parties' remedies in the event of breach:

> Subject to the terms of this agreement, all grants granted or assigned by this agreement shall be irrevocable under all or any circumstances, and shall not be subject to rescission, termination or injunction.  In the case of breach of this agreement by Bart, Mercado's sole remedy shall be limited to an action at law for damages.

---

[7]Neither side alleges that Bart ever attempted to, or did, terminate the Agreement pursuant to the termination clauses of the Agreement.  Therefore, the Court will not discuss the clauses of the Agreement that allow Bart to terminate.

(Agreement, ¶ 13.) Under the Agreement, Mercado has the right to examine the books and records of Bart upon twenty days written notice. (Agreement, ¶ 17.) The Agreement states that it shall be governed and construed in accordance with the laws of Puerto Rico. (Agreement, ¶ 20(d).)

Under the terms of the Agreement, Bart had the right to assign the Agreement "provided Guillermo Bakula shall thereafter remain and act in a consultant or advisory capacity of Executive Producer." (Agreement, ¶ 20(e).) Bart exercised its right to assignment and over the years assigned portions of its rights under the Agreement to multiple parties, including Walter, Watervision, Waltervision, Radio Productions, and WME. (Complaint, Exhibits B-F.)

The parties operated under the Agreement and assignments for years. However, in 2006, problems arose. Mercado alleges that Bart fell behind in payments due under the Agreement and, as a result, Mercado chose to terminate the Agreement in November 2006. Bart and the other Plaintiffs allege that Bart was not in arrears under the Agreement and that Mercado breached the Agreement in November 2006 by failing to appear for scheduled appearances and failing to provide materials as required under the Agreement. The parties dispute whether Bart fell into arrears before or after Mercado stopped performing. Because this dispute creates a genuine issue of material fact, summary judgment is not appropriate on most counts of the Complaint and Counterclaim.

## II.    DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (*quoting Anderson*, 477 U.S. at 251-52)).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

**B.     The Contract is Valid**

Both the Complaint and the Counterclaim contain breach of contract counts. However, Defendants assert that the entire Agreement is void *ab initio* based on its perpetuity term. Therefore, the validity of the Agreement must be determined before the parties' various claims for breach of contract. Defendants assert that the Agreement is void because Puerto Rico law

6

does not allow for the "hiring for life." *See* P.R. Laws Ann. tit. 31, § 4111 (2005).[8]  Plaintiffs assert that the Agreement is valid because this section of the Puerto Rico statutes, by its explicit language, applies only to servants and laborers, which Mercado is not; the Agreement is not a contract for services; and the perpetuity clause in the Agreement does not apply to Mercado's personal service obligations under the Agreement.  For this last reason alone, the Court finds that the Agreement is valid.

The Laws of Puerto Rico state that "[t]he stipulations of a contract should be interpreted in relation to one another, giving to those that are doubtful the meaning which may appear from the consideration of all of them together." P.R. Laws Ann. tit. 31, § 3475.  Reading the Agreement as a whole, it is clear that different terms of duration apply to different obligations under the Agreement.  The Agreement refers to the "Term," which is defined as "in perpetuity," but it also refers to the "Additional Services Period," which is defined as "a period of ten (10) years from the date hereof."  Under the explicit terms of the Agreement, Mercado's personal services obligations are owed for the duration of the Additional Services Period, not for the duration of the Term of the Agreement.  Consequently, the perpetuity Term of the Agreement does not apply to Mercado's services and thus does not render the Agreement void under the

---

[8]This section, in its entirety, states:

> The services of servants and laborers may be contracted for a fixed period of time, or without a fixed period. A hiring for life shall be void. Professional services, as regards the remuneration therefor, shall be subject to the agreement of the parties; and where there is no agreement as to remuneration, and a disagreement should arise respecting the same, the party entitled to such remuneration may sue and recover from the adverse party the reasonable value of such services in any court of competent jurisdiction.

P.R. Laws Ann. tit. 31, § 4111 (2005).

Laws of Puerto Rico.

