UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20136-CIV-SEITZ/O'SULLIVAN

WALTER INTERNATIONAL PRODUCTIONS,
INC., *et al.*,
         Plaintiffs,

v.

WALTER MERCADO SALINAS, *et al.*,

         Defendants.

_____

## ORDER GRANTING IN PART DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT, GRANTING STATUS CONFERENCE AND DENYING REMAINING POST-TRIAL MOTIONS

THIS MATTER is before the Court upon five post-trial motions arising out of a

contentious attempted divorce of a lengthy business relationship. The motions before the Court

are Plaintiffs'[1] Motion and Memorandum to Amend or Clarify Form of Final Judgment [DE-

395]; Plaintiffs' Motion for Judgment as a Matter of Law Regarding Damages Pursuant to

Federal Rule of Civil Procedure 50(b) or Alternatively, for an Order Amending or Altering the

Judgment Pursuant to Federal Rule of Civil Procedure 59(e) and Motion for New Trial

Regarding Damages Pursuant to Federal Rule of Civil Procedure 49(b)(3)(C) and 59(a) [DE-

_____

[1]This case was consolidated with case no. 08-22070 for purposes of trial. The parties in
the two cases are the same except they are essentially reversed in case no. 08-22070. When the
Court refers to "Plaintiffs" it is referring to the plaintiffs in this case, case no. 07-20136, plus a
Defendant in case no. 08-22070, Guillermo Bakula, the principal shareholder in each of the six
corporate Plaintiffs. Thus, "Plaintiffs" refers to Walter International Productions, Inc.,
Waltervision, Inc., Waltervision Productions, Inc., Walter Mercado Radio Productions, Inc., Bart
Enterprises International, Ltd., and Walter Mercado Enterprises Corp., and Guillermo Bakula.
When the Court refers to "Defendants" it is referring to Walter Mercado Salinas and
Astromundo, Inc.

396]; Defendants' Renewed Motion for Judgment as a Matter of Law [DE-398]; Defendants' Motion to Alter or Amend Judgment [DE-399]; and Plaintiffs' Motion Requesting Status Conference [DE-426]. For the reasons set out below, the Court grants in part Defendants' Motion to Alter or Amend Judgment [DE-399] and grants in part the Motion Requesting Status Conference, and denies the other motions.

Factual and Procedural History

Defendant Walter Mercado Salinas (Mercado) is a well-known Hispanic-media psychic and astrologer who entered into a contract with Plaintiff Bart Enterprises (the "Agreement") in August 1995. Essentially, under the terms of the Agreement, Bart Enterprises ("Bart") would act as Mercado's agent and produce, market, and distribute Mercado's materials. The Agreement also gave Bart certain copyrights and assigned Mercado's common-law trademark in his name and likeness to Bart. Moreover, the Agreement gave Bart the right to assign the Agreement. Bart exercised its assignment right and over the years assigned portions of its rights under the Agreement to multiple parties, including five Plaintiffs – Walter International Productions, Inc., Waltervision, Inc., Waltervision Productions, Inc., Walter Mercado Radio Productions, Inc., and Walter Mercado Enterprises Corp. Guillermo Bakula is the owner and principal of Plaintiff corporations. Bart is no longer in existence.

The parties operated under the Agreement and assignments for years. However, in 2006, problems arose. Mercado alleges that Bart fell behind in payments due under the Agreement and, as a result, Mercado formally attempted to terminate the Agreement by letter dated November 22, 2006 for failure to pay fees owed under the Agreement. Bart and the other Plaintiffs allege that Bart was not in arrears under the Agreement and that, instead, Mercado breached the Agreement

2

in November 2006 by failing to appear for scheduled appearances, failing to provide materials as required under the Agreement, and attempting to terminate the Agreement improperly.

In January 2007, Plaintiffs, excluding Guillermo Bakula, filed the instant lawsuit against Defendants alleging claims for breach of contract and tortious interference with contracts between Plaintiffs and Univision and Televisa.[2] Defendants filed a counterclaim alleging claims for breach of contract, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, injunctive relief, violation of copyright and trademark laws, unjust enrichment, and seeking a declaratory judgment as to the validity of the Agreement. The parties filed cross-motions for summary judgment. In the order addressing the cross-motions for summary judgment [DE-217] the Court held that the Agreement was valid,[3] that any copyrights obtained by Bart prior to termination of the Agreement remained with Bart after termination, and that the question of whether the Agreement was properly terminated had to be decided before the issue of who owned the trademark could be.

In February 2007, Defendants in this case sued Plaintiffs in this case in the United States District Court of Puerto Rico. In the Puerto Rico complaint, Defendants sought, among other things, injunctive relief and a declaration that the Agreement was invalid, or terminated as of

---

[2]Specifically, count I of the complaint alleged breach of the Agreement between Bart and Mercado; count II alleged tortious interference with Watervision's contract with Televisa; count III alleged tortious interference with International Production's contract with Univision; and counts IV-VIII alleged, respectively, breaches of the agreement Bart assigned to International Productions, Watervision, Waltervision, Radio Productions, and Walter Enterprises. *See* DE-1.

