UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-20136-CIV-SEITZ/O'SULLIVAN
Case No. 08-22070-CIV-SEITZ/O'SULLIVAN

WALTER INTERNATIONAL
 PRODUCTIONS, Inc., *et al.*

       Plaintiffs/Counter Defendants

v.

WALTER MERCADO-SALINAS,
*et. al.*

       Defendants/Counter Plaintiffs.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Defendant's Motion for Costs (DE # 443, 11/24/10).   This matter was referred to United States Magistrate Judge John J. O'Sullivan by the Honorable Seitz, United States District Court Judge for the Southern District of Florida pursuant to 28 U.S.C. § 636 (b).   Having reviewed the applicable filings and law, the undersigned respectfully recommends that the aforementioned motion be DENIED as more fully explained below.

## BACKGROUND

The Honorable Judge Seitz conducted a trial in this matter in 2009.   On February 4, 2009, the District Court issued a Final Judgment (DE # 393, 2/4/09) in this matter pursuant to the jury verdicts and Ordered that "[j]udgment be entered in favor of Plaintiffs . . . and against Defendants/Counter-Plaintiffs, Walter Mercado-Salinas and

Astromundo, Inc., on all claims, in the amount of $0.00.  Defendants/Counter-Plaintiffs,

Walter Mercado-Salinas and Astromundo, Inc., shall take nothing by this action."

On February 18, 2009, the defendants filed a Motion to Alter or Amend the

Judgment (DE # 399, 2/18/09).  On August 10, 2009, having found that the

Plaintiff/Counter-Defendant was the prevailing party in this case, the undersigned

issued a Report and Recommendation (DE # 425, 8/10/09) granting in part and denying

in part, the Plaintiff/Counter-Defendant's Motion for Costs  (DE # 404, 3/6/09).  On

September 29, 2009, the District Court issued an Order (DE # 429, 9/29/09) granting in

part and denying in part the defendants Motion to Alter or Amend the Judgment (DE #

399, 2/18/09).  Specifically, the District Court granted  the defendants Motion to Alter or

Amend the Judgment (DE # 399, 2/18/09) as to the tortious interference claims and

denied  the defendants Motion to Alter or Amend the Judgment (DE # 399, 2/18/09) in

all other respects.

On October 9, 2009, ten (10) days after the District Court granted in part and

denied in part the Motion to Alter of Amend the Judgment (DE # 399, 2/18/09), the

District Court issued an Order (DE # 432, 10/9/09) adopting the August 10, 2009,

Report and Recommendation submitted by the undersigned, in which the undersigned

ruled that the plaintiffs were the prevailing parties in this matter.  In the Order entered

by the District Court on October 9, 2009, at DE # 432, adopting the undersigned's

Report and Recommendation, the Honorable Judge Seitz stated in footnote 1 that

> [a]lthough the Court granted in part Defendants' Motion to
> Alter or Amend Judgment by finding that Plaintiffs did not
> prevail on their tortious interference with contract claims,

> Plaintiffs are still the prevailing party having prevailed on their breach of contract claims. *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (holding that a prevailing party is the party that has obtained some relief even if he has not sustained all of his claims).

On October 26, 2009, 27 days after the District Court granted in part and denied in part the Motion to Alter of Amend the Judgment (DE # 399, 2/18/09), the District Court issued an Amended Final Judgment and Ordered that "[j]udgment is entered in favor of Plaintiffs . . . and against Defendants/Counter-Plaintiffs, Walter Mercado-Salinas and Astromundo, Inc., on all breach of contract claims, in the amount of $0.00." The Amended Final Judgment also entered judgment "in favor of Defendants/Counter-Plaintiffs, Walter Mercado-Salinas and Astromundo, Inc., on all tortious interference claims and Plaintiffs . . . shall take nothing on these claims." Instead of judgment being entered in favor of the plaintiffs on all claims as in the February 4, 2009, Final Judgment, the Amended Final Judgment added that judgment be entered in favor of Defendants/Counter-Plaintiffs, Walter Mercado-Salinas and Astromundo, Inc., on all tortious interference claims and that judgment be entered in favor of the plaintiffs on all breach of contract claims. The amount awarded to the plaintiffs in both the original Final Judgment and the Amended Final Judgment was the same, $0.00. At the time of entering the Amended Final Judgment, the District Court did not vacate its Order adopting the Report and Recommendation that found the plaintiffs to be the prevailing parties in this case, nor did the District Court in any way indicate that the Report and Recommendation or the Order adopting the Report and Recommendation were

3

incorrect following the issuance of the Amended Final Judgment.

