UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20136-CIV-SEITZ/O'SULLIVAN

WALTER INTERNATIONAL PRODUCTIONS,
INC., *et al.*,
    Plaintiffs,

v.

WALTER MERCADO SALINAS, *et al.*,

    Defendants.

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Magistrate Judge's Report and Recommendation [DE-485], recommending that the Court deny Defendant's Motion for Costs [DE-443], made pursuant to Federal Rule of Civil Procedure 54(d)(1). The Magistrate found that Defendants were not the "prevailing parties" and thus, were not entitled to costs. Defendants have filed Objections [DE-489] to the Magistrate's Report and Recommendation. Because Plaintiffs prevailed on some of their claims and Defendants prevailed only in defending against some of Plaintiffs claims, Defendant is not a prevailing party under Rule 54(d)(1). Therefore, Defendants' Motion for Costs should be denied.

**Background and Procedural History**

This case arises from the deterioration and break-up of a lengthy business relationship. At the time of trial the following claims remained: Plaintiffs' six counts of breach of contract and two counts of tortious interference with contract against Defendants and Defendants' two counts of breach of contract, one count for declaratory judgment, one for breach of fiduciary duty, one for breach of the covenant of good faith and fair dealing, one for injunctive relief, and one for

trademark infringement against Plaintiffs. In January 2009, this case was tried to a jury. After the jury returned its verdict, the Court entered a Final Judgment in favor of Plaintiffs and against Defendants on all counts. Multiple post-judgment motions were filed, including Defendants' Motion to Alter or Amend the Judgment, which led to the Court entering an Amended Final Judgment [DE-440]. The Amended Final Judgment entered judgment in favor of Plaintiffs and against Defendants on all breach of contract claims and entered judgment in favor of Defendants and against Plaintiffs on all tortious interference claims. Thus, based on the Amended Final Judgment, Plaintiffs prevailed on their breach of contract claims and Defendants successfully defended against the tortious interference claims. Defendants did not prevail on any of their counterclaims.

After entry of the Final Judgment but before entry of the Amended Final Judgment, Plaintiffs moved for their costs, as the prevailing parties, pursuant to Rule 54(d)(1). In the Order awarding Plaintiffs their costs, which was entered after the Court had granted in part the Motion to Alter or Amend the Judgment, the Court noted that:

> Although the Court granted in part Defendants' Motion to Alter or Amend Judgment by finding that Plaintiffs did not prevail on their tortious interference with contract claims, Plaintiffs are still the prevailing party having prevailed on their breach of contract claims. See Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995) (holding that a prevailing party is the party that has obtained some relief even if he has not sustained all of his claims).

See DE-432, n.1. Thereafter, the Court entered the Amended Final Judgment and Defendants filed their Motion for Costs, based on the argument that they were now a prevailing party, having successfully defended against the tortious interference claims.

2

**Discussion**

The Magistrate's Report recommended denying Defendants' Motion because Defendants were not the prevailing party. Defendants object to this and argue that one party can be the prevailing party as to one claim and the other party can be the prevailing party as to another claim; thus, while Plaintiffs prevailed on the breach of contract claims, Defendants prevailed on the tortious interference claims. The Eleventh Circuit has stated that to be a prevailing party

> [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d).... A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.... Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

*Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (quoting *United States v. Mitchell*, 580 F.2d 789, 793-94 (5th Cir. 1978)) (citation omitted); *accord Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001). Relying on this standard, the Magistrate found that Plaintiffs, having prevailed on their breach of contract claims, were the prevailing parties. The Court agrees.

Defendants urge the Court to follow the holding in *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 647 (S.D. Fla. 2007), which, after the plaintiff succeeded on one claim and the defendant successfully defended against three claims, found that both the plaintiff and the defendant were prevailing parties and awarded costs to both. However, the *James* court did not provide any authority for finding that both parties should be considered prevailing parties under Rule 54(d)(1). Furthermore, the Magistrate found the *James* case distinguishable. Defendants also object to the Magistrate's reliance on *Texas State Teachers Association v. Garland*

3

*Independent School District*, 489 U.S. 782, 291 (1989), because in that case the Supreme Court was dealing with attorneys fees under 42 U.S.C. § 1988, not Rule 54 (d). While the Magistrate did cite to *Texas State Teachers* for the proposition that a "prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought," *see id.* at 791, the Magistrate also relied on Eleventh Circuit case law that dealt with the definition of a prevailing party under Rule 54. Consequently, these objections are without merit.

Lastly, Defendants argue that *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001), also relied on by the Magistrate, does not require a ruling for Plaintiffs on costs. Defendants assert that *Lipscher* is distinguishable from this case because the *Lipscher* plaintiff received nominal damages of $1 on the one claim, of four, on which it prevailed. This distinction is meaningless because the *Lischer* trial court relied on the finding of liability, in addition to the nominal damages award, to hold that the plaintiff was the prevailing party, despite only prevailing on one claim.

Based on the Eleventh Circuit's definition of prevailing party, Plaintiffs are the prevailing party in this matter. Only Plaintiffs obtained judgment on any of the claims advanced by them. Although Plaintiffs did not prevail on all of their claims, they did prevail on six of their eight claims. On the other hand, while Defendants did successfully defend against two claims of tortious interference, Defendants did not prevail on a single one of their claims advanced against Plaintiffs. Thus, Plaintiffs are the ones who obtained relief on, at least some of, their claims. Consequently, Plaintiffs are the prevailing party in this matter and Defendants are not entitled to recover their costs.

Thus, having carefully reviewed, *de novo*, Magistrate Judge O'Sullivan's thorough

Report and Recommendation, Defendants' Objections, and the record, it is hereby

ORDERED that

1. The above-mentioned Report and Recommendation of Magistrate Judge [DE-485] is AFFIRMED and ADOPTED, and incorporated by reference into this Court's Order;

2. Defendants' Objections [DE-489] are OVERRULED; and

3. Defendants' Motion for Costs [DE-443] is DENIED.

DONE and ORDERED in Miami, Florida, this 16 day of July, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record