C.    **Summary Judgment is Granted in Part and Denied in Part on the Breach of Contract Claims – Count I of the Complaint and Counts I and II of the Counterclaim**

Defendants assert that they are entitled to summary judgment on Plaintiff Bart's breach of contract claim against Mercado (Count I of the Complaint), on Defendants' breach of contract counterclaim against Bart (Count I of the Counterclaim), and the breach of contract counterclaim against Walter, Watervsion, Waltervision, Radio Productions, and WME (Count II of the Counterclaim). Defendants assert that Plaintiffs breached the Agreement, by failing to make timely payments under the Agreement, prior to any alleged breach by Defendants and thus Plaintiffs are barred from bringing a breach of contract claim and Defendants are entitled to summary judgment on the breach of contract claims in the Complaint and the Counterclaim. Plaintiffs assert that they never fell behind in making payments and instead Mercado failed to perform his obligations under the Agreement and thus, they are entitled to summary judgment as to Count I and II of the Counterclaim because Plaintiffs never breached the Agreement.

Neither side disputes that Mercado stopped performing under the Agreement. The issue is whether Mercado stopped performing before or after Plaintiffs stopped making payments. Both sides have submitted testimony to support their respective positions. Defendants have submitted depositions from several of their employees and Plaintiffs have submitted sworn declarations. Both sides have also submitted some form of spreadsheet to support their contentions about when Plaintiffs stopped making payments. The time frames submitted by the two sides, not surprisingly, do not match up. This is a credibility determination that is not appropriate for summary judgment. Consequently, there is a genuine issue of material fact as to

8

whether Plaintiffs fell behind in making payments to Mercado prior to or after Mercado stopped performing as required by the Agreement.

Defendants also assert that Plaintiffs breached the Agreement by failing to indemnify Mercado for certain expenses incurred. However, Defendants have not provided any evidentiary support for their assertion that Plaintiffs actually owed such indemnification to Mercado. Further, Plaintiffs assert that there was no such obligation for these particular expenses. Consequently, there is a genuine issue of material fact as to whether Plaintiffs had an obligation to indemnify Mercado for these particular expenses.

Finally, Defendants assert that Plaintiff Bart breached the Agreement by failing to allow Mercado to inspect Bart's books, as permitted under the Agreement. However, Defendants have provided no evidence of any type to support their contention that Plaintiffs refused to allow Mercado to inspect Bart's books. Plaintiffs, on the other hand, have provided the Declarations of both Bakula and Carvajal which state that Mercado never requested to inspect the books and records of Bart. Consequently, there is no genuine issue of material fact as to this issue. Plaintiffs did not breach the Agreement by failing to allow Defendants to inspect the books and records of Bart. Thus, Plaintiffs are entitled to summary judgment on this limited issue of Count I of the Counterclaim.

In conclusion, summary judgment is not appropriate as to Count I of the Complaint and Counts I and II of the Counterclaim because genuine issues of material fact exist as to when Plaintiffs stopped making or fell behind in making payments under the Agreement and whether Plaintiffs were obligated to indemnify Mercado for certain expenses.

**D.      Summary Judgment is Not Appropriate as to the Breach of Contract Claims by Assignees - Counts IV - VIII of the Complaint**

Defendants move for summary judgment on the breach of contract claims against

Mercado by Walter (Count IV of the Complaint), Watervision (Count V of the Complaint),

Waltervision (Count VI of the Complaint), Radio Productions (Count VII of the Complaint), and

WME (Count VIII of the Complaint). All of these claims arise from Bart's assignments of rights

from the Agreement to each of these Plaintiffs. Defendants assert that Mercado cannot be liable

on the assignments because they are contracts to which he is not a party. Plaintiffs argue that

Puerto Rico law allows assignments and the Agreement explicitly stated that Bart could transfer

its rights in the Agreement.

Puerto Rico law states that "[a]ll the rights acquired by virtue of an obligation are

transmissible, subject to law, should there be no stipulation to the contrary." P.R. Laws Ann., tit.

31, § 3029. Thus, Puerto Rico law recognizes the ability of parties to assign their rights in

contracts to others. Further, the Agreement explicitly gives Bart the right to make assignments.

Nothing in the Agreement or Puerto Rico law requires that Bart consult with Mercado or obtain

Mercado's consent before assigning certain rights under the Agreement. Thus, the assignments

themselves are valid.