[3]Defendants had sought a declaratory judgment holding the Agreement invalid because the term for portions of the Agreement was "in perpetuity." Applying Puerto Rico law, the Court held the "in perpetuity" provision did not apply to the personal services provisions of the Agreement. Therefore, the Agreement was valid.

3

November 2006; and alleged violations of copyright laws and trademark laws. In October 2008, the Puerto Rico case was transferred to this Court and on November 18, 2008 the two cases were consolidated for all purposes.

At the December 19 and 22, 2009 pretrial conferences, the parties agreed that Plaintiffs' claims that would be tried were: Bart's breach of contract claim; Watervision's and Walter International Productions' claims for tortious interference with the Televisa and Univision contracts, respectively; Walter International Productions', Watervision's, Waltervision's, Radio Productions', and Walter Enterprises' claims for breach of the rights assigned. *See* DE-313. The Defendants' claims that would be tried were: Defendants' breach of contract claims; Defendants' claim for declaratory judgment regarding whether the Agreement had been properly terminated and whether Plaintiffs owed Mercado fees and commissions; and Defendants' claim of breach of fiduciary duty against Bart Enterprises. *See* DE-313. Defendants dismissed the claims for breach of the covenant of good faith and fair dealing and unjust enrichment and the Court dismissed the copyright claims because no registered copyrights existed. The trademark claim remained. *See* DE-313. A final pretrial conference was held on January 7, 2009. *See* DE-352 and 353.

This case was tried to a jury in two phases between January 8, 2009 and January 28, 2009.[4] In the first phase of the trial, the jury heard the cross-claims for breach of the Agreement, including a claim by Mercado that Plaintiffs had failed to indemnify him for, what became

---

[4]The Court bifurcated the trial to avoid the needless presentation of evidence. Because both sides had breach of contract claims both would have had to present evidence on their damages if the trial had not been bifurcated. Further, determination of who breached the Agreement would determine which of the other claims needed to be tried. For example, if the jury found that Plaintiffs breached the Agreement, Plaintiffs would not have claims for tortious interference with the Televisa and Univision contracts.

4

known as, the Hematite incident as required by the Agreement. At the end of the first phase of the trial, on January 24, 2009, the jury returned a special verdict that found that Defendant Walter Mercado had breached the Agreement by improperly terminating the Agreement, hiring another exclusive agent, and failing to perform after November 9, 2006. *See* DE-379. The jury also found that Plaintiffs had not failed to indemnify Mercado for the Hematite incident or to pay compensation owing and thus Plaintiffs had not breached the Agreement. *Id.* The jury further found that Bart Enterprises owed Mercado a fiduciary duty but had not breached that duty. *Id.*

The second phase of the trial focused on Plaintiffs' damages resulting from Defendants' breach of the Agreement and the claims for tortious interference with contract. After the second phase of the trial, on January 28, 2009, the jury returned a special verdict in which the jury found that none of Plaintiffs suffered financial damages due to Mercado's breach of the Agreement. *See* DE-386. The jury had been instructed that they could award nominal damages, *see* DE-384 at 8-9, but chose not to. In the second phase of the trial, the jury also found that while Defendants had interfered with two of Plaintiffs' existing contracts with third-parties, Televisa and Univision, the interference was not done with the intent to injure or destroy existing business relationships. *See* DE-386. Therefore, the jury awarded no damages to Plaintiffs. After completion of the second phase of the trial, the Court entered the following judgment based on the verdicts:

> Judgment is entered in favor of Plaintiffs, Walter International Productions, Inc., Watervision, Inc., Waltervision Productions, Inc., Walter Mercado Radio Productions, Inc., Bart Enterprises International, Ltd., Walter Mercado Enterprises Corp., and in favor of Counter-Defendant, Guillermo Bakula, and against Defendants/Counter-Plaintiffs, Walter Mercado-Salinas and Astromundo, Inc., on all claims, in the amount of $0.00. Defendants/Counter-Plaintiffs, Walter Mercado-Salinas and Astromundo, Inc., shall take nothing by this action.

5

DE-393.  Thereafter, the parties filed the above referenced motions.  Because the Court is

granting in-part the Defendants' Motion to Alter or Amend Judgment and denying the remaining

substantive motions, it will address that motion first.

**1.  Defendants'/Counter-Plaintiffs' Motion to Alter or Amend Judgment**

Defendants move to alter or amend the judgment based on Rule 59(e) to reflect judgment

in their favor as to the breach of the Agreement claims and the tortious interference claims.