## ANALYSIS

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."   "A 'prevailing party' for purposes of Rule 54(d), is a party in whose favor judgment is rendered . . . this means the party who won at trial level, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded."   See All West Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co., 153 F.R.D. 667, 668-69 (D. Kan. 1994).

The defendants move for costs in this case and argue that because the Court entered an Amended Final Judgment in favor of the defendants on the tortious interference claims, the defendants are the prevailing party on the tortious interference claims and are entitled to costs on those claims.   According to the defendants, "[u]nder the law governing costs, one party can be determined the prevailing party on one claim, while the opposing party prevails on another claim."   Defendants' Motion for Costs, (DE # 443 at pp. 1-2).   In support of this argument, the defendants cite to James v. Wash Depot Holdings, 242 F.R.D. 645, 648 (S.D. Fla. 2007).   In James, the Court granted summary judgment in favor of the defendant on retaliation and discrimination claims, but did not grant summary judgment in favor of the defendant on the minimum wage and overtime claims.   The minimum wage and overtime claims went to trial, and the jury found in favor of the defendant on the minimum wage claim and in favor of the plaintiff on the overtime claim, and awarded damages to the plaintiff.   The Court held

that both parties were prevailing parties in that case.  The Court found that the

defendant prevailed on the retaliation and discrimination claims as well as the minimum

wage claim, and that the plaintiff prevailed on the overtime claim.  The Court found that

"both parties are presumptively entitled to recover costs under Rule 54(d)(1)."  James,

at 648.

In the James case, there were distinct and separate unrelated causes of action,

each party prevailed on a distinct and unrelated cause of action, and the Court found

that each party was the prevailing party as to certain distinct causes of action.  In this

case, before the District Court amended the Final Judgment to rule in favor of the

defendants on the tortious interference claims, the District Court adopted the Report

and Recommendation by the undersigned that ruled that the plaintiffs were the

prevailing parties in this case.  In the Order entered by the District Court on October 9,

2009, at DE # 432, adopting the undersigned's Report and Recommendation, the

Honorable Judge Seitz stated in footnote 1 that

> [a]lthough the Court granted in part Defendants' Motion to
> Alter or Amend Judgment by finding that Plaintiffs did not
> prevail on their tortious interference with contract claims,
> Plaintiffs are still the prevailing party having prevailed on
> their breach of contract claims.  *See Head v. Medford*, 62
> F.3d 351, 354 (11th Cir. 1995) (holding that a prevailing
> party is the party that has obtained some relief even if he
> has not sustained all of his claims).

The undersigned finds that this case differs from the James case.  There was not

more than one prevailing party in this case.  "A prevailing party must be one who has

succeeded on any significant claim affording it some of the relief sought".  Texas State

Teachers Association v. Garland Independent School District, 489 U.S. 782, 791

(1989).  Furthermore,

> [t]o be a prevailing party [a] party need not prevail on all
> issues to justify a full award of costs, however. Usually the
> litigant in whose favor judgment is rendered is the prevailing
> party for purposes of rule 54(d) . . . . A party who has
> obtained some relief usually will be regarded as the
> prevailing party even though he has not sustained all his
> claims.

Lipscher v. LRP Publications, Inc., 266 F.3d 1305, 1321 (11th Cir. 2001) (citing Head v.

Medford, 62 F.3d 351, 354 (11th Cir.1995)).  In this case, the plaintiff brought both the

breach of contract claims and the tortious interference claims against the defendants,

and the plaintiffs prevailed on the breach of contract claims which were significant

claims in this case.  The undersigned finds that there is only one prevailing party in this

case, the plaintiffs, and that the defendants are not entitled to costs in this matter.

In accordance with the above and foregoing, it is hereby

**RECOMMENDED** that the Defendant's Motion for Costs (DE # 443, 11/24/10) be

DENIED in accordance with the foregoing Report and Recommendation.

The parties have 14 days from the date of receipt of this Report and

Recommendation within which to serve and file written objections, if any, with the

Honorable **Judge Seitz**, United States District Court Judge.   Failure to file objections

timely shall bar the parties from attacking on appeal the factual findings contained

herein.  See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S.

958, 109 S.Ct. 397 (1988); See Also, RTC v. Hallmark Builders, Inc., 996 F. 2d 1144,

1149 (11th Cir. 1993).

      RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida

this 11th day of May, 2010.

                                     _____

                                     JOHN J. O'SULLIVAN
                                     UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Seitz
Counsel of record

7