In their reply to Plaintiffs' response to Defendants' Motion for Summary Judgment,

Defendants raise an additional argument. Defendants assert that Plaintiffs breached the

Agreement because, under the terms of the Agreement, Bart could only assign rights under the

Agreement if "Guillermo Bakula shall thereafter remain and act in a consultant or advisory

capacity of executive Producer." Defendants assert that at times Bakula did not fulfill these

10

responsibilities and thus breached the Agreement and thereby nullified the assignments.
However, because a reply brief is "strictly limited to rebuttal of matters raised in the
memorandum in opposition," Local Rule 7.1, the Court will not address this new argument, to
which Plaintiffs had no opportunity to respond, on summary judgment.

Because the Court has found that the assignments were valid, a genuine issue of material
fact exists, as set out above, as to whether the Agreement, as assigned, was breached first by
Plaintiffs, which would nullify the Agreement, or by Mercado.  Accordingly, summary judgment
cannot be granted as to Counts IV-VIII of the Complaint.

> E.      **Summary Judgment is Not Appropriate on the Tortious Interference with Contract Claims - Counts II and III of the Complaint**

Defendants move for summary judgment on Counts II and III of the Complaint which
allege that Mercado has tortiously interfered with Plaintiffs' contracts with two television
stations, by entering into contracts with these two entities directly.  Defendants argue that
Plaintiffs Watervision and Walter cannot prove all of the elements of a claim of tortious
interference under Florida law or, in the alternative, under Puerto Rico law.[9]  Regardless of the
law that governs these claims, summary judgment cannot be granted because a genuine issue of
material fact exists as to who first breached the Agreement and when.  Those issues must be

---

[9]Neither party has briefed the issue of which law should apply to these two claims.
Defendants simply cite to Florida law and state that Puerto Rico law would be the same.
Plaintiffs do not address the issue at all.  While the Agreement states that it is governed by the
laws of Puerto Rico, these claims do not arise directly under the Agreement.  The Court finds that
it need not address the issue at this time.  However, the parties will need to address this issue
before trial in their Pre-trial Stipulation, which is due December 8, 2008.

determined before all of the elements of a tortious interference claim can be established.[10]  As set out above, genuine issues of material fact exist as to these two issues.

Defendants also assert that they are entitled to summary judgment on these issues because Plaintiffs Watervision's and Walter's damages are too speculative.  Defendants argue that the damages to Watervision are speculative because Bakula testified that the business from the relationship between Televisa and Watervision fluctuates from month to month.  In regards to the damages to Walter, Defendant argues that the damages are speculative because Walter did not receive money from Univision, it received a reduced advertising rate.  Unlike the speculative damages disallowed by the court in *Florida Sunrise, Ltd. v. Tri-M Investments of South Florida, Inc.*, 942 So. 2d 421, 423 (Fla. Dist. Ct. App. 2006), upon which Defendants base their argument, the damages to Watervision and Walter are not based on a prospective business venture.  Watervision and Walter had ongoing relationships with Televisa and Univision, respectively.  Thus, their damages would not be speculative like those in *Florida Sunrise*.  Consequently, summary judgment is not appropriate.

### F.    Summary Judgment is Granted in Part and Denied in Part as to the Counterclaim's Declaratory Judgment Count – Count III of the Counterclaim

Both sides seek summary judgment on Count III of the Counterclaim, which seeks a declaratory judgment that the Agreement is void, that the Agreement was properly terminated,

---

[10]Assuming that either Florida law or Puerto Rico law would apply, the breach of the Agreement is relevant to a tortious interference claim because Florida law requires that the interference be intentional and unjustified, *Netwrokip, LLC v. Spread Enterprises, Inc.*. 922 So. 2d 355, 358 (Fla. Dist. Ct. App. 2006), and Puerto Rico law requires that third party be at fault, *Stirling Merchandising, Inc. v. Nestle, S.A.*, 546 F. Supp. 2d 1, 2 (D.P.R. 2008). Proof of these elements will require proof regarding if, when, and how the Agreement was breached.

that fees and commissions are owed to Mercado, and that Mercado has a right to inspect all of the accounting books and supporting documents. As set out in section B, above, the Agreement is valid. Further, Plaintiffs do not dispute that the Agreement gives Mercado the right to inspect its books. As for the issues of proper termination and the fees and commissions owed, there is a genuine issue of material fact. Bart asserts that it was current on all payments due under the Agreement while Mercado asserts that he terminated the Agreement because Bart was in arrears on the payments due Mercado under the Agreement. Mercado could not properly terminate the Agreement if Bart was not in arrears. Thus, summary judgment is not appropriate for the remainder of this count of the Counterclaim because a genuine issue of material fact exists as to whether Bart was in arrears on its payments to Mercado, which were owed under the Agreement.