Defendants assert that the judgment entered was in manifest error of law.  After the jury returned

its verdicts, the Court entered judgment in favor of Plaintiffs "on all claims."  Based on the

jury's findings, the Court agrees that entry of judgment in favor of Plaintiffs "on all claims" was

an error of law and it will grant the motion in-part, as to the tortious interference claims.

The special verdict form submitted to the jury after phase two of the trial required the jury

to make findings as to each of the elements of Plaintiffs' claim for tortious interference with a

business relationship.  The elements of a claim for tortious interference are: (1) the existence of a

business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an

intentional and unjustified interference with the relationship by the defendant; and (4) damages to

the plaintiff as a result of the breach of the relationship.  *Networkip, LLC v. Spread Enterprises,

Inc.*, 922 So. 2d 355, 357-58 (Fla. 3d DCA 2006).  Furthermore, "[a] cause of action for tortious

interference requires a showing of both an intent to damage the business relationship and a lack

of justification to take the action which caused the damage."  *Id.*  The jury specifically found that

Defendants interfered with Plaintiffs' contracts but did not do so with "the intent to injure or

destroy" the Plaintiffs' business relationships.  *See* DE-386, pp. 6-8.  Thus, the jury did not find

one of the elements necessary for Plaintiffs to succeed on their intentional interference claims.

Consequently, the Court made an error of law in entering judgment in favor of Plaintiffs on these claims.

Defendants also argue that the phase two special verdict forms demonstrate that Plaintiffs failed to establish a necessary element of their breach of contract claims – causation or damages. The jury, after being instructed on proximate cause of damages, indicated on the special verdict form that Plaintiffs were not damaged by Defendant Mercado's breaches of the Agreement, specifically the jury found that Defendants had not proximately caused any damages to Plaintiffs. Thus, Defendants assert that the Court made a manifest error of law in entering judgment in favor of Plaintiffs on the breach of contract claims.

The Agreement, which was the basis of the breach of contract claims, stated that it was governed by Puerto Rico law. Under Puerto Rico law, a breach of contract claim has two elements: (1) a valid contract and (2) a breach by one of the parties. *Torres v. Bella Vista Hospital, Inc.*, 523 F. Supp. 2d 123, 152 (D.P.R. 2007) (citing *Unisys P.R., Inc. v. Ramallo Brothers Printing, Inc.*, 128 D.P.R. 842 (P.R. 1991)). Although Puerto Rico law governed the breach of contract claim, Florida law governs the nature of the damages recoverable.[5] In the first phase of the bifurcated trial, the jury had to determine whether, under Puerto Rico law, Mercado had breached the Agreement. The jury found that Mercado had breached the Agreement. Thus, the first phase of the trial established liability.[6] The second phase of the trial dealt with, among

---

[5]Damages are governed by the law of the forum. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496-97 (1941); *Zim v. Western Publishing Co.*, 573 F.2d 1318, 1326 n.15 (11th Cir. 1978) (under Florida law, questions of remedies for breach of contract are governed by the law of the forum).

[6]Puerto Rico law does not view breach of contract claims the same way as Florida law. Under Florida law, liability for breach of contract requires proof of: (1) a valid contract; (2) a

other things, damages for breach of the Agreement. The Court instructed the jury, without

objection, that it had to determine whether Defendant Mercado's breach "proximately caused

each corporate Plaintiff to incur damages." *See* DE-384, p. 8. The Court went on to instruct that

if the jury found that Mercado had proximately caused Plaintiffs' damages, it should award

damages and if the damages were not substantial the jury could award damages of a nominal

sum, such as one dollar. *See id.* at pp. 8-9. Based on these instructions, the jury found that none

of the corporate Plaintiffs were damaged by Mercado's breach and thus did not reach the issue of

the amount of damages. Thus, the jury found that Mercado was liable for breach but that

Plaintiffs had not shown that the breach proximately caused any damages to them. Accordingly,

the Court entered a judgment that recognized Mercado's liability and Plaintiffs' lack of damages.

Mercado argues that the judgment should be altered to reflect judgment in his favor on

the breach of contract claims. Mercado argues that proximate cause is a necessary element for a

finding of breach of contract and because the jury did not find proximate cause, Plaintiffs have

not proven all of the elements of their breach of contract claims and thus judgment was

erroneously entered in favor of Plaintiffs. However, as set out above, Defendants have not

demonstrated that  proximate cause is a necessary element to establish liability under Puerto Rico

law, which governed the contract claims. Mercado, in his motion, relies on Florida law to

---

material breach; and (3) damages. *Merin Hunter Codman, Inc. v. Wackenhut Corrections Corp.*,
941 So. 2d 396, 398 (Fla. 4th DCA 2006). Thus, under Florida law, unlike Puerto Rico law,
causation of damages is a necessary element in order to establish liability for breach of contract.
Puerto Rico law, in contrast, separates liability from remedy. Thus, under Puerto Rico law, proof
of causation of damages is not required to establish liability for breach of contract. However,
under Puerto Rico law, in order to recover damages, as opposed to other remedies such as
rescission, a party must prove breach as well as the damages caused by the breach. *Perez v.
Sampedro*, 86 P.R.R. 498, 502-03 (P.R. 1962).

establish that proximate cause is a necessary element of Plaintiffs' claims. However, reliance on

Florida law is misplaced, as Puerto Rico law governed those claims. Accordingly, the entry of

judgment in favor of Plaintiffs on the breach of contract claims was not an error of law.