### G.    Summary Judgment is Not Appropriate on the Counterclaim for Injunctive Relief – Count VI of the Counterclaim

Both sides move for summary judgment on Count VI of the Counterclaim, which seeks to enjoin Plaintiffs from acting on behalf of Mercado and from collecting any monies for his services. Plaintiffs assert that Mercado is not entitled to seek injunctive relief because he waived that right in paragraph 13 of the Agreement. This paragraph states:

> Subject to the terms of this agreement, all grants granted or assigned by this agreement shall be irrevocable under all or any circumstances, and shall not be subject to rescission, termination or injunction. In the case of breach of this agreement by Bart, Mercado's sole remedy shall be limited to an action at law for damages.

Based on this language, Plaintiffs assert that Mercado has no right to injunctive relief. Further, Plaintiffs argue that Mercado also waived his right to injunctive relief when he withdrew his

13

motion for a preliminary injunction in a separately filed action.[11] Mercado asserts that the Agreement does not govern because it has been terminated and, therefore, injunctive relief is proper. While Mercado's assertion that injunctive relief is not barred if the Agreement has been terminated is true, as set out elsewhere in this Order, whether there was a proper termination of the Agreement is a genuine issue of material fact. Thus, summary judgment is not appropriate on this count of the Counterclaim.

**H.    Summary Judgment is Not Appropriate as to the Claim of Violation of the Copyright and Trademark Laws - Count VII of the Counterclaim**

Plaintiffs move for summary judgment on Count VII of the Counterclaim which alleges violations of copyright and trademark laws by Plaintiffs. Plaintiffs assert that, under the Agreement, Mercado irrevocably assigned to Bart all of his rights, title, and interest to existing materials, including all copyrights; granted an exclusive right and license to Bart to any new materials; and irrevocably assigned to Bart his trademark and name. Mercado's grant to Bart of new materials included the right of Bart to obtain copyrights on the new materials in Bart's name. Agreement, ¶ 1(b). Plaintiffs argue that these transfers were valid under the Copyright and Trademark laws and thus Bart still retains rights to the materials, copyrights, and trademarks. Defendants do not contest the validity of the original assignments of right or granting of right to the materials and trademarks. Instead, Defendants assert that Mercado validly terminated the Agreement and upon termination, under the terms of the Agreement, all such rights reverted back to Mercado and thus Plaintiffs have no rights or interests in the copyrights and trademark upon

---

[11]As noted in footnote 2, the case in which Mercado sought a preliminary injunction was originally filed in the United States District Court for the District of Puerto Rico. It has now been transferred to this District, the United States District Court for the Southern District of Florida, and consolidated with the instant case.

which they are suing. In response, Plaintiffs argue that the assignments and transfers of right were irrevocable under any circumstances.

Applying Puerto Rico law to the plain language of the Agreement, the assignments were not irrevocable under any circumstances. As previously noted, the Laws of Puerto Rico state that "[t]he stipulations of a contract should be interpreted in relation to one another, giving to those that are doubtful the meaning which may appear from the consideration of all of them together." P.R. Laws Ann. tit. 31, § 3475. As discussed below, reading the Agreement as a whole and reading each paragraph in relation to the rest requires reaching the conclusion that under certain circumstances the assignments, grants, and transfers were revocable.