## 2. Defendants' Renewed Motion for Judgment as a Matter of Law

In addition to filing their Motion to Alter or Amend Judgment, Defendants have also

filed, pursuant to Federal Rule of Civil Procedure 50(b), a Renewed Motion for Judgment as a

Matter of Law on the breach of contract claims, including the issue of termination of the 1995

Agreement and the issue of indemnification for the Hematite incident[7] and the breach of

fiduciary duty claim. In a Rule 50(b) motion, the Court must draw all inferences in favor of the

non-moving party and should only grant the motion if there was "no legally sufficient evidentiary

basis for a reasonable jury to find" the way it did. Fed. R. Civ. P. 50(a). The Eleventh Circuit

has a well-established standard governing motions for judgment as a matter of law:

> If the facts and inferences point so strongly and overwhelmingly in favor of one party that
> the Court believes that reasonable men could not arrive at a contrary verdict, granting of
> the motions is proper. On the other hand, if there is substantial evidence opposed to the
> motions, that is, evidence of such quality and weight that reasonable and fair-minded men
> in the exercise of impartial judgment might reach different conclusions, the motions
> should be denied, and the case submitted to the jury.... [I]t is the function of the jury as
> the traditional finder of the facts, and not the Court, to weigh conflicting evidence and
> inferences, and determine the credibility of witnesses.

*Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001)

(citation omitted).

Defendants argue that the jury incorrectly found that Mercado improperly terminated the

1995 Agreement, that Mercado hired another agent while the Agreement was still in effect, and

---

[7]Paragraph 10 of the 1995 Agreement contained an indemnification provision.

that Mercado failed to perform after November 22, 2006.  At the heart of all of these issues is whether Mercado properly terminated the Agreement because if he did his later actions, hiring another agent and failing to perform, would not be a breach of the contract.  While Mercado presented evidence that he attempted to terminate the Agreement, there was also evidence that Mercado, in attempting to terminate the Agreement, did not follow the Agreement's termination provisions, contained in paragraph 12 and 14 of the Agreement.[8]  Thus, reasonable jurors could differ over whether Mercado's attempted termination was effective.  Further, while Mercado presented evidence that Plaintiffs owed him money, justifying termination of the Agreement, Plaintiffs presented evidence showing that money was not owed to Mercado at the time of the attempted termination.  Mercado has not shown that the overwhelming weight of the evidence required a finding in favor of Mercado.  Based on the evidence presented at trial, reasonable jurors could differ over whether Plaintiffs had breached the Agreement prior to Mercado's attempted termination.  Consequently, if the 1995 Agreement was not properly terminated, Mercado breached the Agreement by hiring another agent and failing to perform.

Defendants also argue that the jury incorrectly found that Plaintiffs had not breached the 1995 Agreement by failing to indemnify Mercado for the Hematite damages.  In support, Defendants simply state that the uncontroverted evidence established that Mercado was entitled to indemnification under the Agreement and his damages were $200,000, for which he was indemnified in the amount of $150,000.  However, Plaintiffs presented evidence at trial that Mercado did not meet all of the requirements of the indemnification clause in the 1995

---

[8]Paragraph 12 of the Agreement sets out the reasons and process for termination and paragraph 14 sets out the process for giving notice under the Agreement.

10

Agreement and that Mercado and Plaintiffs had negotiated a settlement of the claim, which

Plaintiffs had paid. Mercado has not shown that the overwhelming weight of the evidence

established that Plaintiffs breached the indemnification provision of the 1995 Agreement by

failing to pay Mercado more than they did. Thus, reasonable jurors could differ over whether

Plaintiffs failed to indemnify Mercado.

Lastly, Defendants argue that the jury incorrectly found that Plaintiff Bart Enterprises did

not beach its fiduciary duty to Mercado. Defendants simply state that "there was evidence of

unreported monies, unreported business deals and failure to pay outside the 1995 agreement,"

without any specific details or citation to evidence. However, there was also evidence that

Mercado had been overpaid and never requested any information from Plaintiffs about the

business. Defendants have not shown that the overwhelming weight of the evidence established

that Plaintiff Bart Enterprises breached its fiduciary duty to Mercado. Consequently, Defendants

have not met their burden of establishing that reasonable jurors could not have arrived at the

verdict. Therefore, Defendants' Renewed Motion for Judgment as a Matter of Law must be

denied.