Under the Agreement, preexisting materials were "irrevocably assign[ed] to Bart throughout the Territory *during the Term*." Agreement, ¶ 1(a) (emphasis added). That same language is used for assignment of the trademark and the assignment of the right and license to the new materials was for "during the Term." Agreement, ¶¶ 1(b) and 2(b). The Agreement defines the "Term" as "in perpetuity . . . subject to the provisions of paragraph 12 hereinafter." Agreement, ¶ 5. Paragraph 12 of the Agreement gives both Bart and Mercado the right to terminate the Agreement under certain circumstances and using certain procedures. Plaintiffs assert that the right to termination under paragraph 12 would not terminate the assignments and transfers because paragraph 13 states that "[*s]ubject to the terms of this agreement*, all grants granted or assigned by this agreement shall be irrevocable under all or any circumstances, and shall not be subject to rescission, termination or injunction." (emphasis added). Despite Plaintiffs' assertions otherwise, this clause, through the phrase "subject to the terms of this agreement," does make the grants and assignments revocable under certain circumstances,

15

namely, a party's exercise of his rights under paragraph 12. Thus, based on the plain language of the Agreement, the Term of the Agreement ends if Bart or Mercado exercise their rights to terminate the Agreement under paragraph 12. Upon termination by either Bart or Mercado, the assignment of materials, transfer of rights in the materials, and the assignment of the trademark would revert back to Mercado because the Term would end. According to Defendants, that is exactly what has happened.

However, even if this is what occurred, not quite everything reverts back to Mercado. The copyrights Bart obtained in the new materials prior to termination of the Agreement, and obtained pursuant to paragraph 1(b) of the Agreement, do not revert back to Mercado upon termination of the Agreement. Under the language of paragraph 1(b), upon termination of the Agreement, Bart would no longer have the "right and license . . . to develop, produce, distribute and copyright" materials produced by Mercado after termination of the Agreement. Nothing in the language of paragraph 1(b) indicates that the copyrights obtained by Bart would revert back to Mercado. It is not clear from the language of paragraph 1(b) whether Bart would continue to have the right to use and distribute materials for which it obtained a copyright prior to termination of the Agreement. The language of this section also creates an ambiguity as to whether Bart retained the right to distribute "new materials" that it obtained the right to during the Term of the Agreement. Thus, these ambiguities in the Agreement will have to be resolved during trial. Consequently, it is clear that all rights in preexisting materials and in the trademark would revert to Mercado upon termination of the Agreement. However, any copyrights obtained by Bart pursuant to paragraph 1(b) would not revert to Mercado upon termination.

Defendants argue that Mercado terminated the Agreement pursuant to the procedure set

16

out in paragraph 12 of the Agreement. Under the Agreement, paragraph 12(a)(ii) gives Mercado "the right to terminate this Agreement immediately (A) in the event of a material breach by Bart which remains uncured for a period of ten (10) days following written notice thereof." Paragraph 12(a)(iii) states that "if Bart fails to make any of the above mentioned payments . . . within sixty (60) days from the due date, then Mercado shall have the option to declare this contract null and void . . . provided Mercado gives Bart written notice at least fifteen (15) days prior to such date of termination and Bart fails to cure the non-payment within such time period or otherwise can justify its failure to make any such payments." However, as set out elsewhere in this Order, a genuine issue of material fact exists as to whether Bart failed to make the payments required under the Agreement. That issue must be resolved before a determination can be made as to whether the termination was effective and properly made under the Agreement. Consequently, summary judgment is not appropriate on Count VII of the Counterclaim.

Accordingly, it is hereby

ORDERED that

(1) Plaintiffs' Motion for Summary Judgment as to the Counterclaim of Defendants [DE-137] is GRANTED in part and DENIED in part:

> (a)  Plaintiff's Motion is GRANTED in part as to Count I of the Counterclaim. Plaintiffs did not breach the Agreement by denying Mercado the right to inspect Bart's accounting books.
>
> (b) Plaintiffs' Motion is GRANTED in part as to Count III of the Counterclaim. The Agreement is valid and not void.
>
> (c) Plaintiffs' Motion is DENIED in all other respects.

17

(2) Defendants'/Counter-Plaintiffs' Motion for Summary Judgment [DE-135] is
GRANTED in part and DENIED in part:

    (a) Defendants' Motion is GRANTED in part as to Count III of the Counterclaim.

    Pursuant to the terms of the Agreement Mercado has the right to inspect the books

    of Bart.

    (b) Defendants' Motion is DENIED in all other respects.

DONE and ORDERED in Miami, Florida, this 24ᵗʰ day of November, 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record

18