### 3. Plaintiffs' Motion and Memorandum to Amend or Clarify Form of Final Judgment

In this motion, Plaintiffs seek a "more detailed Final Judgment clarifying the rights" of

the parties. Based on the motion, it appears that Plaintiffs are asking the Court to enter an order

that summarizes all of the orders entered in this case and consolidates all of the Court's holdings

in a single order. Plaintiffs have not provided any authority establishing that they are entitled to

entry of such an order. Further, such an order is a waste of judicial resources and is unnecessary.

Plaintiffs do not point to any orders issued by the Court that allegedly are unclear, vague, or

11

otherwise likely to cause confusion. Finally, portions of the proposed judgment Plaintiffs submitted appear to be a declaratory judgment which the Court has not issued.

In this motion, Plaintiffs also seek to amend the Final Judgment to include an award of nominal damages on the breach of contract claims in the amount of $1. However, other than stating that the "law is unequivocal that upon breach of contract, nominal damages are awardable as a matter of law," Plaintiffs provide no legal support for this argument[9] and thus have not established that the judgment should be altered or amended. Accordingly, Plaintiffs' Motion and Memorandum to Amend or Clarify Form of Final Judgment is denied.

**4. Plaintiffs' Motion for Judgment as a Matter of Law Regarding Damages Pursuant to Federal Rule of Civil Procedure 50(b) or Alternatively, for an Order Amending or Altering the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) and Motion for New Trial Regarding Damages Pursuant to Federal Rule of Civil Procedure 49(b)(3)(C) and 59(a)**

In this conglomerate motion, Plaintiffs seek a number of things. First, they again seek to amend the Final Judgment to include nominal damages for the breach of contract claims. Second, they seek a new trial on damages pursuant to Federal Rule of Civil Procedure 49(b)(3)(C) on the grounds that the jury verdict is inconsistent because it found that Defendants breached the contract but awarded no damages. Finally, pursuant to Federal Rule of Civil Procedure 59(a), Plaintiffs seek a new trial based on the Court's alleged trial errors. For the reasons set forth below, the Court denies all aspects of the motion.

A.   <u>Plaintiffs' Motion for Judgment as a Matter of Law Regarding Damages, or Alternatively, For an Order Amending or Altering Judgment Should Be Denied</u>

In their Motion for Judgment as a Matter of Law Regarding Damages, or Alternatively,

---

[9]The Court will further address below, in section 4, the issue of nominal damages and whether Florida law mandates awarding nominal damages upon a finding of breach of contract.

For an Order Amending or Altering Judgment, Plaintiffs renew their contention that they are entitled to nominal damages on their breach of contract claims as a matter of law. In response, Defendants assert that under Florida law[10] Plaintiffs would only be entitled to damages, nominal or actual, if Defendants proximately caused Plaintiffs' damages. Because under Puerto Rico law proximate cause is not an element of a breach of contract claim and is only relevant to establish a monetary remedy, Plaintiffs need not establish proximate cause in order to prove *liability* for the breach of contract and thus recover nominal damages. If Defendants are liable and Florida law requires an award of nominal damages upon a finding of liability, proximate cause would be irrelevant. However, Plaintiffs are not entitled to judgment as a matter of law or an order altering or amending the judgment because they have not shown that clearly established Florida law requires an award of nominal damages.

The only Florida Supreme Court decision to which Plaintiffs cite establishes that a plaintiff "*may recover* nominal damages." *Hutchison v. Tompkins*, 259 So. 2d 129, 132 (Fla. 1972) (emphasis added). In that case, the Florida Supreme Court held that a complaint should not have been dismissed because the only damages pled arose from a liquidated damages clause that was held invalid. *Id.* The Supreme Court held that because the plaintiff "may recover" nominal damages, the complaint should not have been dismissed. *Id.* Plaintiff also cites to *Zim*, 573 F.2d at 1326, for the proposition that nominal damages are mandatory. However, in *Zim* the Eleventh Circuit stated that nominal damages "are recoverable upon a finding of breach of contract even though no proof of further damages is made out" *Id.* The *Zim* court did not state that nominal damages were mandatory under Florida law, as Plaintiffs argue. *Id.* Furthermore,

---

[10]*See* note 2 explaining why Florida law applies.

13

the Eleventh Circuit went on to note that "an appellate court will ordinarily not reverse because of a failure to award nominal damages." *Id.* Thus, the cases Plaintiffs cite do not clearly establish their right to nominal damages as a matter of law.[11] Consequently, Plaintiffs have failed to establish that they are entitled to judgment as a matter of law or that the Court should alter or amend the judgment. Accordingly, Plaintiffs' Motion for Judgment as a Matter of Law Regarding Damages, or Alternatively, For an Order Amending or Altering Judgment is denied.

B.    Plaintiffs' Motion for a New Trial Should Be Denied

Pursuant to Rules 49(b)(3)(C) and 59(a), Plaintiffs seek a new trial as to damages for six reasons: (1) the Court abused its discretion by imposing a time limit on the trial; (2) the Court abused its discretion in striking Plaintiffs' experts; (3) the Court abused its discretion in striking Plaintiffs' "Contingent Witness List;" (4) the overwhelming weight of the evidence proving Plaintiffs' damages; (5) Plaintiffs' entitlement to nominal damages; and (6) the cumulative effect of all of these alleged errors.[12] A motion for a new trial should be granted "when the verdict is

---

[11]Although Plaintiffs do not cite to any, there are some Florida cases that appear to state that nominal damages are mandatory after a finding of breach. *See, e.g., Onontario of Florida, Inc. v. R.P. Trucking Co.*, 399 So. 2d 1117, 1118 (Fla. 4th DCA 1981) (reversing a directed verdict and holding that once a breach of contract was established, notwithsatnding the absence of evidence regarding the correct measure of damages, plaintiff was entitled to nominal damages) (quoting *Muroff v. Dill*, 386 So. 2d 1281, 1283 (Fla. 4th DCA 1980)); *Indian River Colony Club, Inc. v. Schopke Construction & Engineering, Inc.*, 619 So. 2d 6, 8 (Fla. 5th DCA1993) (holding that having proven breach of contract, plaintiff would be entitled to nominal damages, even if it could not prove actual damages). However, because there are also cases that state that nominal damages may be awarded, including those cited by Plaintiffs, the law on this issue is not clearly established in Florida. Accordingly, Plaintiffs have not established a clear error of law.

[12]Plaintiffs' motion lists an additional error: the Court's comment to the jury to "have the wisdom of Solomon." Overlooking the fact that Plaintiffs did not object to the statement at trial, Plaintiffs have not presented any argument or authority in support of their contention that this remark was improper. Therefore, the Court will not address it.

against the clear weight of the evidence or will result in a miscarriage of justice, even though

there may be substantial evidence which would prevent the direction of a verdict." *Lipphardt*,

267 F.3d at 1186 (internal quotations omitted and citation omitted). As discussed below,

Plaintiffs have not shown that the verdict was against the clear weight of the evidence or that

there has been a miscarriage of justice, and thus the motion should be denied in its entirety.

### 1. The Court Did Not Err in Imposing Time Limits

First, Plaintiffs argue that the imposition of time limits for the parties' presentation of

their cases was unreasonable and thus justifies a new trial. Plaintiffs do not appear to specifically

object to the imposition of a time limit per se, but to the specific time limit imposed by the Court.

Time limits on the presentation of evidence are not prohibited and, in fact, are recognized as

necessary. *See* Fed. R. Civ. P. 16(c)(2)(O); *Flaminio v. Honda Motor Co.*, 733 F.2d 463, 473

(7th Cir. 1984) (upholding time limit imposed by district court and stating that "in this era of

crowded district court dockets federal district judges not only may but must exercise strict control

over the length of trials"). However, the time limits imposed should be reasonable. *See* Fed. R.

Civ. P. 16(c)(2)(O); *Flaminio*, 733 F.2d at 473 (noting that any time limit should be reasonable

and should not be too rigidly enforced).

Pursuant to Federal Rule of Civil Procedure 16(c)(2)(O), at one of the many pretrial

conferences held in this case,[13] the Court limited each side to 25 hours for the presentation of

evidence.[14] This number was chosen based on the parties' own representations to the Court. In

---

[13]The Court held four (4) pretrial conferences in this case because the parties appeared to be ill-prepared for trial.

[14]Plaintiffs did not object at the pretrial conference to this time limit, or the idea of a time limit.

15

the parties' Joint Scheduling Report [DE-21] the parties represented to the Court that trial would take seven (7) days. After the cases had been consolidated for trial, in their Joint Pretrial Stipulation [DE-251], filed a month before trial, the parties represented to the Court that the trial would take eight to ten (8-10) days. Thus, the choice of 25 hours per side (excluding breaks) for evidence was reasonable based on the parties' own representations and, at 5.5 trial hours per day, gave the parties the amount of time that they had represented would be necessary to try the entire case, including both phases.

The Court notified the parties of the time limit at one of the pretrial conferences, allowing the parties to plan accordingly. Further, the Court allowed the parties to use the time allotted as they chose. Ultimately, the trial took thirteen days, more than 30% longer than the parties had represented would be necessary, and the Court granted the parties additional time. Thus, despite the time limits imposed, the Court did not strictly or inflexibly adhere to them; instead, it extended the time allotted after Plaintiffs ran out of time prior to phase two of the trial. Plaintiffs' argument that they were forced to substantially truncate their case is without merit because Plaintiffs have failed to proffer any evidence or witnesses that they were unable to present to the jury because of the time limit. *See Flaminio*, 733 F.2d at 473 (upholding trial court's imposition of time limits while noting that plaintiffs failed to indicate what evidence they would have put on if they had had more time). In their reply, Plaintiffs focus solely on the time available to them in phase two of the trial. However, as already stated, the parties did not object to the 25 hours per side for evidence for both phases, which time they could allocate however they wished. Moreover, the Court actually granted the parties additional time for phase two and Plaintiffs have proffered no witnesses or other evidence which they were precluded from

16

presenting because of the time limit. Thus, the time limit imposed was reasonable and Plaintiffs have failed to establish that a miscarriage of justice would occur if the Court fails to grant a new trial.

### 2. *The Court Did Not Err in Striking Plaintiffs' Expert Witnesses*

Plaintiffs argue they are entitled to a new trial because the Court improperly struck Plaintiffs' Expert Witnesses. The experts at issue were Carlos G. Dalmau Ramirez, an expert in transactions involving intellectual property under Puerto Rico law; Leonard M. Cusano, an expert in forensic accounting and valuation; Hernand V. Gonzalez, Jr., an expert in the U.S. marketing industry; Jonathan French, an expert in the international telecom, television and SMS industry; Pablo Camarena, an expert in Mexican marketing and artist representation; and Margarita Govcia Cardenas, a responsive expert. *See* DE-221 at 1-2. Notwithstanding the lack of relevancy of all these expert witnesses, except Cusano, the Court struck Plaintiffs' experts after Defendants filed a Motion to Strike, because Plaintiffs failed to timely disclose their expert reports[15] and the reports that were disclosed did not comply with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. *See* DE-253. Plaintiffs argue that this constitutes error by the Court and requires granting a new trial. However, a district court has the authority "to exclude an expert's testimony where a party has failed to comply with Rule 26(a) unless a failure is substantially justified or is harmless." *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1366 (11th Cir. 2008) (citation omitted and emphasis omitted).

---

[15]The experts' reports were faxed to opposing counsel after the close of business on the date they were due and thus were not received by opposing counsel until the next business day. At the December 5, 2008 status conference where the Defendants' Motion to Strike was heard, the Court held that the reports were untimely under these circumstances.

Plaintiffs clearly failed to comply with Rule 26(a) and failed to offer any justification for the failure. Further, given the proximity to the January 9, 2009 trial, approximately six weeks,[16] Plaintiffs' failure to comply with Rule 26(a) was not harmless. Moreover, Plaintiffs' assertion that the failure was harmless because the experts had been previously disclosed and their reports "complied with the spirit" of Rule 26 is without merit. The reports were sorely lacking in the requirements set out by Rule 26(a)(2). The reports of two of the experts were unsigned, did not attach a resume or curriculum vitae, and did not furnish the foundations for any of the opinions set forth. The third report of Plaintiffs' expert accountant did not attach a curriculum vitae or resume and did not set forth the expert's opinion. The near total lack of compliance with the requirements of Rule 26(a)(2) clearly was not harmless. Finally, Plaintiffs argue there was no harm because Defendants actually deposed Plaintiffs' expert accountant, Cusano on December 5, 2009. However, Defendants had to depose the accountant without the benefit of a report containing his opinions or records supporting his testimony, which was not yet final. Clearly, being unable to adequately prepare for a deposition constitutes harm to Defendants. Thus, the striking of Plaintiffs' experts was within the Court's authority and does not warrant a new trial.

*3. The Court Did Not Err in Striking Plaintiffs' "Contingent Witness List"*

Next, Plaintiffs argue that the Court erred when it struck Plaintiffs' "Contingent Witness List" and the lay witnesses on that list. After Plaintiffs had filed their initial witness list and "Contingent Witness List," the Court ordered Plaintiffs to file a single revised witness list. While Plaintiffs did file a revised witness list, they also filed another "Contingent Witness List,"

---

[16]Defense counsel received Plaintiffs' "expert reports" after business hours on November 20, 2009.

which contained previously undisclosed witnesses. Therefore, the Court struck the "Contingent Witness List" as violative of the Court's prior order and the rules of procedure. Plaintiffs could have easily avoided this result by simply filing a single revised witness list, as ordered by the Court, and by complying with the rules of discovery. Consequently, the striking of Plaintiffs' "Contingent Witness List" resulted from Plaintiffs' inability to follow Court orders and the Federal Rules of Civil Procedure, which do not recognize a "Contingent Witness List." Thus, the Court did not abuse its discretion in striking the "Contingent Witness List" and a new trial is not justified.

### 4. The Weight of the Evidence is Not Contrary to the Verdict

Fourth, Plaintiffs assert that they are entitled to a new trial because the jury's failure to award actual damages was contrary to the weight of the evidence. Plaintiffs contend that they presented uncontroverted evidence of the damages incurred. However, there was also evidence that for sometime prior to Defendants' breach of the Agreement, Plaintiffs were making little or no profit. Further, the jury could have chosen not to accept the evidence Plaintiffs presented as much of the damage evidence was prepared by Plaintiffs for trial and Plaintiffs proffered few, if any, original documents in support of their damages claims. Additionally, the jury's verdict found that the Plaintiffs had not established that Defendants proximately caused any damages. Therefore, any damages Plaintiffs allegedly incurred were irrelevant to the jury's consideration because the jury found that Plaintiffs had failed to show that Defendants' actions caused any damages. Consequently, Plaintiffs are not entitled to a new trial because the weight of the evidence is not contrary to the verdict.

19

### 5. The Court's Instruction on Nominal Damages Was Not Erroneous

Next, Plaintiffs argue that they are entitled to a new trial based on the Court's error in failing to instruct the jury that nominal damages were mandatory upon a finding of breach. A court should grant "a new trial if the instructions did not accurately reflect the law in such a way that we are left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." *Cleveland v. Home Shopping network, Inc.*, 369 F.3d 1189, 1196 (11th Cir. 2004) (quotation omitted). Plaintiffs, as set out above in section 4.A., have not established that the instructions did not accurately reflect Florida law. Furthermore, even if the instructions were not accurate such an error regarding nominal damages of $1.00 for each of the corporate Plaintiffs could be corrected simply by amending the final judgment and thus would not warrant a new trial. Finally, an award of nominal damages would be an award of $6.00. A failure to award $6.00 in damages does not constitute a miscarriage of justice when the judgment entered properly reflects the prevailing parties but awards no damages. Consequently, the Court's instructions to the jury on nominal damages were not clearly inaccurate and do not warrant the granting of a new trial.

### 6. The Court's Alleged Errors Did Not Prejudice Plaintiffs

Finally, Plaintiffs argue that the combination of the rulings discussed above amounted to prejudice to Plaintiffs' case on causation and damages. Plaintiffs do not explain how all of these rulings together amount to prejudice. They merely argue that a new trial is warranted when the combination of potentially harmless errors results in an inconsistent or grossly inadequate verdict. However, the verdict in this case was not inconsistent with the evidence nor have Plaintiffs shown that it was inadequate. Plaintiffs also assert that the combination of the striking

of their experts, some unspecified lay witnesses, and the imposition of the time limits greatly prejudiced Plaintiffs' ability to present their case. However, the striking of the experts and lay witnesses were the result of Plaintiffs' own actions and inability to comply with Court orders and the rules of procedure, and the time limits were not arbitrary, unreasonable, or prejudicial. Further, while Plaintiffs assert that many of the Court's rulings were in error, as set out above, Plaintiffs have not met their burden of establishing that the rulings were actually erroneous. Finally, Plaintiffs have not proffered any evidence or testimony that they were prohibited from presenting because of the Court's rulings. Consequently, Plaintiffs' motion for a new trial on these grounds is denied.

Accordingly, it is hereby

ORDERED that

1.   Defendants'/Counter-Plaintiffs' Motion to Alter or Amend Judgment [DE-399] is GRANTED in part and DENIED in part:

   a. The Motion is GRANTED as to the tortious interference claims;

   b. The Motion is DENIED in all other respects.

2. Defendants'/Counter-Plaintiffs' Renewed Motion for Judgment as a Matter of Law [DE-398] is DENIED.

3.   Plaintiffs' Motion and Memorandum to Amend or Clarify Form of Final Judgment [DE-395] is DENIED.

4.   Plaintiffs' Motion for Judgment as a Matter of Law Regarding Damages Pursuant to F.R.C.P. Rule 50(b) or Alternatively, For an Order Amending or Altering the Judgment Pursuant to F.R.C.P. Rule 59(e) and Motion for New Trial [DE-396] is DENIED.

5.   Plaintiff's Motion Requesting Status Conference [DE-426] is GRANTED in part.

a. The Court shall hear argument on the issue of who now has rights in the trademark, given this Order and the amended judgment, at a hearing on **October 28, 2009 at 9:00 a.m.**

i. In preparation for the hearing the parties **shall** confer no later than **October 9, 2009** to articulate the issue and exchange relevant case law.

ii. The parties may file briefs with the Court addressing the trademark issue. The briefs shall be no longer than six (6) pages and shall be filed by **October 13, 2009.** There shall be no response or reply briefs.

iii. While conferring and in their briefs, the parties shall address the following issue: given that Bart Enterprises is no longer in existence, the trademark was never registered, nor was it ever assigned, other than to Bart, and that Mercado breached the contract with Bart, what is the status of the trademark, i.e., the right to use Mercado's name and likeness?

b. The Motion is DENIED in all other respects.

6.   The Court will enter a separate amended final judgment in accordance with this order.

DONE AND ORDERED in Miami, Florida, this 29ᵗʰ day of September, 2009.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record

22